UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL MCCLAIN,<br>ANNE PRAMAGGIORE,<br>JOHN HOOKER, and<br>JAY DOHERTY | No. 20 CR 812<br><br>Judge Harry D. Leinenweber |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed oral motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this Protective Order and may be used by defendants and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendants and defendants' counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed or otherwise enlisted to assist directly in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain such copies without prior permission of the Court.

3. Nothing in this Order shall prevent defendants and defendants' counsel from disclosing, sharing or otherwise discussing the materials with the other defendants and defendants' counsel in this case.

4. Defendants, defendants= counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. Defendants, defendants= counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

5. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

6. Within 60 calendar days after the conclusion of all stages of this case, including all appellate proceedings, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so

maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

7. To the extent any material is produced by the United States to defendants or defendants: counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing identifying the reason for the request. Once the United States has so requested the return of material, defendants and defendants' counsel will not show the material to anyone, including any potential witness, and this period of non-disclosure will continue until the matter is resolved by the parties or the Court. Within five days of the receipt of such a request from the United States, defendants and/or defendants' counsel shall either (a) notify the United States in writing that they object to this request or (b) return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

8. The restrictions set forth in this Order do not apply to documents that are public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise in the public domain, and to documents that the defendants had in their respective possession, custody or control before the indictment.

9. Intentional violation of this Order is punishable as a contempt, and may result in the imposition of civil and criminal sanctions. However, nothing contained in

this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

10. Upon receiving this Order, defense counsel shall forthwith inform their client of the contents of the Order, provide them with a copy of the Order, and ensure themselves that their client fully understands the seriousness of any breaches of this Order.

ENTER:

_____
HARRY D. LEINENWEBER
District Court Judge
United States District Court
Northern District of Illinois

Date: 12/2/2020