UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MICHAEL McCLAIN,
ANNE PRAMAGGIORE,
JOHN HOOKER, and
JAY DOHERTY

No. 20 CR 812

Judge Harry D. Leinenweber

## **GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE**

The UNITED STATES OF AMERICA, through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully moves *in limine* with respect to the following evidentiary matters.[1]

## I. Motion to Preclude Questions and Comments that Invite the Jury to Speculate Regarding Contents of Unplayed or Unrecorded Conversations and Portions of Such Conversations

As part of this investigation, the government conducted Title III interceptions of the phones of defendant McClain and Fidel Marquez, a co-conspirator of the charged defendants who pleaded guilty to conspiracy to commit bribery in a separate case. *See United States v. Fidel Marquez*, 20 CR 602 (Rowland, J.). The government also made several consensual recordings through Marquez after he began cooperating. The government will play only a fraction of the many intercepted phone calls and consensual recordings obtained during the investigation. Further, with

---

[1] The government further moves instanter for permission to file this motion, which exceeds 15 pages. This consolidated motion raises multiple distinct issues, each of which could have been filed separately. For ease of reference, the government has filed these motions in a single filing. The government incorporates the factual summary set forth in its *Santiago* proffer herein. Dkt. 112.

regard to the recordings that the government will play at trial, in several cases the government plans to play only limited portions of the recordings—many of the recordings concern matters that are not pertinent to the charged offenses.

Defendants are of course free to seek to admit any recordings or portions of recordings that comport with the Federal Rules of Evidence. However, the Court should bar the defendants from asking questions or making comments that invite juror speculation regarding the existence or content of recordings or portions of recordings not played at trial. Such comments or questions serve no legitimate purpose—they cause the jury to focus on evidence that is not in front of them, and wrongly suggest that the government is withholding evidence favorable to the defense from the jury. *See generally Berry v. Deloney*, 28 F.3d 604, 609 (7th Cir. 1994) (holding that "district court acted within its discretion in precluding plaintiff's counsel from admitting evidence that would have merely invited the jury to speculate that [the defendant] suppressed evidence helpful to the plaintiff").

For these reasons, the government respectfully asks the Court to preclude defense counsel from making arguments and asking questions that invite the jury to speculate about unplayed recordings.

## II.     Motion to Preclude Evidence or Argument Inviting the Jury to Speculate About Uncharged Individuals and Government Motivations for Prosecuting the Case

The government respectfully moves to bar defendants from introducing evidence or making arguments pertaining to the prosecutorial decision to investigate or prosecute these defendants, and not others.

2

Generally speaking, the decision "whether or not to prosecute" and "what charge to file" rests entirely in the prosecutor's discretion. *Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978); *see also United States v. Rainone*, No. 09 CR 206, 2013 WL 389004, at *1 (N.D. Ill. Jan. 31, 2013), *aff'd*, 816 F.3d 490 (7th Cir. 2016) (Leinenweber, J.) (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985) ("[S]o long as the prosecutor had probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."). The decision whether to prosecute "involves consideration of myriad factors such as the enforcement priorities of the office, the determination as to the strength of the case, the prosecutorial resources available, and the prosecution's general deterrence values." *United States v. Ribota*, 792 F.3d 837, 840 (7th Cir. 2015). Accordingly, argument about the government's prosecutorial decision-making is "extraneous and collateral" and, thus, properly excluded from trial. *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming the exclusion of evidence offered to show that the "indictment was a political instrument").

The indictment charges defendants with conspiring with several other individuals. The government expects these individuals, and others, to come up at trial. For example, although not charged in this case, former Speaker of the Illinois House Michael Madigan subsequently was charged in a separate indictment with charges arising out of the conduct that is the focus of this case, as well as several other criminal episodes. At least one defense attorney plans to make an issue of the

3

fact that Madigan was not charged in this case. Not only is this argument irrelevant, but it would open the door to introducing evidence about the fact that Madigan was in fact indicted for the conduct described in this case and much more—some of it very similar in nature to the misconduct alleged in this case. As another example, Jay Doherty is not the only intermediary who paid subcontractors money received from ComEd at Madigan and McClain's request. There will be evidence that at least three other intermediaries paid Madigan's associates, and that those associates did little or no work. The government's charging decision as to these other intermediaries is irrelevant to Doherty and the other defendants' culpability in this case.

The issue at trial is whether the government will prove that *these* defendants committed the alleged crimes. Any evidence or argument about prosecutors' decisions not to charge others referenced in the indictment would be extraneous and irrelevant. *See United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) ("Whether or not [a coconspirator] was criminally charged does not make the facts relating to [the defendant's] knowledge and participation . . . more or less probable."). Discussing the government's charging decisions as to other individuals would lead to improper speculation by the jury and invite an improper minitrial concerning how the conduct of uncharged individuals compares to those charged in this case.

To the extent defendants wish to raise these issues, they must do so with the Court, not the jury. *See United States v. Jarrett*, 705 F.2d 198, 204-05 (7th Cir. 1983) (finding claims of selective prosecution must be raised before trial); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (finding that "the issue of selective

4

prosecution is one to be determined by the court").  No defendant sought to do so within the deadlines set by the Court.

For these reasons, the government seeks to exclude evidence regarding the prosecutorial motives for prosecuting these defendants and any decision concerning charges against other individuals.

## III.    Motion to Exclude Argument or Evidence Designed to Elicit Jury Nullification

It is improper for a defendant to suggest in any way that the jury should acquit a defendant even if it finds that the government has met its burden of proof.  *See United States v. Dunkin*, 438 F.3d 778, 780 (7th Cir. 2006); *see also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'") (quotation omitted); *United States v. Laguna*, 693 F.3d 727, 731 (7th Cir. 2012) (district court properly excluded evidence regarding prior lenient treatment enjoyed by illegal reentry defendant as irrelevant and potentially inviting of nullification). Accordingly, the government requests that the Court enter an order precluding defendants from arguing that the jury should disregard the Court's instructions on the law or presenting evidence or pursuing lines of inquiry designed to invite jury nullification. Although the government cannot anticipate each form of potential jury nullification argument or evidence, the government moves to exclude the areas noted below, as well as any argument or questioning, no matter what its form, that, in effect, would "encourage a jury to acquit under any circumstances regardless of the

applicable law or proven facts." *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983) (citation omitted).

### A. "Politics as Usual"

An argument that concedes the conduct but simply suggests to the jury that, even if such conduct is illegal, it is proper, necessary, or simply the way of life in politics should be barred. *See, e.g., United States v. Warledo*, 557 F.2d 721, 730 (10th Cir. 1977) (affirming exclusion of evidence offered to explain the defendants' motives as irrelevant to whether their activity was "wrongful" under the Hobbs Act); *United States v. Boardman*, 419 F.2d 110, 114 (1st Cir. 1969) (affirming exclusion of evidence regarding the defendant's political beliefs because it was irrelevant to whether he acted knowingly and deliberately); *United States v. Stirling*, 571 F.2d 708, 735-36 (2d Cir. 1978) (denouncing efforts to defend a securities fraud case by implying that the charged conduct amounted to proper and routine business practice). Accordingly, defendants should be precluded from making argument or presenting evidence regarding similar "political" acts engaged in by others or suggesting that defendants' conduct was simply part of politics or "politics as usual."

### B. Penalties Faced by the Defendants if Convicted

The Seventh Circuit has stated unequivocally that "arguing punishment to a jury is taboo." *United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997), *overturned on other grounds*, 526 U.S. 813 (1999); *see also United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) ("the practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored"). Argument and evidence

6

concerning punishment are improper because the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) ("It is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'") (quotation omitted); *Aliwoli v. Carter*, 225 F.3d 826, 830 (7th Cir. 2000) (same); *see also Rainone*, 2013 WL 389004, at *2 (barring defendant from introducing evidence relating to penalties he could face if convicted).[2] Mention of the potential penalties faced by the defendants—including possible imprisonment, restitution, or fines—would serve only the improper purpose of inviting the jury to consider the penal consequences of a conviction on and, ultimately, nullification.

## C.     Allegations of Outrageous Government Conduct

Claims of alleged misconduct or outrageous conduct on the part of the prosecutor or investigating agents are irrelevant to the merits of the case. Thus, suggesting to the jury that alleged misconduct provides a basis for acquittal improperly invites the jury to nullify.

Although the government is not aware of any misconduct by government agents, the government nevertheless seeks to exclude any allegations of any such misconduct in the presence of the jury. Arguments pertaining to governmental

---

[2] Pattern Jury Instruction 4.08 is consistent with this case law and the government intends to propose that this instruction be given. *See* William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2022) at 76.

misconduct to the jury are improper for two reasons. First, and most fundamentally, the Seventh Circuit has repeatedly rejected the outrageous government conduct defense and has held that such claims afford no defense to a criminal prosecution as a matter of law. *Conley v. United States,* 5 F.4th 781, 799 (7th Cir. 2021) (describing the "uniform wall of precedent" rejecting the defense and citing cases). Second, "the issue of outrageous government conduct is not an issue for the jury," but is a matter for determination by the court. *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (noting that every circuit which has considered the issue has held the same) (citations omitted); *see also United States v. Boyd*, 55 F.3d 239, 241-42 (7th Cir. 1995) ("outrageous government conduct" is no defense to a criminal charge). Accordingly, defendants should be precluded from attempting to defend this case by attacking the propriety of the government's conduct.

### D. "Golden Rule" Arguments

The government moves to preclude defendants from making a so called "Golden Rule" appeal, or —in other words—any argument that the jury should place itself in the defendants' shoes. For example, in *United States v. Teslim*, the prosecutor stated in his rebuttal argument: "I ask you, ladies and gentlemen, if it happened to you and you had nothing to hide[.]" 869 F.2d 316, 327-28 (7th Cir. 1989). The Seventh Circuit has held that such an argument "is universally recognized as improper because it encourages the jury to depart from neutrality and to decide on the basis of personal interest and bias rather than on the evidence." *Id.* at 328 (quotation omitted); *see also United States v. Roman*, 492 F.3d 803, 805-06 (7th Cir. 2007) (affirming the district

court's exclusion of defendant's proposed argument that the "jurors should put themselves in his shoes and consider 'There but for the grace of God go I.'"). Such argument should be excluded for this reason.

## IV. Motion to Exclude Opinion Evidence Regarding Legality

Under settled law, "lay testimony offering a legal conclusion is inadmissible." *E.g., United States v. Noel*, 581 F.3d 490, 496 (7th Cir. 2009) (collecting cases). Legal conclusions offered by lay witnesses fail to meet the requirements of Federal Rule of Evidence 701, in that they are not helpful to the jury. *Id*. Indeed, they invite mistakes and confusion: to the extent such legal conclusions are based on misunderstandings of the law, the jury may rely on those misunderstandings, rather than on the legal instructions provided by the Court. "[A] lay witness's purpose is to inform the jury what is in evidence, not to tell it what inferences to draw from that evidence." *Id*.

Based on this principle, courts have barred testimony related to whether certain conduct was, or was believed to be, legal or illegal, legitimate or illegitimate, or proper or improper, or whether certain conduct satisfied an element at issue in the case. *See, e.g.*, *United States v. Baskes*, 649 F.2d 471, 478 (7th Cir. 1980) (affirming prohibition of cross-examination of co-conspirator witness regarding the witness's views of whether he or the defendant "conspired" or otherwise engaged in conduct that was "unlawful" or "willful"); *United States v. Van Eyl*, No. 02 CR 287, 2004 WL 1557331, at *3 (N.D. Ill. July 8, 2004), *aff'd* 468 F.3d 428, 437 (7th Cir. 2006) (excluding opinions by defendant's coworkers, including the coworkers' use of legally and morally charged words, regarding the legality or propriety of the defendant's

9

conduct, and finding that government was not permitted to argue that everyone else "could tell there was a fraud"). Likewise, courts have barred testimony related to whether defendants believed their own actions were legal. *United States v. Wantuch*, 525 F.3d 505, 512-15 (7th Cir. 2008) (holding that it was improper for government to ask witness to opine whether the defendant believed his conduct to be "legitimate" or legal).

As a result, the government requests that evidence of this type be prohibited absent prior notice and a ruling from the Court that in the particular circumstances such evidence is relevant and admissible.

## V. Motion to Exclude Argument or Evidence of Lawfulness

The government moves to preclude the defendants from presenting evidence of, or making reference to, lawfulness, non-corrupt conduct, and prior good acts, except reputation or opinion evidence offered by character witnesses strictly in accord with Rule 405(a).[3]

Defendants may seek to elicit testimony and argue that, on prior occasions, they acted in a lawful manner. Or they may argue that because they performed good acts during their lives, they could not have committed the charged offenses. But "[e]vidence that a defendant acted lawfully on other occasions is generally

---

[3] Even evidence offered under Rule 405(a) cannot include specific instances of good conduct: it is limited to a description of the subject's reputation or to a brief statement of opinion. *See* Advisory Committee Notes to Rule 405 (The rule "contemplate[s] that testimony of specific instances is not generally permissible on direct examination of an ordinary opinion witness to character . . . [O]pinion testimony on direct in these situations ought in general to correspond to reputation testimony as now given, *i.e.*, be confined to the nature and extent of observation and acquaintance upon which the opinion is based.").

inadmissible to prove he acted lawfully on the occasion alleged in the indictment." *United States v. Reese*, 666 F.3d 1007, 1020 (7th Cir. 2012); *United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990) (same); *Rainone*, 2013 WL 389004, at *2 (quoting *United States v. Burke*, 781 F.2d 1234, 1243 (7th Cir. 1985) ("'[e]vidence that the defendant frequently performs lawful or laudable acts does not often establish that some subsequent act is also lawful or laudable'")). Similarly, evidence of the absence of unlawful conduct on specific occasions is not proof that defendants did not commit the charged conduct. *See United States v. Scarpa,* 897 F.2d 63, 70 (2d Cir. 1990) (upholding exclusion of evidence that defendants met regularly and did not discuss criminal activity, stating "[a] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions"). Because such evidence lacks probative value, it should be excluded.

## VI.   Motion to Preclude Evidence of Witnesses' "Bad Acts" Not Involving Dishonesty and to Require Notice by Parties

The government moves to preclude defense counsel from introducing improper impeachment evidence or improperly impeaching government witnesses during cross examination except as permitted under Federal Rule of Evidence Rule 608(b). The government also moves to bar the parties from introducing evidence (including by asking questions on cross examination) under Rule 608(b) except upon prior notice to the Court and the opposing party, and outside the presence of the jury.

The government has produced—and the government will continue to produce to defense counsel as necessary—documents setting forth potential impeachment material for the witnesses in this case. Of course, the mere fact that the government

11

has produced to the defense a fact or an allegation does not render it admissible at trial. Rule 608(b) of the Federal Rules of Evidence provides that specific instances of past conduct may be inquired into on cross examination if and only if they concern the witness's character for truthfulness. In addition, pursuant to Rule 608(b), except for criminal convictions under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct to attack or support the witness's character for truthfulness. *See United States v. Abair*, 746 F.3d 260, 263-64 (7th Cir. 2014). Indeed, pursuant to Rule 611, cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility, and therefore examination may be barred when it is used for the sole purpose of making a general character attack. *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987). Further, the probative value of cross-examination of this nature may be substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403*; see also United States v. Henderson*, 409 F.3d 1293, 1298 (11th Cir. 2005) (where a witness was alleged to have been involved in spousal abuse, such evidence posed a disproportionate risk of unfairly inflaming the jury's emotions and sidetracking the trial regarding irrelevant questions). In addition to causing prejudice, cross-examination of this type may also confuse the issues or mislead the jury, as well as cause delay. Fed. R. Evid. 403.

So that the Court can make the appropriate rulings, the parties should identify the prior conduct about which they intend to cross examine a given witness before cross examination and demonstrate how that conduct is probative of truthfulness.

12

This should occur outside the presence of the jury. *E.g., United States v. Barton,* No. 1:19-CR-00733, 2021 WL 3800171, at *10 (N.D. Ill. Aug. 26, 2021) (ordering the parties to "ask for a sidebar before starting a line of questioning on Rule 608(b) evidence"). This simple procedure will ensure that any alleged bad acts are not improperly communicated to the jury before the Court is able to determine whether such alleged bad acts are the subject of proper impeachment.

## VII. Motion to Preclude Discovery Requests or Commentary in the Presence of the Jury

The government moves the Court to preclude requests or comments relating to discovery in the presence of the jury. Courts in this district have determined such conduct is improper. *United States v. House,* No. 14 CR 10, 2015 WL 1058019, at *2 (N.D. Ill. Mar. 6, 2015) (citing cases); *Rainone,* 2013 WL 389004, at *2. This is because such requests and comments may mislead the jury, such as by creating the impression that one side has suppressed information as a means of seeking an unfair advantage. *See, e.g., United States v. Dochee,* 18 CR 108-4, 2009 WL 102986, at *1 (N.D. Ill. Jan. 15, 2009) (granting motion *in limine* to exclude comments on discovery because "commentary on discovery matters by either party in the presence of the jury . . . could create the impression that the opposing party is withholding information"). The requests may also be without merit in the event discovery already has been tendered or is not subject to disclosure. In addition, these requests can easily be made to the Court or counsel outside the presence of the jury with no prejudice resulting to either side.

## VIII. Motion to Preclude Commentary Regarding the Court's Evidentiary Rulings

If the Court excludes evidence offered by either side, the government moves for the Court to bar the parties from referring to this excluded evidence or otherwise commenting on the Court's evidentiary ruling in front of the jury. There is no legitimate reason for counsel to do so. Moreover, it is improper for counsel to comment on excluded evidence or suggest that excluded evidence would have affected the jury's analysis had only the Court admitted it. *See Solles v. Israel*, 868 F.2d 242, 245 (7th Cir. 1989) (criticizing prosecutor's "improper remarks in front of the jury including commenting on excluded evidence"). Motions *in limine* are counsel's opportunity to argue regarding the relevancy or propriety of evidence; once the court has ruled on the relevancy and propriety of evidence, counsel may not decide for themselves that the evidence is actually admissible.

## IX. Motion to Exclude Missing Witness Argument

It is within the Court's discretion to prohibit argument concerning missing witnesses not under the control of either side. *United States v. Sblendorio*, 830 F.2d 1382, 1394 (7th Cir. 1987). Indeed, "when the witness is equally available to both sides, the preferred practice is to preclude the [missing witness] argument rather than to leave the jury free to speculate about a lot of non-evidence." *United States v. Simpson*, 974 F.2d 845, 848 (7th Cir. 1992). The government requests that the Court prohibit defendant from introducing evidence about or arguing that any inference can be drawn from the fact that additional witnesses did not testify.

14

If defendants make any such argument or introduce any such evidence regarding missing witnesses, either because the Court permits it or because they violate the Court's ruling, the government seeks permission to respond to this argument appropriately. Ordinarily, a prosecutor may reply to "an argument by the defense that the absence of some witness counts against the prosecution" by pointing out that the defense has the same subpoena power as the government. *Sblendorio,* 830 F.2d at 1392. Once the subject is opened by the defense, it is permissible for the government to respond. *Id.* at 1394. As the Seventh Circuit explained, "[t]he jury is entitled to know that the defendant may compel people to testify; this legitimately affects the jury's assessment of the evidence." *Id.* at 1393–94.

In a similar vein, there are many reasons why the government chooses not to call every witness on the witness list, including that the witness may become unavailable to testify or the testimony may become cumulative as a trial progresses. A jury could become confused, or make an incorrect inference, if told that the government had originally listed a witness on their witness list who did not end up testifying. Thus, defendants should not be permitted to make any argument regarding why the government did not call every witness on its witness list.

## X.    Motion to Preclude Argument Defining Reasonable Doubt

The government moves to preclude counsel from attempting to define reasonable doubt during any argument presented to the jury. The Seventh Circuit has clearly and consistently held that "reasonable doubt" is a term that should not be defined by the trial court or counsel. *See, e.g., United States v. Hatfield*, 591 F.3d 945,

15

949 (7th Cir. 2010); *United States v. Blackburn*, 992 F.2d 666, 668 (7th Cir. 1993) (noting that definitions of reasonable doubt have a likelihood of "confus[ing] juries more than the simple words themselves"); *United States v. Bardsley*, 884 F.2d 1024, 1029 (7th Cir. 1989); *United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) (explaining that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury") (citations omitted); *United States v. Hall*, 854 F.2d 1036, 1039 (7th Cir. 1988) ("An attempt to define reasonable doubt presents a risk without any real benefit."); William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2022) at 26 (collecting cases).

In *United States v. Thompson*, 117 F.3d 1033 (7th Cir. 1999), for example, the Seventh Circuit affirmed the district court's decision to prevent defense counsel from explaining reasonable doubt to the jury. Explaining that "[t]he law is clear in this circuit that it is improper for attorneys to attempt to define the term," the Seventh Circuit noted that by preventing defense counsel's attempt to explain reasonable doubt, "[r]ather than abusing its discretion, the district court heeded our express command." *Id.* at 1035; *see also United States v. Alex Janows & Co.*, 2 F.3d 716, 722-23 (7th Cir. 1993) ("It seems simple enough; we admonish counsel, do not define 'reasonable doubt' to a jury.").

## XI. Motion to Preclude Use of Agent Reports During Cross Examination

The government moves to preclude use of agent reports summarizing a witness's statement—including FBI Form 302s—during cross examination of that witness. To constitute a prior statement under Federal Rule of Evidence 613, a

witness must have either made or adopted that statement. *United States v. Shoenborn*, 4 F.3d 1424, 1427-29 & n.3 (7th Cir. 1993). Form 302s provide summaries of witness statements: not verbatim transcripts nor statements that witnesses adopted. *United States v. Adames*, 56 F.3d 737, 744 (7th Cir. 1995) (affirming district court's exclusion of FBI agent's report since the witness "testified he did not adopt the statement, did not write it and could not say that what was in it was everything he had told the agents"). Form 302s are therefore generally inadmissible for purposes of impeachment because the reports do not constitute statements made by the witness under Rule 613. *Shoenborn*, 4 F.3d at 1427-29 & n.3; *Adames*, 56 F.3d at 744.

## XII.    Motion to Recall Government Witnesses

The government respectfully requests permission from the Court to recall law enforcement witnesses during the course of trial in its case-in-chief and in any rebuttal case, so that testimony can be presented to the jury in an orderly and understandable manner, and in a manner most effective for ascertaining the truth.

Federal Rule of Evidence 611(a) provides: "The Court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth." Fed. R. Evid. 611(a). Moreover, this Court has "broad discretion" to determine the mode and order of interrogation. *United States v. Bozovich*, 782 F.3d 814, 816 (7th Cir. 2015); *United States v. Vasquez*, 635 F.3d 889, 897 (7th Cir. 2011).

The defendants are charged with, among other things, conspiring to corruptly influence and reward Michael Madigan. The investigation in this case included

17

various phases, and some law enforcement witnesses' involvement spanned multiple aspects of the investigation. The presentation of evidence will also necessarily involve numerous witnesses, recordings, and documents—including bank, phone, and other business records—many of which will require the context of testimony from other witnesses for the jury to understand their import. Thus, to present evidence in the most comprehensible manner to the jury, the government may need to recall law enforcement witnesses who participated in multiple phases of the investigation at different times. Permitting a law enforcement officer to testify only once would necessarily require the government to cover a broad number of topics without essential context in a fashion that would likely confuse the jury. The recall of a witness will ensure that the trial proceeds in the most efficient, streamlined manner possible, and will aid the jurors' comprehension of the case.

Accordingly, the government respectfully requests that the Court permit it to recall certain law enforcement witnesses to testify to the relevant episodes of the government's investigation. The government further proposes that after each instance of direct examination, the defendant be permitted to cross-examine the witness fully about any and all matters the witness testified about during that particular direct examination so as to ensure a full and fair cross-examination.

## XIII.  Conclusion

For the reasons stated above, the government respectfully asks the Court to grant the government's consolidated motions *in limine*.

Respectfully submitted.

JOHN R. LAUSCH, JR.
United States Attorney

By:  /s/ *Julia K. Schwartz*
AMARJEET BHACHU
DIANE MacARTHUR
SARAH STREICKER
JULIA K. SCHWARTZ

Assistant United States Attorneys
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

19