UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 20 CR 812 |
| vs. | ) | |
| | ) | Honorable Harry D. Leinenweber |
| MICHAEL McCLAIN, et al. | ) | |
| | ) | |

**DEFENDANT MICHAEL MCCLAIN'S CONSOLIDATED MOTIONS IN LIMINE**

Defendant Michael McClain respectfully moves this Court to exclude the introduction of any evidence or argument concerning:

1. The amount of his compensation from ComEd as a lobbyist and consultant; and

2. Subcontractors' appointments to and service on public boards.

Mr. McClain also moves this Court for an Order prohibiting:

3. The Government from commenting directly or adversely on a Defendant's decision not to testify at trial on his/her own behalf.

For the reasons set forth below, this evidence is irrelevant and inadmissible under Rules 401, 402, and 403 and, therefore, should be excluded.[1]

**LEGAL STANDARD**

Under Federal Rule of Evidence 401, evidence is relevant only if it has the tendency to make the existence of any fact that is of consequence to the determination of the action "more or less probable than it would be without the evidence." Fed. R. Evid. 401. "Relevancy is a threshold inquiry," and irrelevant evidence is inadmissible. *Dowling v. United States*, 493 U.S. 342, 350-51 n.3 (1990). Even if relevant, Rule 403 requires the exclusion of evidence "if its probative value is

---

[1] Defendant Hooker joins in Motion 2.

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *United States v. Loughry*, 660 F.3d 965, 969 (7th Cir. 2011). "Unfair prejudice" "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (cleaned up). "Evidence is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *United States v. Thompson*, 359 F.3d 470, 479 (7th Cir. 2004) (cleaned up).

## ARGUMENT

1. **MOTION IN LIMINE 1 TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING THE AMOUNT OF MCCLAIN'S COMPENSATION FROM COMED.**

Mr. McClain seeks to exclude evidence and argument concerning the amount of his compensation from ComEd as a lobbyist and consultant. This compensation has no bearing on the elements of his charged offenses. It is not probative of any issue. If disclosed, it could unfairly prejudice the jury against him. As such, this evidence should be excluded.

Evidence of the amount of Mr. McClain's compensation from ComEd is irrelevant. No element that the Government must prove relies upon his salary. Nor, for that matter, is such evidence probative of a potential motive. Absent a relationship between the amount of Mr. McClain's compensation from ComEd and the alleged conspiracy, there is no legitimate basis for offering evidence of this figure at trial.

Even if relevant, evidence of the amount of Mr. McClain's compensation from ComEd as an outside lobbyist and consultant should be excluded under Rule 403 because its probative value is substantially outweighed by a danger of unfair prejudice.

Introduction of Mr. McClain's compensation amount would risk infecting jurors' view of the evidence by playing into class bias and triggering unwarranted, negative associations. *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940); *see also United States v. Hawley*, 562 F. Supp. 2d 1017, 1034 (N.D. Iowa 2008) (finding evidence of "income and financial condition . . . has a greater tendency to invite the jury to find against [a defendant] because of his wealth or because the jury believes that he is overpaid[.]"). This may lead jurors to rule based on an improper, emotional basis rather than on the evidence before them. *See Old Chief*, 519 U.S. at 180-81. Consequently, appeals to class prejudice are "highly improper" and have "no place in a courtroom." *Socony-Vacuum Oil Co.*, 310 U.S. at 239. For this reason, the "default rule is not to admit evidence of wealth." *SEC v. Goldstone*, No. Civ 12-0257, 2016 WL 3654273, at *12 (D. N.M. June 13, 2016) (excluding "any evidence regarding the Defendants' wealth"). This explains why courts in this District routinely grant motions in limine to exclude any reference to a party's financial resources. *See, e.g., Wielgus v. Ryobi Techs., Inc.*, No. CV 08-1597, 2012 WL 1853090, at *6 (N.D. Ill. May 21, 2012); *French v. Amsleep, Inc.*, No. CV 08-1597, 2003 WL 120859 at *1 (N.D. Ill. Jan. 14, 2003); *Opio v. Wurr*, 901 F. Supp. 1370, 1375 (N.D. Ill. 1995); *Cent. Die Casting & Mfg.*, No. 93 C 7692, 1998 WL 812558, at *10 (N.D. Ill. Nov. 19, 1998); *Townsend v. Benya*, 287 F. Supp. 2d 868, 874 (N.D. Ill. 2003); *Pucci v. Litwin*, No. 88 C 10923, 1993 WL 405448, at *1 (N.D. Ill. Oct. 4, 1993); *Tessendorf v. First Colony Life Ins. Co.*, No. 91 C 7293, 1992 WL 349645, at *7 (N.D. Ill. Nov. 13, 1992).

**2.  MOTION IN LIMINE 2 TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING APPOINTMENTS TO AND SERVICE ON PUBLIC BOARDS.**

Mr. McClain seeks to exclude evidence and argument concerning the appointments to and service on various public boards by non-Defendants in this case. The Government intends to introduce evidence that at least two alleged subcontractors, who at one point were employed under Defendant Doherty, were separately appointed to public boards by a non-Defendant and were paid for their service on these boards during part of the same eight year time frame of the alleged conspiracy.

But this evidence is irrelevant. Whether these subcontractors were appointed to these public boards has no tendency to make a fact of consequence in this action "more of less probable." These public boards have nothing to do with any of the charged offenses or any of the Defendants. There is no evidence or allegation that any Defendants in this case sought to have these subcontractors appointed to these boards, had any role in such appointments or even knew of the appointments. Nor is there any evidence or allegation that the public boards in question were in any way relevant to ComEd or ComEd related legislation.

Even if there were some limited probative value to this evidence, it should still be excluded under Rule 403 due to the dangers of unfair prejudice and risks of confusing and misleading the jury. In the Indictment, the Government alleges that as part of the conspiracy, Defendants and co-conspirators sought the appointment of an individual to ComEd's advisory board of directors. (Doc. #1 at 17, ¶¶ 20-22.) Evidence that other, different individuals, who also happened to be subcontractors to Defendant Doherty, were appointed by a non-Defendant to public boards, unrelated to ComEd, may lead the jury to improperly infer that these appointments were also part of the alleged conspiracy. They weren't. But the jury may be confused and misled into believing this by the introduction of this evidence.

4

Additionally, evidence of the annual compensation that these subcontractors received based on their service on these public boards could also unfairly inflame the jury. The Government plans to submit evidence that the annual compensation on these boards was approximately $15,000 and $20,000. This evidence, coupled with other evidence of the wholly separate income the subcontractors' received connected to their work under Defendant Doherty, risks infecting jurors' view of the evidence by playing into class bias and triggering emotional responses. Therefore, this evidence should be excluded.

3. **MOTION IN LIMINE 3 TO PROHIBIT THE GOVERNMENT FROM COMMENTING DIRECTLY OR ADVERSELY ON A DEFENDANT'S DECISION NOT TO TESTIFY AT TRIAL.**

The law on this issue is well established:

The Fifth Amendment protects a defendant's right against compelled self-incrimination by permitting a defendant to refuse to testify at trial. U.S. Const. amend. V. To safeguard this right, the Government cannot offer a defendant's failure to testify as substantive evidence of guilt, whether directly or indirectly. *United States v. Robinson*, 485 U.S. 25, 34 (1988); *United States v. Willis*, 523 F.3d 762, 773 (7th Cir. 2008). The jury cannot be allowed to infer guilt from a defendant's silence. *United States v. Hills*, 618 F.3d 619, 640 (7th Cir. 2010). "A prosecutor violates the Fifth Amendment by commenting directly or adversely on the defendant's failure to testify on his own behalf." *United States v. Carswell*, 996 F.3d 785, 797 (7th Cir. 2021). Direct references by a prosecutor to a defendant's decision not to testify is always a violation of the defendant's Fifth Amendment right. *United States ex rel. Burke v. Greer*, 756 F.2d 1295, 1300 (7th Cir. 1985) (citing *Griffin v. California*, 380 U.S. 609 (1965)). Indirect comments violate the Fifth Amendment when the prosecutor's manifest intent is to use the defendant's silence as guilt, or if the jury would naturally and necessarily infer guilt from the comment. *Carswell*, 996 F.3d at

797. For example, a defendant's Fifth Amendment right would be violated if a prosecutor commented that the Government's evidence on an issue was "uncontradicted," "undenied," "unrebutted, "undisputed," etc. if the only person who could have contradicted, denied, rebutted or disputed this evidence was the defendant himself. *United States v. Cotnam*, 88 F.3d 487, 497 (7th Cir. 1996). In addition, a prosecutor may not cast the Fifth Amendment's protections in a negative light. *Hills*, 618 F.3d at 640-42.

In light of these authorities, if a Defendant declines to testify at trial, this Court should protect that Defendant's Fifth Amendment right by prohibiting the Government from commenting directly or adversely on his/her decision not to testify.[2]

## CONCLUSION

For these reasons, this Court should grant Mr. McClain's Consolidated Motions in Limine in their entirety.

Dated: February 6, 2023                    GREENSFELDER, HEMKER & GALE, P.C.


By:     /s/ Patrick J. Cotter
        Patrick J. Cotter (ARDC # 6202681)
        pcotter@greensfelder.com
        200 West Madison Street, Suite 3300
        Chicago, IL 60606
        Telephone: (312) 345-5088

        David P. Niemeier (ARDC # 6276713)
        dpn@greensfelder.com
        10 South Broadway, Suite 2000
        St. Louis, MO 63102
        Telephone: (314) 241-9090

*Attorneys for Defendant Michael McClain*

---

[2] It would also be appropriate for the Court to give Pattern Criminal Jury Instruction No. 2.05, which states that a defendant has an absolute right not to testify and that the jury may not consider in any way the fact that a defendant did not testify.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of February, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                                   /s/ Patrick J. Cotter