**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL McCLAIN, ANNE PRAMAGGIORE, JOHN HOOKER, and JAY DOHERTY | No. 20 CR 812<br><br>Hon. Harry D. Leinenweber |

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Defendants Michael McClain, Anne Pramaggiore, John Hooker, and Jay Doherty respectfully submit the following proposed jury instructions and objections to Government's proposed instructions (Dkt. 123). Defendants note at the bottom of each instruction whether it is agreed, disputed, or an addition to the Government's proposed instructions. Unless otherwise noted, Defendants' modifications are notated in red text. Defendants may seek permission to supplement this submission as appropriate.

DATED: February 13, 2023

Respectfully submitted,

/s/ *Patrick J. Cotter*
Patrick J. Cotter
GREENSFELDER, HEMKER & GALE, P.C.
200 West Madison Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 345-5088
pcotter@greensfelder.com

David P. Niemeier
GREENSFELDER, HEMKER & GALE, P.C.
10 South Broadway, Suite 2000
St. Louis, MO 63102
Telephone: (314) 241-9090
dpn@greensfelder.com

*Attorneys for Defendant Michael McClain*

/s/ *Scott R. Lassar*
Scott R. Lassar
Daniel C. Craig
Jennifer M. Wheeler
Emily A. Woodring
Joan E. Jacobson
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
slassar@sidley.com
dcraig@sidley.com
jwheeler@sidley.com
ewoodring@sidley.com
joan.jacobson@sidley.com

*Attorneys for Defendant Anne Pramaggiore*

/s/ *Jacqueline S. Jacobson*
Michael D. Monico
Barry A. Spevack
Jacqueline S. Jacobson
Ryan W. Mitsos
MONICO & SPEVACK
53 West Jackson Blvd., Suite 1315
Chicago, IL 60604
Telephone: (312) 782-8500
mm@monicolaw.com
bspevack@monicolaw.com
jjacobson@monicolaw.com
rmitsos@monicolaw.com

Susan M. Pavlow
53 West Jackson Blvd., Suite 1215
Chicago, IL 60604
Telephone: (312) 322-0094
smpavlow@mac.com

*Attorneys for Defendant John Hooker*

/s/ *Gabrielle R. Sansonetti*
Gabrielle R. Sansonetti
LAW OFFICE OF GABRIELLE R.
SANSONETTI
53 West Jackson Blvd., Suite 1062
Chicago, Illinois 60604
Telephone: (312) 588-1281
Direct: (773) 716-6117
Facsimile: (773) 277-7334
gabrielle@Sansonetti-law.com

Michael P. Gillespie
GILLESPIE AND GILLESPIE
53 West Jackson Blvd., Suite 1062
Chicago, IL 60604
Telephone: (312) 588-1281
michael@gillespieandgillespielaw.com

*Attorneys for Defendant Jay Doherty*

## INDEX OF PROPOSED INSTRUCTIONS

| Instr. No. | Status |
|---|---|
| Prelim. 1 | Proposed by Defendants; No Government proposal |
| Prelim. 2 | Proposed by Defendants; No Government proposal |
| Prelim. 3 | Proposed by Defendants; No Government proposal |
| Prelim. 4 | Proposed by Defendants; No Government proposal |
| Prelim. 5 | Proposed by Defendants; No Government proposal |
| Prelim. 6 | Proposed by Defendants; No Government proposal |
| Prelim. 7 | Proposed by Defendants; No Government proposal |
| Prelim. 8 | Proposed by Defendants; No Government proposal |
| Prelim. 9 | Proposed by Defendants; No Government proposal |
| Prelim. 10 | Proposed by Defendants; No Government proposal |
| Prelim. 11 | Proposed by Defendants; No Government proposal |
| 1 | Agreed |
| 2 | Disputed |
| 3 | Agreed |
| 4 | Agreed |
| 5 | Disputed |
| 6 | Disputed |
| 7 | Agreed |
| 8 | Agreed |
| 9 | Agreed |
| 10 | Agreed |
| 11 | Agreed |

| Instr. No. | Status |
|:---:|:---|
| 12 | Disputed |
| 13 | Disputed |
| 14 | Disputed |
| 15 | Agreed |
| 16 | Disputed |
| 16.1 | Proposed by Defendants; No Government proposal |
| 17 | Agreed |
| 18 | Disputed |
| 19 | Agreed |
| 19.1 | Proposed by Defendants; No Government proposal |
| 20 | Agreed |
| 20.1 | Proposed by Defendants; No Government proposal |
| 20.2 | Proposed by Defendants; No Government proposal |
| 20.3 | Government Instruction No. 37.  Disputed, and Defendants propose moving in line with the instruction's place in pattern. |
| 20.4 | Proposed by Defendants; No Government proposal |
| 21 | Disputed |
| 22 | Agreed |
| 23 | Disputed |
| 24 | Agreed |
| 25 | Disputed |
| 26 | Disputed |
| 27 | Agreed |
| 28 | Disputed |

| Instr. No. | Status |
|:---:|:---|
| 28.1 | Proposed by Defendants; No Government proposal |
| 29 | Disputed |
| 30 | Disputed |
| 30.1 | Proposed by Defendants; No Government proposal |
| 30.2 | Proposed by Defendants; No Government proposal |
| 31 | Disputed |
| 31.1 | Proposed by Defendants; No Government proposal |
| 31.2 | Proposed by Defendants; No Government proposal |
| 32 | Disputed |
| 33 | Disputed |
| 34 | Agreed |
| 35 | Disputed |
| 35.1 | Proposed by Defendants; No Government proposal |
| 36 | Disputed |
| 37 | Defendants' Instruction No. 20-3.  Disputed, and Defendants propose moving in line with the instruction's place in pattern. |
| 38 | Disputed |
| 39 | Agreed |
| 40 | Disputed |
| 41 | Agreed |
| 42 | Agreed |

**PRELIMINARY INSTRUCTIONS**

Ladies and gentlemen: You are now the jury in this case. I would like to take a few minutes to describe your duties as jurors and to give you instructions concerning the case.

As the judge in this case, one of my duties is to decide all questions of law and procedure. In these preliminary instructions, during the trial, and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision. The instructions that I give you at the end of the trial will be more detailed than the instructions I am giving you now. Each of you will have a copy of the instructions that I give you at the end of the case.

You have two duties as jurors. Your first duty is to decide the facts from the evidence that you see and hear in court. Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendants guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

NO GOVERNMENT PROPOSAL

DEFENDANTS' PRELIMINARY INSTRUCTION NO. 1 (ADDITIONAL)
Bauer Pattern Instructions at pp. 6–7

Defendants Michael McClain, Anne Pramaggiore, John Hooker, and Jay Doherty are charged with committing three crimes. First, defendants McClain, Pramaggiore, Hooker, and Doherty are alleged to have conspired to commit the offenses of corruptly soliciting things of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of the Illinois government involving any thing of value of $5,000 of more; corruptly giving and offering to give things of value to another person, with intent to influence or reward Michael Madigan, in connection with any business, transaction, or series of transactions of the Illinois government involving anything of value of $5,000 or more; and knowingly and willfully circumventing internal accounting controls and falsifying books, records, or accounts of ComEd and Exelon.

Second, defendants McClain, Pramaggiore, Hooker and Doherty are alleged to have corruptly offered and agreed to give things of value to another person, with intent to influence or reward Michael Madigan, in connection with any business, transaction, or series of transactions of the Illinois government involving anything of value of $5,000 or more.

Third, defendants McClain, Pramaggiore, Hooker and Doherty are alleged to have knowingly and willfully falsified the books and records of ComEd and Exelon in connection with the renewal of JDDA's contracts for 2017, 2018, and 2019, and the amendment of JDDA's contract for 2018.

The defendants have pled not guilty to the charges.


NO GOVERNMENT PROPOSAL


DEFENDANTS' PRELIMINARY INSTRUCTION NO. 2 (ADDITIONAL)
Bauer Pattern Instructions at p. 8 (modified)

2

18 U.S.C. §§ 666(a)(1)(B), 666(a)(2)
15 U.S.C. § 78m(b)(5)
Indictment at 12 ¶ 2(c), 44 ¶ 2, 45 ¶ 2, 48 ¶ 2, 50 ¶ 2

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his or her innocence. He or she is not required to produce any evidence at all.


NO GOVERNMENT PROPOSAL


DEFENDANTS' PRELIMINARY INSTRUCTION NO. 3 (ADDITIONAL)
Bauer Pattern Instructions at p. 9

You may consider only the evidence that you see and hear in court. You may not consider anything you may see or hear outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses say when they are testifying under oath, and the exhibits that I allow into evidence, and any facts to which the parties stipulate. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. Any statements and arguments that the lawyers make are not evidence. If what a lawyer says is different from the evidence as you hear or see it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question or evidence is improper. When an objection is made, I will be required to rule on the objection. If I sustain an objection to a question a lawyer asks, you must not speculate on what the answer might have been. If I strike testimony or an exhibit from the record, or tell you to disregard something, you must not consider it.

Pay close attention to the evidence as it is being presented. During your deliberations, you will have any exhibits that I allow into evidence, but you will not have a transcript of the testimony. You will have to make your decision based on what you recall of the evidence.

NO GOVERNMENT PROPOSAL

DEFENDANTS' PRELIMINARY INSTRUCTION NO. 4 (ADDITIONAL)
Bauer Pattern Instructions at p. 10

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact. This is called an inference.

You are to consider both direct and circumstantial evidence. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial. However, any inferences that you make must be reasonable and logically connected to the evidence—you must not speculate or guess.

NO GOVERNMENT PROPOSAL

DEFENDANTS' PRELIMINARY INSTRUCTION NO. 5 (ADDITIONAL)
Bauer Pattern Instructions at p. 12 (modified)
*United States v. Garcia*, 919 F.3d 489, 503 (7th Cir. 2019)

Give the evidence whatever weight you decide it deserves.  Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists.  This is called an inference.  You are allowed to make reasonable inferences, so long as they are based on the evidence.  However, you may not rely on speculation, gut feelings, or a strong suspicion.  Circumstantial evidence that leads only to a strong suspicion that someone is involved in criminal activity is not a substitute for proof of guilt beyond a reasonable doubt.

NO GOVERNMENT PROPOSAL

DEFENDANTS' PRELIMINARY INSTRUCTION NO. 6 (ADDITIONAL)
Bauer Pattern Instructions at p. 13 (modified).

*United States v. Garcia*, 919 F.3d 489, 503 (7th Cir. 2019) ("[A] judge must take special care to guard against the possibility that a defendant might be found guilty by either speculation or mere association.  Circumstantial evidence that leads only to a strong suspicion that someone is involved in a criminal activity is no substitute for proof of guilt beyond a reasonable doubt.  And evidence that calls for inferences that are motivated or made possible by speculation—especially inferences focused on a defendant's presence or association with criminals or their criminal activity—will fail to carry the government's burden.") (internal quotation marks and citation omitted); *id.* at 499 ("Despite the temptation to nod along with the government's evidence and think that of course the defendant was probably guilty, such gut feelings and suspicions do not relieve the government of the burden of offering sufficient evidence to prove guilty beyond a reasonable doubt.")

*United States v. Jones*, 713 F.3d 336, 340 (7th Cir. 2013) ("We do not suggest that there is a bright line between reasonable and unreasonable inferences from circumstantial evidence, but there is a line.  The government may not prove its case, as we have said, with 'conjecture camouflaged as evidence.'")

*Piaskowski v. Bett*, 256 F.3d 687, 693 (7th Cir. 2001) ("Although a jury may infer facts from other facts that are established by inference, each link in the chain of inferences must be sufficiently strong to avoid a lapse into speculation.")

Jury Instructions at 5, *United States v. Sorensen,* No. 19-CR-745 (N.D. Ill. Jan. 18, 2023), Dkt. 189 ("However, you may not speculate or rely on suspicion.  Circumstantial evidence that

leads only to a strong suspicion that someone is involved in a criminal activity is not a substitute for proof of guilt beyond a reasonable doubt.") (attached hereto at Exhibit A).

Part of your job as jurors will be to decide how believable each witness was, and how much weight to give each witness's testimony. I will give you additional instructions about this at the end of the trial.

NO GOVERNMENT PROPOSAL

DEFENDANTS' PRELIMINARY INSTRUCTION NO. 7 (ADDITIONAL)
Bauer Pattern Instructions at p. 14

Do not make any decisions by simply counting the number of witnesses who testified about a certain point. What is important is how believable the witnesses are and how much weight you think their testimony deserves.

NO GOVERNMENT PROPOSAL

DEFENDANTS' PRELIMINARY INSTRUCTION NO. 8 (ADDITIONAL)
Bauer Pattern Instructions at p. 15

You will be permitted to take notes during the trial. If you take notes, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

NO GOVERNMENT PROPOSAL

DEFENDANTS' PRELIMINARY INSTRUCTION NO. 9 (ADDITIONAL)
Bauer Pattern Instructions at p. 16

Before we begin the trial, I want to discuss several rules of conduct that you must follow as jurors.

First, you should keep an open mind throughout the trial. Do not make up your mind about what your verdict should be until after the trial is over, you have received my final instructions on the law, and you and your fellow jurors have discussed the evidence.

Second, your verdict in this case must be based exclusively on the law as I give it to you and the evidence that is presented in court during the trial. For this reason, and to ensure fairness to both sides in this case, you must obey the following rules. These rules apply both when you are here in court and when you are not in court. They apply until after you have returned your verdict in the case.

1. You must not discuss the case, the issues in the case, or anyone who is involved in the case, among yourselves until you go to the jury room to deliberate after the trial is completed.

2. You must not communicate with anyone else about this case, the issues in the case, or anyone who is involved in the case, until after you have returned your verdict.

3. When you are not in the courtroom, you must not allow anyone to communicate with you or give you any information about the case, the issues in the case, or about anyone who is involved in the case. If someone tries to communicate with you about the case, the issues in the case, or someone who is involved in the case, or if you overhear or learn any information about the case, the issues in the case, or someone involved in the case when you are not in the courtroom, you must report this to me promptly.

4. You may tell your family and your employer that you are serving on a jury, so that you can explain that you have to be in court. However, you must not communicate with

them about the case, the issues in the case, or anyone who is involved in the case until after you have returned your verdict.

5.      All of the information that you will need to decide the case will be presented here in court.  You may not look up, obtain, or consider information from any outside source.

There are two reasons for these rules.  First, it would not be fair to the parties in the case for you to consider outside information or communicate information about the case to others. Second, outside information may be incorrect or misleading.

When I say that you may not obtain or consider any information from outside sources, and may not communicate with anyone about the case, the issues in the case, or those involved in the case, I am referring to any and all means by which people communicate or obtain information.  This includes, for example, face to face conversations; looking things up; doing research; reading, watching, or listening to reports in the news media; and any communication using any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Android, Blackberry or similar device, computer, the Internet, text messaging, chat rooms, blogs, social networking websites like Facebook, YouTube, Twitter, Instagram, SnapChat, LinkedIn, or TikTok, or any other form of communication at all.  If you hear, see, or receive any information about the case by these or any other means, you must report that to me immediately.


NO GOVERNMENT PROPOSAL


DEFENDANTS' PRELIMINARY INSTRUCTION NO. 10 (ADDITIONAL)
Bauer Pattern Instructions at pp. 17–18 (modified to add TikTok)

We are now ready to begin the trial. The trial will proceed in the following manner:

First, each side's attorneys may make an opening statement. An opening statement is not evidence. Rather, it is a summary of what each side's attorneys expect the evidence will show.

After the opening statements, you will hear the evidence. After the evidence has been presented, the attorneys will make closing arguments, and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.


NO GOVERNMENT PROPOSAL


DEFENDANTS' PRELIMINARY INSTRUCTION NO. 11 (ADDITIONAL)
Bauer Pattern Instructions at p. 19

## GENERAL INSTRUCTIONS

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. Each of you has a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job. Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved each of the defendants guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

AGREED INSTRUCTION NO. 1
Bauer Pattern Instructions 1.01

15

The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that defendants Michael McClain, Anne Pramaggiore, John Hooker, and Jay Doherty committed three crimes. First, the indictment charges that defendants McClain, Pramaggiore, Hooker, and Doherty conspired to commit the offenses of corruptly soliciting things of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of the Illinois government involving any thing of value of $5,000 of more;, corruptly giving and offering to give things of value to another person, with intent to influence or reward Michael Madigan, in connection with any business, transaction, or series of transactions of the Illinois government involving anything of value of $5,000 or more;, and knowingly and willfully circumventing internal accounting controls and falsifying books, records, or accounts of ComEd and Exelon.

Second, the indictment charges that defendants McClain, Pramaggiore, Hooker and Doherty corruptly offered and agreed to give things of value to another person, with intent to influence or reward Michael Madigan, in connection with any business, transaction, or series of transactions of the Illinois government involving anything of value of $5,000 or more.

Third, the indictment charges that defendants McClain, Pramaggiore, Hooker and Doherty knowingly and willfully falsified the books and records of ComEd and Exelon in connection with the renewal of JDDA's contracts for 2017, 2018, and 2019, and the amendment of JDDA's contract for 2018.

The defendants have pled not guilty to the charges. The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

16

GOVERNMENT INSTRUCTION NO. 2 (DISPUTED)
Bauer Pattern Instructions 1.02 (modified)

Defendants object to the Government's modifications to the Pattern Instruction because they fail to set forth a complete description of the charged offenses.


DEFENDANTS' INSTRUCTION NO. 2
Bauer Pattern Instructions 1.02 (modified)
18 U.S.C. §§ 666(a)(1)(B), 666(a)(2)
15 U.S.C. § 78m(b)(5)
Indictment at 12 ¶ 2(c), 44 ¶ 2, 45 ¶ 2, 48 ¶ 2, 50 ¶ 2

Defendants reserve the right to object to the submission of the Indictment to the jury based on the evidence adduced at trial.

Each defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the particular defendant you are considering is guilty as charged.

The government has the burden of proving each defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his or her innocence. He or she is not required to produce any evidence at all.

AGREED INSTRUCTION NO. 3
Bauer Pattern Instructions 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

AGREED INSTRUCTION NO. 4
Bauer Pattern Instructions 2.01

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence. However, you may not rely on speculation, gut feelings, or a strong suspicion. Circumstantial evidence that leads only to a strong suspicion that someone is involved in criminal activity is not a substitute for proof of guilt beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 5 (DISPUTED)
Bauer Pattern Instructions 2.02

Defendants object to Government Instruction No. 5 as incomplete and propose an instruction that accurately reflects recent Seventh Circuit law. In addition, the defense of at least one defendant is that the Government's circumstantial proof lapses into speculation. The jury should be instructed on the difference.

DEFENDANTS' INSTRUCTION NO. 5
Bauer Pattern Instructions 2.02 (modified)

*United States v. Garcia*, 919 F.3d 489, 503 (7th Cir. 2019) ("[A] judge must take special care to guard against the possibility that a defendant might be found guilty by either speculation or mere association. Circumstantial evidence that leads only to a strong suspicion that someone is involved in a criminal activity is no substitute for proof of guilt beyond a reasonable doubt. And evidence that calls for inferences that are motivated or made possible by speculation—especially inferences focused on a defendant's presence or association with criminals or their criminal activity—will fail to carry the government's burden.") (internal quotation marks and citation omitted); *id.* at 499 ("Despite the temptation to nod along with the government's evidence and think that of course the defendant was probably guilty, such gut feelings and suspicions do not relieve the government of the burden of offering sufficient evidence to prove guilty beyond a reasonable doubt.")

*United States v. Jones*, 713 F.3d 336, 340 (7th Cir. 2013) ("We do not suggest that there is a bright line between reasonable and unreasonable inferences from circumstantial evidence, but there is a line. The government may not prove its case, as we have said, with 'conjecture camouflaged as evidence.'")

20

*Piaskowski v. Bett*, 256 F.3d 687, 693 (7th Cir. 2001) ("Although a jury may infer facts from other facts that are established by inference, each link in the chain of inferences must be sufficiently strong to avoid a lapse into speculation.")

Jury Instructions at 5, *United States v. Sorensen,* No. 19-CR-745 (N.D. Ill. Jan. 18, 2023), Dkt. 189 ("However, you may not speculate or rely on suspicion. Circumstantial evidence that leads only to a strong suspicion that someone is involved in a criminal activity is not a substitute for proof of guilt beyond a reasonable doubt.") (attached hereto at Exhibit A).

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact. This is called an inference.

You are to consider both direct and circumstantial evidence. ~~The law does not say that one is better than the other.~~ It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial. However, any inferences that you make must be reasonable and logically connected to the evidence—you must not speculate or guess.


GOVERNMENT INSTRUCTION NO. 6 (DISPUTED)
Bauer Pattern Instructions 2.03

Defendants object to Government Instruction No. 6 as misleading and propose an instruction that accurately reflects recent Seventh Circuit law.


DEFENDANTS' INSTRUCTION NO. 6
Bauer Pattern Instructions 2.03 (modified)
*United States v. Garcia*, 919 F.3d 489, 503 (7th Cir. 2019)

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

[You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.]

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

AGREED INSTRUCTION NO. 7
Bauer Pattern Instructions 2.04

[A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that a defendant did not testify or present evidence. You should not even discuss it in your deliberations.]

AGREED INSTRUCTION NO. 8
Bauer Pattern Instructions 2.05

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony [including that of a defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- [the age of the witness;]

- the intelligence of the witness;

- the witness's ability and opportunity to see, hear, or know the things the witness testified about;

- the witness's memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

AGREED INSTRUCTION NO. 9
Bauer Pattern Instructions 3.01

25

[It is proper for an attorney to interview any witness in preparation for trial.]


AGREED INSTRUCTION NO. 10
Bauer Pattern Instructions 3.02

[You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness's testimony was here in court. If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]

AGREED INSTRUCTION NO. 11
Bauer Pattern Instructions 3.03

You have heard testimony from ~~witnesses~~ Fidel Marquez who:

- was ~~were~~ promised ~~, received, or expected~~ a benefit in return for his ~~their testimony or~~ cooperation with the government, and

- pled guilty to being involved in one of the crimes the defendants are charged with committing. You may not consider his ~~a witness'~~ guilty plea as evidence against Mr. McClain, Ms. Pramaggiore, Mr. Hooker, or Mr. Doherty ~~a defendant~~.

~~You may give these witnesses' testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.~~

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of Fidel Marquez with particular caution. He may have had reason to make up stories or exaggerate what others did because he wanted to help himself. You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendants, or by any of the benefits he has received or will receive from the government. In evaluating the testimony of Fidel Marquez, you should consider the extent to which or whether his testimony may have been influenced by any of these factors.


GOVERNMENT INSTRUCTION NO. 12 (DISPUTED)
Bauer Pattern Instructions 3.05

Defendants object to Government Instruction No. 12 as insufficiently tailored to the case.

Defendants request that this instruction be given immediately after Fidel Marquez's plea is admitted and repeated at the end of the trial. *See* 7th Cir. Pattern Instruction 3.05, Committee Comment ("At the defendant's request, this instruction should be given immediately after the plea is admitted and repeated at the end of trial."); *see also United States v. Carraway*, 108 F.3d 745, 756 (7th Cir. 1997).


DEFENDANTS' INSTRUCTION NO. 12
Bauer Pattern Instructions 3.05 (modified)

28

Adapted from 1st Cir. Pattern Criminal Instruction 2.08 ("Some people in this position are entirely truthful when testifying.  Still, you should consider the testimony of [name of witness] with particular caution.  [He/She] may have had reason to make up stories or exaggerate what others did because [he/she] wanted to help [him/her]self.  [You must determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits [he/she] has received from the government as a result of being immunized from prosecution.] [You may consider their guilty pleas in assessing their credibility, but you are not to consider their guilty pleas as evidence against this defendant in any way.]").

Adapted from 9th Cir. Pattern Criminal Instruction 3.9 ("For [this] [these] reason[s], in evaluating the testimony of [name of witness], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s].  In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.")

*See also* 7th Cir. Pattern Instruction 3.05, Committee Comment ("The Supreme Court observed, in *On Lee v. United States*, 343 U.S. 747, 757 (1952), that the use of informers 'may raise serious questions of credibility.  To the extent that they do, a defendant is entitled to . . . have the issues submitted to the jury with careful instructions.'").

[You have heard testimony and have seen evidence that Michael McClain ~~a defendant~~ engaged in actions ~~committed acts~~ other than the ones charged in the indictment. Before using this evidence, you must decide whether it is more likely than not that Mr. McClain ~~the defendant~~ took the actions that are not charged in the indictment. If you decide that he ~~or she~~ did, then you may consider that evidence to help you decide Defendant McClain's intent in carrying out any of the actions alleged in the Indictment which you, the jury, determine to have been proved beyond a reasonable doubt. You may not consider this evidence for any other purpose. To be more specific, you may not use the evidence to conclude that, because the defendant committed an act in the past, he ~~or she~~ is more likely to have committed the crimes charged in the indictment. The reason is that the defendant is not on trial for these other acts. Rather, the defendant is only on trial for the conspiracy, offering and giving a thing of value, and falsifying books and records. The government has the burden to prove beyond a reasonable doubt the elements of the crimes charged in the indictment. This burden cannot be met with an inference that the defendant is a person whose past acts suggest bad character or a willingness or tendency to commit crimes.]

GOVERNMENT INSTRUCTION NO. 13 (DISPUTED)
Bauer Pattern Instructions 3.11

Defendants object to Government Instruction No. 13 as prejudicial and insufficiently tailored to the case.

DEFENDANTS' INSTRUCTION NO. 13
Bauer Pattern Instructions 3.11 (tailored to the case)

**This instruction is only appropriate in the event the Court determines that certain evidence is admissible at trial pursuant to Federal Rule of Evidence 404(b).

You have heard a witness, namely, Dick W. Simpson, who gave opinions and testimony about ~~the ward system in Chicago and the role of committeemen and patronage in that system~~ certain subjects. You do not have to accept this witness's opinions. You should judge this witness's opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness's qualifications, how he reached his opinions, and the factors I have described for determining the believability of testimony.


GOVERNMENT INSTRUCTION NO. 14 (DISPUTED)
Bauer Pattern Instructions 3.13 (modified – description of anticipated testimony added)

Defendants object to the Government's modifications to the Pattern Instructions as premature and unnecessary and, if such an instruction is necessary, propose the Pattern Instruction. At a minimum, the Court should defer fixing the description of the subjects of Simpson's testimony until it has resolved Defendants' Motion to Exclude Simpson's Testimony (Dkt. 130).


DEFENDANTS' INSTRUCTION NO. 14
Bauer Pattern Instructions 3.13

You have heard recorded conversations and seen video recordings.  This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations to help you follow the recordings as you listened to them.  The recordings are the evidence of what was said and who said it.  The transcripts are not evidence.  [If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters.  In other words, you must rely on what you heard, not what you read.  And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.  You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.]

I am providing you with the recordings and a device with instructions on its use.  It is up to you to decide whether to listen to a recording during your deliberations.  You may, if you wish, rely on your recollections of what you heard during the trial.

AGREED INSTRUCTION NO. 15
Bauer Pattern Instructions 3.14

Certain summaries and charts were admitted in evidence.  You may use those summaries and charts as evidence even though the underlying documents are not here.

[The accuracy of the summaries and charts has been challenged.  The underlying documents have also been admitted so that you may determine whether the summaries and charts are accurate.]

It is up to you to decide how much weight to give to the summaries and charts.

GOVERNMENT INSTRUCTION NO. 16 (DISPUTED)
Bauer Pattern Instructions 3.16 (modified – certain bracketed language omitted)

Defendants object to Government Instruction No. 16 as premature, as no such summaries have been identified.  To the extent such an instruction is necessary based on the evidence introduced, Defendants object to the modifications that Government Instruction No. 16 makes to the Pattern Instruction 3.16 and request the complete Pattern Instruction 3.16.  Defendants expressly reserve the right to object to any proposed Government summaries or charts.

DEFENDANTS' INSTRUCTION NO. 16
Bauer Pattern Instructions 3.16

[Certain [summaries; charts] were shown to you to help explain other evidence that was admitted. [Specifically identify the demonstrative exhibit, if appropriate]. These [summaries; charts] are not themselves evidence or proof of any facts [, so you will not have these particular [summaries; charts] during your deliberations]. [If they do not correctly reflect the facts shown by the evidence, you should disregard the [summaries; charts] and determine the facts from the underlying evidence.]]

NO GOVERNMENT PROPOSAL

DEFENDANTS' INSTRUCTION NO. 16.1 (ADDITIONAL)
Bauer Pattern Instructions 3.17

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.


AGREED INSTRUCTION NO. 17
Bauer Pattern Instructions 3.18

**GOVERNMENT'S PROPOSAL**

[Sometimes the government utilizes cooperating individuals who may conceal their identities in order to gather evidence of suspected violations of law. In the effort to detect violations of the law, it is sometimes necessary for the government to use ruses and subterfuges and to employ investigative techniques that deceive. It is not improper or illegal for the government to use these techniques, which are a permissible and recognized means of criminal investigation. Whether or not you approve of the use of such investigative techniques to detect unlawful activities is not to enter your deliberations in any way.]

**DEFENDANTS' PROPOSAL**

[NO INSTRUCTION]

**PATTERN INSTRUCTION**

You have heard evidence obtained from the government's use of [undercover agents; informants; deceptive investigative techniques]. The government is permitted to use these techniques. You should consider evidence obtained this way together with and in the same way you consider the other evidence.

GOVERNMENT INSTRUCTION NO. 18 (DISPUTED)
*United States v. Calabrese*, 02 CR 1050 (Zagel, J.)
*United States v. Polchan*, 08 CR 115, Dkt. 518 (Guzman, J.)

Defendants object to Government Instruction No. 18 as unnecessary and prejudicial. The Committee on Federal Criminal Jury Instructions has admonished that "this instruction need not and should not be given as a matter of course in every case involving undercover or deceptive investigative techniques." *See* 7th Cir. Pattern Instruction 3.19, Committee Comment; *see also United States v. McKnight*, 665 F.3d 786, 794 (7th Cir. 2011) ("There is also a possibility that singling out this aspect of the case might be interpreted by the jurors as at least indirect approval

36

of the effectiveness of the Government's management of the investigation."); *United States v. McKnight*, 671 F.3d 664, 665–69 (7th Cir. 2012) (Posner, J., joined by Kanne, J. and Williams, J., dissenting from denial of rehearing *en banc*) (expressing concern about the confusing and prejudicial nature of similar instructions). This is not "the rare case" where special circumstances exist warranting this instruction, and the risk of "the appearance of a judicial imprimatur on particular [investigative] techniques" counsels against giving this instruction here. *See* 7th Cir. Pattern Instruction 3.19, Committee Comment. Accordingly, this instruction is not appropriate and should not be given.

If, after the close of evidence, the Court deems such an instruction necessary based on the particular circumstances of this case, Defendants would request the use of Pattern Instruction No. 3.19, "Government Investigative Techniques."

[The indictment charges that the crimes happened "in or around" or "on or about" certain dates. The government must prove that the crimes happened reasonably close to the dates alleged. The government is not required to prove that the crimes happened on those exact dates.]

AGREED INSTRUCTION NO. 19
Bauer Pattern Instructions 4.05 (modified)

The defendants have been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

NO GOVERNMENT PROPOSAL

DEFENDANTS' INSTRUCTION NO. 19.1 (ADDITIONAL)
Bauer Pattern Instructions 4.06

Even though the defendants are being tried together, you must consider each defendant separately. Your decision concerning one defendant, whether it is guilty or not guilty, should not influence your decision concerning the other defendants.

AGREED INSTRUCTION NO. 20
Bauer Pattern Instructions 4.07

You may have noticed during the trial that counsel for the various defendants have consulted with each other and have divided the work of the trial in order to facilitate their presentation and avoid an undue waste of time and effort. You are not to consider the fact that defense counsel have consulted and cooperated with each other as having any significance in your determination of the issues in this case. You should disregard it entirely during your deliberations.

NO GOVERNMENT PROPOSAL

DEFENDANTS' INSTRUCTION NO. 20.1 (ADDITIONAL)
Jury Instructions at 17, *United States v. Armbruster*, No. 18-CR-130 (E.D. Wis. July 30, 2021), Dkt. 309 (Kennelly, J.) (attached hereto as Exhibit B).

A person is not responsible for the conduct of others performed on behalf of a corporation merely because that person is an officer, employee, or other agent of a corporation. You may not convict a person on the basis that he or she should have known that he or she was participating in wrongdoing, rather than on the basis of his or her actual knowledge.

NO GOVERNMENT PROPOSAL

DEFENDANTS' INSTRUCTION NO. 20.2
Bauer Pattern Instructions 5.02 (modified)

*United States v. Vallone*, 698 F.3d 416, 465 (7th Cir. 2012), *vacated on other grounds*, *Dunn v. United States*, 570 U.S. 901 (2013) (holding that it would be improper to convict a defendant "on the basis that he should have known that he was participating in wrongdoing, rather than on the basis of his actual knowledge").

42

## GOVERNMENT'S PROPOSAL

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if he or she knowingly participated in the criminal activity and tried to make it succeed.

If a defendant knowingly causes the acts of another, then the defendant is responsible for those acts as though he or she personally committed them.

GOVERNMENT INSTRUCTION NO. 37 (DISPUTED)
Bauer Pattern Instructions 5.06

## DEFENDANTS' PROPOSAL

A person may be found guilty of an offense by knowingly aiding, counseling, commanding, inducing, or procuring the commission of the offense if he knowingly participated in the criminal activity and tried to make it succeed.

In order for you to find a defendant guilty of each Count on this basis, the government must prove each of the following elements beyond a reasonable doubt:

1. The crime alleged in each Count was committed, as set forth on pages [xx] of these instructions.

2. The defendant participated in the criminal activity and tried to make it succeed.

3. The defendant did so knowingly.

DEFENDANTS' INSTRUCTION NO. 20.3
Bauer Pattern Instructions 5.06(a) (modified)

Defendants propose that this instruction be moved in line with its place in the pattern.

If a defendant performed acts that advanced the crime but had no knowledge that the crime was being committed or was about to be committed, those acts are not sufficient by themselves to establish the defendant's guilt.

A defendant's association with persons involved in a crime or criminal scheme is not sufficient by itself to prove his or her participation in the crime or membership in the criminal scheme.

NO GOVERNMENT PROPOSAL

DEFENDANTS' INSTRUCTION NO. 20.4 (ADDITIONAL)
Bauer Pattern Instructions 5.07 (applicable sections)

**GOVERNMENT'S PROPOSAL**

You should not speculate why any other person or company whose name you may have

heard during the trial or who is referenced in the indictment is not currently on trial before you.


**DEFENDANTS' PROPOSAL**

[NO INSTRUCTION]


GOVERNMENT INSTRUCTION NO. 21 (DISPUTED)
*United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994)

Defendants object to the Government's non-pattern Instruction No. 21 as unnecessary and
cumulative of other instructions, including Agreed Instruction No. 4, which explains to the jury
what they may rely upon as evidence, and Defendants' Instruction No. 5, which provides that the
jury must not rely on speculation. *See United States v. Hill*, 252 F.3d 919, 923 (7th Cir. 2001)
("Unless it is necessary to give an instruction, it is necessary not to give it, so that the important
instructions stand out and are remembered.")

During this trial, you have been shown documents that contain redactions, meaning that some words, numbers, or images in those documents are not visible. Documents are redacted for a number of a reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document contains redactions.

AGREED INSTRUCTION NO. 22

<u>Count One</u>

Count One of the indictment charges the defendants with conspiracy. In order for you to find a defendant guilty of this charge, the government must prove each of the three following elements beyond a reasonable doubt:

1.     The conspiracy as charged in Count One existed;

2.     The defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

3.     One of the conspirators committed an overt act in an effort to advance a goal of the conspiracy on or after November 18, 2015.

An overt act is any act done to carry out the goals of the conspiracy. An overt act may itself be a lawful act. The government is not required to prove all of the overt acts charged in the indictment.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to any defendant, then you should find the that defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to any defendant, then you should find the that defendant not guilty.


GOVERNMENT INSTRUCTION NO. 23 (DISPUTED)
Bauer Pattern Instructions 5.08(a) Conspiracy—Overt Act Required (modified)

Defendants object to Government Instruction No. 23 because it fails to reflect the Government's burden of proof with respect to each individual defendant.


DEFENDANTS' INSTRUCTION NO. 23
Bauer Pattern Instructions 5.08(a) Conspiracy—Overt Act Required (modified)

<u>Count One – Definition of Conspiracy</u>

A "conspiracy" is an expressed or implied agreement between two or more persons to commit a crime.  A conspiracy may be proven even if its goals were not accomplished.

In deciding whether the charged conspiracy existed, you may consider all of the circumstances, including the words and acts of each of the alleged participants.

AGREED INSTRUCTION NO. 24
Bauer Pattern Instructions 5.09 Conspiracy—Definition of Conspiracy

<u>Count One – Membership in a Conspiracy</u>

To be a member of a conspiracy, a defendant does not need to join it at the beginning, and he or she does not need to know all of the other members or all of the means by which the illegal goals of the conspiracy were to be accomplished. The ~~government need not prove that all of the details of the conspiracy alleged in the indictment were formally agreed upon or carried out. However, the~~ government must prove beyond a reasonable doubt that the defendant you are considering was aware of the illegal goals of the conspiracy and knowingly joined the conspiracy.

A defendant is not a member of a conspiracy just because he or she knew and/or associated with people who were involved in a conspiracy, knew there was a conspiracy, and/or was present during conspiratorial discussions.

A conspiracy must include at least two members, neither of whom is a government agent. Fidel Marquez cannot be considered a member of the conspiracy on or after the date he began cooperating with law enforcement.

In deciding whether a defendant joined the charged conspiracy, you must base your decision only on what that defendant did or said. To determine what that defendant did or said, you may consider that defendant's own words or acts. You may also use the words or acts of other persons to help you decide what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 25 (DISPUTED)
Bauer Pattern Instructions 5.10, Conspiracy—Membership in Conspiracy (modified)
*United States v. Polchan*, 08 CR 115, Dkt. 518 (Guzman, J.)

Defendants object to the Government's unnecessary modification of Pattern Instruction 5.10, which includes an additional sentence—"The government need not prove that all of the details of the conspiracy alleged in the indictment were formally agreed upon or carried out"—which is confusing, in that it could be read to diminish the Government's burden. Defendants do not

49

object to the Government's modification to the Pattern Instruction with respect to the language concerning Fidel Marquez.

**DEFENDANTS' INSTRUCTION NO. 25**

Bauer Pattern Instructions 5.10, Conspiracy—Membership in Conspiracy (modified to include only the Fidel Marquez component of the Government's proposed modifications)

<u>Count One – Objects of Conspiracy</u>

Count One charges a conspiracy to commit several different offenses.

First, Count One charges a conspiracy to commit the offense of corruptly soliciting things of value, with intent to be influenced or rewarded, in connection with any business, transaction, or series of transactions of the Illinois government involving anything of value of $5,000 or more. The offense of corruptly soliciting things of value is committed when:

1.    A person Michael Madigan is an agent of a the State of Illinois government; Defendants admit that Madigan is an agent of the State of Illinois government, so this element of the offense has been proven;

2.    That person Michael Madigan solicits, demands, accepts or agrees to accept something of value from another person;

3.    That person Michael Madigan does so corruptly with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions legislation of the State of Illinois government;

4.    Michael Madigan acts corruptly, that is with the knowledge that something of value is to be offered or given in exchange for an exercise of an official duty;

5.    This business, transaction, or series of transactions legislation of the State of Illinois government involves a thing of value of $5,000 or more; and

6.    The State of Illinois government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, or other assistance.

For purposes of this offense, a person acts corruptly when that person acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties.

51

Second, Count One charges a conspiracy to commit the offense of corruptly giving and offering to give things of value to another person, with intent to influence or reward Madigan, in connection with any business, transaction, or series of transactions of the Illinois government involving anything of value of $5,000 or more. The offense of corruptly giving and offering to give things of value is committed when:

1.      A person gives, offers or agrees to give things of value to another person;

2.      That person does so corruptly with the intent to influence or reward Michael Madigan ~~an agent of the State government~~ in connection with some ~~business, transaction, or series of transactions~~ legislation of the State of Illinois government;

3.      The person acts corruptly, that is with the specific intent to give something of value in exchange for an exercise of an official duty;

4.      This ~~business, transaction, or series of transactions~~ legislation of the State of Illinois government involved a thing of value of $5,000 or more; and

5.      The State of Illinois government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, or other assistance.

~~For purposes of this offense, a person acts corruptly when that person acts with the intent that something of value is given or offered to reward or influence an agent of State government in connection with the agent's official duties.~~

Third, Count One charges a conspiracy to commit the offense of falsifying certain ComEd and Exelon books, records, or accounts in violation of Sections 78m(b)(5) and 78ff of Title 15 of the United States Code. ~~This~~ The offense of falsifying books, records, or accounts is committed when:

1. ~~A company is an issuer;~~ At the time of the alleged offense, ComEd and Exelon were required to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of ComEd and Exelon;

2. A person ~~falsifies, or causes the falsification of, the books, records, or accounts of the company;~~ falsified or caused someone else to falsify any such book, record, or account of ComEd or Exelon in the manner specified in the particular count;

3. The books, records, or accounts of ~~the company~~ ComEd and Exelon were of the type that were required to accurately and fairly reflect in reasonable detail the transactions and dispositions of the assets of ComEd or Exelon. Such records include, for example, general ledgers, journal entries, income statements, financial certifications, or account records; and

4. The person ~~acts~~ acted knowingly and willfully.

To prove that a person acted knowingly, the government must prove beyond a reasonable doubt that the person was aware of the falsification and did not falsify through ignorance, mistake, or accident. In deciding whether a person acted knowingly, you may consider all of the evidence, including what each defendant did or said.

A person acts "willfully" if he or she acts knowingly and with the intent to do something he or she knows is against the law. The government is not required to prove that the person knew that his or her actions violated any particular law.

Fourth, Count One charges a conspiracy to commit the offense of circumventing a ComEd's or Exelon's system of internal accounting controls.  This The offense of circumventing a system of internal accounting controls is committed when:

1.    A company is an issuer ComEd or Exelon maintained a system of internal accounting controls to provide reasonable assurances that:

    a.  Transactions are executed in accordance with management's general or specific authorization;

    b.  Transactions were recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and to maintain accountability for assets; and

    c.  Access to assets is permitted only in accordance with management's general or specific authorization.

2.    A person circumvents circumvented a system of internal accounting controls; and

3.    The person acts acted knowingly and willfully.

"Reasonable assurances" means a degree of assurance that would satisfy prudent officials in the conduct of their own affairs.

To "circumvent" means to avoid a restrictive problem, rule, or other restriction, especially by clever and sometimes dishonest means.

To prove that a person acted knowingly, the government must prove beyond a reasonable doubt that the person was aware of the falsification and did not falsify through ignorance, mistake, or accident.  In deciding whether a person acted knowingly, you may consider all of the evidence, including what each defendant did or said.

A person acts "willfully" if he or she acts knowingly and with the intent to do something he or she knows is against the law.  The government is not required to prove that the person knew that his or her actions violated any particular law.

54

GOVERNMENT INSTRUCTION NO. 26 (DISPUTED)
**The Court approved the § 666 portion of this instruction in a ruling on June 21, 2022. See Gov. Exh. A (McClain, et al., No. 20 CR 812, Dkt. 101 (June 21, 2022 Transcript)).

The basis for Defendants' objections to the Government's non-pattern instruction as it relates to 18 U.S.C. § 666 is set forth in the Appendix attached hereto.

Defendants object to the Government's proposed instruction concerning 15 U.S.C. § 78m(b)(5) as both incomplete and misleading. Separating the instructions into various parts throughout the many pages of instructions, (see Government Instructions Nos. 32–33), will needlessly confuse the jurors and could have the effect of misleading the jury with respect to Government's burden to prove the elements of the offense. For example, the Government's proposed instruction regarding circumventing internal accounting controls fails to give sufficient information from which a jury could determine guilt or innocence. It fails to define key terms like "internal accounting controls" or "reasonable assurances," and defining these terms later in the instructions—particularly when the internal accounting controls provision is only relevant to Count One—is needlessly complicated and could mislead the jury as to the elements the Government must prove. Defendants' proposed instruction, which is similar to that recently given by a district court in this Circuit, incorporates the necessary elements and their definitions into a single instruction. See Ex. B, Jury Instructions at 24–25, United States v. Armbruster, No. 18-CR-130 (E.D. Wis. July 30, 2021), Dkt. 309. As described in response to Defendants' objection to Government Instruction No. 32, Defendants do not expect that the status of ComEd or Exelon as issuers will be in dispute. At a minimum, the Court should defer ruling on this instruction unless and until evidence or argument related to this issue is raised at trial.

DEFENDANTS' INSTRUCTION NO. 26

<u>18 U.S.C. § 666</u>
The authority for Defendants' proposed instruction as it relates to 18 U.S.C. § 666 is set forth in the Appendix attached hereto.

<u>15 U.S.C. §§ 78m(b) and 78ff(a)</u>
15 U.S.C. § 78m(b)(2)
15 U.S.C. § 78m(b)(5)
15 U.S.C. § 78ff(a)

Jury Instructions at 24–25, 42, United States v. Armbruster, No. 18-CR-130 (E.D. Wis. July 30, 2021), Dkt. 309 (attached hereto as Exhibit B).

Jury Instructions at 50–51, United States v. Ng Chong Hwa, No. 18-CR-538 (E.D.N.Y. Apr. 7, 2022), Dkt. 197 (attached hereto as Exhibit C).

Bauer Pattern Instructions 4.10, Definition of Knowingly

Jury Instructions at 26, *United States v. Klundt*, No. 22-CR-00015 (N.D. Ill. Jan. 19, 2023) (attached hereto as Exhibit D)

Jury Instructions at 21, *United States v. Weller*, No. 17-CR-643 (N.D. Ill. Apr. 12, 2019), Dkt. 248 (attached hereto as Exhibit E).

Defendants may seek further modification of these instructions based on the evidence adduced at trial.

<u>Count One – Unanimity</u>

It is not necessary for the government to prove that the defendant you are considering conspired to commit all of these offenses.  It is sufficient if the government proves that the defendant you are considering conspired with a conspirator to commit at least one of these offenses.  You must agree unanimously on at least one offense a defendant agreed to commit.

For example, if some of you were to find that the government has proved beyond a reasonable doubt that the defendant you are considering conspired to corruptly give and offer things of value, and the rest of you were to find that the government has proved beyond a reasonable doubt that the defendant conspired to falsify books and records, then there would be no unanimous agreement on which object of the conspiracy the government has proved.  On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant conspired to corruptly give and offer things of value, then there would be a unanimous agreement on the particular object of the conspiracy that the government proved.

AGREED INSTRUCTION NO. 27
Bauer Pattern Instructions 4.04 Unanimity on Specific Acts (modified)
*United States v. Sababu*, 891 F.2d 1308, 1326 (7th Cir. 1989)

Counts Two, Five, Six, and Eight
Bribery Concerning Federally Funded Programs – Elements

Counts Two, Five, Six, and Eight of the indictment charge the defendants with corruptly offering and agreeing to give things of value to another person, with intent to influence or reward Madigan, in connection with any business, transaction, or series of transactions of the Illinois government involving anything of value of $5,000 or more. In order for you to find a defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1.  That the defendant offered or agreed to give, or caused ComEd to offer, or agree to give, a thing of value to another person; and

2.  That the defendant did so corruptly with the intent to influence or reward ~~an agent of State government~~ Michael Madigan in connection with some ~~business, transaction, or series of transactions~~ legislation of the State ~~of Illinois~~ government; and

3.  That the defendant acted corruptly, that is with the specific intent to give something of value in exchange for an exercise of an official duty; and

4.  That this legislation ~~business, transaction, or series of transactions~~ of the State of Illinois government involved a thing of value of $5,000 or more; and

5.  The State of Illinois government, in a one-year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, or other assistance.

~~For purposes of this offense, a person acts corruptly when that person acts with the intent that something of value is given or offered to reward or influence an agent of State government in connection with the agent's official duties.~~

58

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering for the particular defendant you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering for the particular defendant you are considering, then you should find the defendant not guilty of that count.

GOVERNMENT INSTRUCTION NO. 28 (DISPUTED)
Bauer Pattern Instructions 18 U.S.C. § 666(a)(2) Paying a Bribe—Elements (modified)
*United States v. Whiteagle*, 759 F.3d 734, 752–53 (7th Cir. 2014) (affirming conviction under §§ 666(a)(2) and 2, where defendant was charged with corruptly causing another individual to agree to give a bribe to a tribal official); 18 U.S.C. § 2
**The Court approved this instruction in a ruling on June 21, 2022. *See* Gov. Exh. A (*McClain*, et al., No. 20 CR 812, Dkt. 101 (June 21, 2022 Transcript)).

The bases for Defendants' objections to the Government's non-pattern instruction as it relates to 18 U.S.C. § 666 are set forth in the Appendix attached hereto.

DEFENDANTS' INSTRUCTION NO. 28
The authority for Defendants' proposed instruction is set forth in the Appendix attached hereto.

Defendants may seek further modification of these instructions based on the evidence adduced at trial.

Counts Two, Five, Six, and Eight
Definition of Official Duty

Things such as setting up a typical meeting, calling another public official, or hosting a

meeting, without more, are not uses of one's official duty.


NO GOVERNMENT PROPOSAL


DEFENDANTS' INSTRUCTION 28.1 (ADDITIONAL)
Bauer Pattern Instructions 18 U.S.C. § 666(a)(2) (Committee Comments) and 18 U.S.C.
§ 666(a)(1)(B) (Committee Comments)
*McDonnell v. United States*, 579 U.S. 550, 567 (2016)

The law does not support a finding that everything a public official does qualifies as his official
duty, and the jury should not be left to speculate what might qualify as an official duty and what
might not.  Currently, no definition of "official duty" exists in the Seventh Circuit Pattern
Instructions; however, the Seventh Circuit Pattern Instruction Committee has observed in its
Comments that "the Supreme Court interpreted what constitutes an 'official act' for purposes of
three bribery laws" and, while recognizing that 18 U.S.C. § 666 does not use the term "official
act", as in § 201, has advised that "lawyers and judges should consider the impact of *McDonnell
v. United States* on 18 U.S.C. § 666 cases."  *See* 7th Cir. Pattern Instruction 18 U.S.C. §
666(a)(1)(B), Committee Comment (citing *McDonnell v. United States*, 579 U.S. 550, 567
(2016)); *see also id*. at 18 U.S.C. § 666(a)(2), Committee Comment.  *McDonnell* considered
what would not be an official act and held that "setting up a meeting, calling another public
official, or hosting an event does not, standing alone, qualify as an 'official act.'"  *McDonnell*,
579 U.S. at 567.

The proposed definition is an accurate statement of the law and will avoid juror confusion and
improper conviction.

**GOVERNMENT'S PROPOSAL**

<u>Counts Two, Five, Six, and Eight – Agent</u>

An agent is a person who is authorized to act on behalf of a State government, including an employee, officer, or representative.

The agent need not have exclusive control over the business, transaction, or series of transactions; influence is sufficient.

[The government is not required to prove that the bribe or other payment affected the federal funds received by the government or agency.]

**DEFENDANTS' PROPOSAL**

[NO INSTRUCTION]

GOVERNMENT § 666 INSTRUCTION NO. 29 (DISPUTED)
Bauer Pattern Instructions 18 U.S.C. § 666(a)(2) (Committee Comments) and 18 U.S.C. § 666 (definition of agent)
**The bracketed language should be given in the event a contrary position is raised at trial.

Defendants object to the Government's proposed instruction for "agent" as irrelevant and unnecessary. The only "agent" alleged in the Indictment is "Public Official A," who is Michael Madigan, and Defendants have conceded that Michael Madigan is an agent of the State of Illinois. (*See* Defendants' Instruction No. 26; Indictment at 9 ¶ 1(u); 11–12 ¶ 2(a)); Defs.' Memo. in Opp. to Gov't's Proposed Jury Instr., Dkt. 97 at 10–11.) The jury therefore has no need to assess whether or not Michael Madigan is an agent of the State of Illinois. The Court should accordingly follow the Seventh Circuit's position that, "[u]nless it is necessary to give an instruction, it is necessary not to give it, so that the important instructions stand out and are remembered." *United States v. Hill*, 252 F.3d 919, 923 (7th Cir. 2001).

Counts Two, Five, Six, and Eight
Bribery Concerning Federally Funded Programs – Bona Fide Compensation

[Bona fide salary, wages, fees, or other compensation paid in the usual course of business do not qualify as a thing of value given, offered or agreed to be given by a defendant. ~~Salary, wages, fees, or other compensation given, offered or agreed to be given for the purpose of corruptly influencing or rewarding a public official are not bona fide and are not given, offered or agreed to be given in the usual course of business.~~]

GOVERNMENT INSTRUCTION NO. 30 (DISPUTED)
Bauer Pattern Instructions 18 U.S.C. § 666(c) Bona Fide Compensation
**This bracketed instruction should be given at the conclusion of trial only if there is a sufficient basis in the record to support a finding that it applies as to a particular count. The Court should reserve the question of whether this instruction is appropriately given until the conclusion of the evidence. *See United States v. McClain, et al*., No. 20 CR 812, Dkt. 83 at 6 (Feb. 17, 2022).

The bases for Defendants' objections to the Government's non-pattern instruction as it relates to 18 U.S.C. § 666 are set forth in the Appendix attached hereto.

DEFENDANTS' INSTRUCTION NO. 30
Bauer Pattern Instructions 18 U.S.C. § 666(c) Bona Fide Compensation

The authority for Defendants' proposed instruction is further set forth in the Appendix attached hereto.

Counts Two, Five, Six, and Eight
Lobbying

Under Illinois law, lobbying means to communicate, including the soliciting of others to communicate, with a public official for the ultimate purpose of influencing any executive, legislative, or administrative action at the State, municipal, county, or township government level.

Illinois law defines influencing as any communication, action, reportable expenditure, or other means used to promote, support, affect, modify, oppose, or delay any executive, legislative, or administrative action or to promote goodwill with public officials.

NO GOVERNMENT PROPOSAL

DEFENDANTS' INSTRUCTION NO. 30.1 (ADDITIONAL)
25 ILCS 170/2(e) ("'Lobby' and 'lobbying' means to communicate, including the soliciting of others to communicate, with an official as defined in subsection (c) for the ultimate purpose of influencing any executive, legislative, or administrative action at the State, municipal, county, or township government level.")
25 ILCS 170/2(f) ("'Influencing' means any communication, action, reportable expenditure as prescribed in Section 6 or other means used to promote, support, affect, modify, oppose or delay any executive, legislative or administrative action or to promote goodwill with officials as defined in subsection (c).")

*United States v. Dickey*, 52 F.4th 680, 686 (7th Cir. 2022) (finding that a defendant is entitled to a theory of defense instructions if: "(1) the instruction is a correct statement of the law; (2) the evidence supports the theory of defense; (3) the defense is not part of the government's charge; and (4) the failure to give the instruction would deprive the defendants of a fair trial.").

Counts Two, Five, Six, and Eight
Bribery Concerning Federally Funded Programs – Goodwill

It is not a crime to give a thing of value to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future.


NO GOVERNMENT PROPOSAL


DEFENDANTS' INSTRUCTION NO. 30.2 (ADDITIONAL)
*United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 405–06 (1999) (finding it non-criminal to give things of value to a public official to "build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future," and noting that otherwise "peculiar" outcomes would result).

Additional authority for Defendants' proposed instruction is further set forth in the Appendix, attached hereto.

64

Counts Three, Four, Seven, and Nine
<u>False Books, Records, and Accounts</u>

Counts Three, Four, Seven, and Nine ~~of the indictment~~ charge the defendants with falsifying certain ComEd and Exelon books, records, and accounts ~~of ComEd and Exelon~~ in violation of Sections 78m(b)(5) and 78ff of Title 15 of the United States Code.  In order for you to find ~~a~~ the particular defendant you are considering guilty of ~~this charge~~ the particular count you are considering, the government must prove each of the following elements beyond a reasonable doubt:

1.       At the time of the alleged offense, ComEd and Exelon were ~~issuers~~ required to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of ComEd and Exelon;

2.       The defendant falsified, ~~or caused the falsification of the books, records, or accounts~~ or caused someone else to falsify any such book, record, or account of ComEd or Exelon in the manner specified in the particular count;

3.       The books, records, or accounts were of the type that were required to accurately and fairly reflect in reasonable detail the transactions and dispositions of the assets of ComEd or Exelon.  Such records include, for example, general ledgers, journal entries, income statements, financial certifications, or account records; and

4.       The defendant acted knowingly and willfully.

To prove that the defendant acted knowingly, the government must prove beyond a reasonable doubt that the defendant was aware of the falsification and did not falsify through ignorance, mistake, or accident.  In deciding whether the defendants acted knowingly, you may consider all of the evidence, including what each defendant did or said.

65

A person acts "willfully" if he or she acts knowingly and with the intent to do something he or she knows is against the law.  The government is not required to prove that the defendant knew that his or her actions violated any particular law.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to the count you are considering for the particular defendant you are considering, then you should find the defendant guilty of that count.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the count you are considering for the particular defendant you are considering, then you should find the defendant not guilty of that count.

GOVERNMENT INSTRUCTION NO. 31 (DISPUTED)
Adapted from 15 U.S.C. § 78m(b)(5), and 78ff(a); 18 U.S.C. § 2

Defendants object to the Government's instruction and its other instructions based on 15 U.S.C. §§ 78m(b)(5) and 78ff(a) because separating the instructions into various parts throughout the many pages of instructions will needlessly confuse the jurors and could have the effect of misleading the jury with respect to Government's burden to prove the elements of the offense. Defendants' proposed instruction, which is similar to that recently given by a district court in this Circuit, incorporates the necessary elements and their definitions into a single instruction.  *See* Ex. B, Jury Instructions at 24–25, *Armbruster*.  As described in response to Defendants' objection to Government Instruction No. 32, Defendants do not expect that the status of ComEd or Exelon as issuers will be in dispute.  At a minimum, the Court should defer ruling on this instruction unless and until evidence or argument related to this issue is raised at trial.

DEFENDANTS' INSTRUCTION NO. 31
15 U.S.C. § 78m(b)(2)
15 U.S.C. § 78m(b)(5)
15 U.S.C. § 78ff(a)

Jury Instructions at 24–25, 42, *United States v. Armbruster*, No. 18-CR-130 (E.D. Wis. July 30, 2021), Dkt. 309 (attached hereto as Exhibit B).

Bauer Pattern Instructions 4.10, Definition of Knowingly

Jury Instructions at 26, *United States v. Klundt*, No. 22-CR-00015 (N.D. Ill. Jan. 19, 2023), Dkt. 80 (attached hereto as Exhibit D)

Jury Instructions at 21, *United States v. Weller*, No. 17-CR-643 (N.D. Ill. Apr. 12, 2019), Dkt. 248 (attached hereto as Exhibit E).

Counts Three, Four, Seven, and Nine
Particular False Books, Records, or Accounts

Each of Counts Three, Four, Seven, and Nine alleges that defendants knowingly and willfully falsified or caused to be falsified different books, records, or accounts of ComEd or Exelon.

Count Three alleges that defendants knowingly and willfully falsified or caused to be falsified books, records, or accounts in connection with the renewal of JDDA's contract for 2017. Accordingly, to find each defendant guilty of Count Three, you must determine that all of the elements of knowingly and willfully falsifying books, records, or accounts to be satisfied with respect to that defendant for one or more of the documents admitted into evidence at [Exhibit Numbers].

Count Four alleges that defendants knowingly and willfully falsified or caused to be falsified books, records, or accounts in connection with the renewal of JDDA's contract for 2018. Accordingly, to find each defendant guilty of Count Four, you must determine that all of the elements of knowingly and willfully falsifying books, records, or accounts to be satisfied with respect to that defendant for one or more of the documents admitted into evidence at [Exhibit Numbers].

Count Seven alleges that defendants knowingly and willfully falsified or caused to be falsified books, records, or accounts in connection with the amendment of JDDA's contract for 2018. Accordingly, to find each defendant guilty of Count Seven, you must determine that all of the elements of knowingly and willfully falsifying books, records, or accounts to be satisfied with respect to that defendant for one or more of the documents admitted into evidence at [Exhibit Numbers].

Count Nine alleges that defendants knowingly and willfully falsified or caused to be falsified books, records, or accounts in connection with the renewal of JDDA's contract for 2019. Accordingly, to find each defendant guilty of Count Nine, you must determine that all of the elements of knowingly and willfully falsifying books, records, or accounts to be satisfied with respect to that defendant for one or more of the documents admitted into evidence at [Exhibit Numbers].

NO GOVERNMENT PROPOSAL

DEFENDANTS' INSTRUCTION NO. 31.1 (ADDITIONAL)
Indictment at 44 ¶ 2, 45 ¶ , 48 ¶ 2, 50 ¶ 2

Instructions that are insufficiently tailored to an indictment—such that a jury is able to convict for an offense outside the indictment's scope—violate the Fifth Amendment. *Stirone v. United States*, 361 U.S. 212, 217–18 (1960); *United States v. Remsza*, 77 F.3d 1039, 1043 (7th Cir. 1996). Such error is "reversible per se." *United States v. Leichtnam*, 948 F.2d 370, 377–79 (7th Cir. 1991) (finding that details from the indictment are "essential element[s] of the charge" and must be included to ensure defendants can only be convicted of the actual conduct charged).

Counts Three, Four, Seven, and Nine
Unanimity as to False Books, Records, or Accounts

In Counts Three, Four, Seven, and Nine, the government has alleged that the defendants

falsified books, records, or accounts in violation of Sections 78m(b)(5) and 78ff of Title 15 of the

United States Code. In order for each defendant to be found guilty, you must agree unanimously

on which specific book, record, or account was falsified for each defendant as to each count, as

well as all of the other elements of the crime charged.


NO GOVERNMENT PROPOSAL


DEFENDANTS' INSTRUCTION NO. 31.2 (ADDITIONAL)
Bauer Pattern Instructions 4.04 (modified)

**GOVERNMENT'S PROPOSAL**

<u>Counts Three, Four, Seven, and Nine – Definition of Issuer</u>

An issuer is any company whose securities were registered with the Securities and Exchange Commission pursuant to Section 12 of the Securities and Exchange Act of 1934, or any company that was required to file periodic reports with the Securities and Exchange Commission under Section 15(d) of the same act.

**DEFENDANTS' PROPOSAL**

[NO INSTRUCTION]

GOVERNMENT INSTRUCTION NO. 32 (DISPUTED)
15 U.S.C. § 78m(b)(2)

Defendants' object to the Government Instruction No. 32 as unnecessary. The parties are currently negotiating a stipulation regarding the status of ComEd and Exelon as issuers. At a minimum, the Court should defer ruling on this instruction unless and until evidence or argument related to this issue is raised at trial.

**GOVERNMENT'S PROPOSAL**

<u>Counts Three, Four, Seven, and Nine – Duties of Issuers</u>

Each issuer is required to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions and dispositions of the assets of the issuer. Such records include, for example, general ledgers, journal entries, income statements, financial certifications, and other records relating to transactions and dispositions entered into by the company, such as contracts, memoranda, invoices, as well as payment and account records.

In addition, each issuer is required to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

(1)    transactions were executed in accordance with management's general or specific authorization;

(2)    transactions were recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets; and

(3)    access to assets was permitted only in accordance with management's general or specific authorization.

**DEFENDANTS' PROPOSAL**

[NO INSTRUCTION]

GOVERNMENT INSTRUCTION NO. 33 (DISPUTED)
15 U.S.C. § 78dd-1(a)
15 U.S.C. § 78m(b)(2)
15 U.S.C. § 78c(a)(37)

*United States v. Lockheed Corp.*, No. CR.A. 194CR226MHS, 1995 WL 17064259, at *6 (N.D. Ga. Jan. 9, 1995)
*S.E.C. v. Retail Pro, Inc.*, 673 F. Supp. 2d 1108, 1142 (S.D. Cal. 2009)

Defendants object to Government Instruction No. 33 as unnecessary and misleading. The portion related to "internal accounting controls" is pertinent only to Count One (Conspiracy), not to Counts Three, Four, Seven, or Nine, which allege only violations of the books-and-records provision of 15 U.S.C. § 78m. Accordingly, including a description of "internal accounting controls" here would mislead the jury and is not necessary to determining guilt or innocence as to the non-conspiracy counts. The definition of an issuer's responsibility with respect to books and records is similarly unnecessary, as this information is duplicative of information included in the instructions for both Count One and elsewhere in the instructions for Counts Three, Four, Seven, and Nine. *See* Defendants' Instructions Nos. 26, 31.

<u>Definition of Knowingly</u>

A person acts knowingly if he or she realizes what he or she is doing and is aware of the nature of his or her conduct, and does not act through ignorance, mistake or accident. In deciding whether the defendant acted knowingly, you may consider all the evidence, including what the defendant did or said.

AGREED INSTRUCTION NO. 34
Bauer Pattern Instructions 4.10 – Definition of Knowingly

## Definition of Willfully

A person acts willfully if he or she ~~knows his or her acts to be wrongful. A person acts willfully when he or she falsifies, or causes the falsification of books, records, or accounts, if he or she knows the falsification to be wrongful. The government is not required to prove that the defendant knew that his or her actions were illegal or violated a particular law.~~ acts knowingly and with the intent to do something he or she knows is against the law. The government is not required to prove that the defendant knew that his or her actions violated any particular law.

GOVERNMENT INSTRUCTION NO. 35 (DISPUTED)
*United States v. Reyes*, 577 F.3d 1069, 1079 (9th Cir. 2009)
*Cf. United States v. Petit*, No. 21-543, 2022 WL 3581648, at *4 (2d Cir. Aug. 22, 2022); *United States v. Behrens*, 713 F.3d 926, 929 (8th Cir. 2013); *United States v. Tarallo*, 380 F.3d 1174, 1188 (9th Cir. 2004); *United States v. Peltz*, 433 F.2d 48, 54 (2d Cir. 1970).

Defendants object to Government Instruction No. 35 as an incorrect statement of the law and misleading to the jury. The Seventh Circuit Jury Instructions Committee has not set forth a Pattern Instruction for the definition of "willfully" because the definition of this term is statute-specific. *See* 7th Cir. Pattern Instruction 4.11, Committee Comment. The Government's proposal relies on out-of-circuit precedent and presents an overly restrictive expression of the law. When used in conjunction with knowingly, "willfully" means more than simply acting voluntarily or intentionally. *See, e.g.*, *United States v. Wheeler*, 540 F.3d 683, 690 (7th Cir. 2008) (depending on the context, "willfully" might "mean[] more than acting intentionally when it is used conjunctively with 'knowingly.'"). Although the Government need not show that Defendants knew that their acts violated a *particular* law, the term "willfully" requires that the Government prove that Defendants knew their conduct was unlawful. *United States v. Armbruster*, 2021 WL 5206581, at *2 (E.D. Wis. Nov. 8, 2021) (noting that "willfully" means the defendant had "knowledge that his actions were unlawful"), *aff'd on other grounds*, 48 F.4th 527 (7th Cir. 2022); *see also* 7th Cir. Pattern Instruction 18 U.S.C. § 1001 DEFINITION OF "WILLFULLY" ("A person acts 'willfully' if he acts voluntarily and intentionally, and with the intent to do something illegal."); 7th Cir. Pattern Instruction 18 U.S.C. § 1035(a)(1 & 2) DEFINITION OF "WILLFULLY" (same). Several courts in this Circuit have used the instruction proposed by Defendants for offenses that must be violated knowingly and willfully under 15 U.S.C. § 78ff(a). *See* Ex. D, Jury Instructions at 26, *Klundt*; Ex. B, Jury Instructions at 42, *Armbruster*; Ex. E, Jury Instructions at 21, *Weller*.

DEFENDANTS' INSTRUCTION NO. 35

Jury Instructions at 26, *United States v. Klundt*, No. 22-CR-00015 (N.D. Ill. Jan. 19, 2023) (attached hereto as Exhibit D) ("A person acts 'willfully' if he acts knowingly and with the intent to do something that he knows is against the law. The government is not required to prove that the defendant knew that his actions violated any particular law.").

Jury Instructions at 42, *United States v. Armbruster*, No. 18-CR-130 (E.D. Wis. July 30, 2021), Dkt. 309 (attached hereto as Exhibit B) (same).

Jury Instructions at 21, *United States v. Weller*, No. 17-CR-643 (N.D. Ill. Apr. 12, 2019), Dkt. 248 (attached hereto as Exhibit E) (same).

For purposes of Counts One, Three, Four, Seven, and Nine, if the defendant you are considering acted in good faith, then he or she lacked the willfulness required to prove the offenses of falsifying books and records or circumventing internal controls  A person acts in good faith if, at the time, he or she honestly believed the validity of the actions or truthfulness of the statements that the government has charged as being false, misleading, or fraudulent.  A defendant does not have to prove his good faith.  Rather, the government must prove beyond a reasonable doubt that the defendant acted willfully, as required for the particular charge you are considering.

NO GOVERNMENT PROPOSAL

DEFENDANTS' INSTRUCTION NO. 35.1 (ADDITIONAL)
Bauer Pattern Instructions 6.10 (modified)
Jury Instructions at 43, *United States v. Armbruster*, No. 18-CR-130 (E.D. Wis. July 30, 2021), Dkt. 309 (attached hereto as Exhibit B).

**GOVERNMENT'S PROPOSAL**

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

**DEFENDANTS' PROPOSAL**

[NO INSTRUCTION]

GOVERNMENT INSTRUCTION NO. 36 (DISPUTED)
Bauer Pattern Instructions 5.05

Defendants object to Government Instruction No. 36 as misleading because it risks the jury concluding that the Government need not prove all of the elements of a charged offense in order for a defendant to be convicted or that the conduct of other defendants can be attributed to a defendant in any context. It is also unnecessarily confusing because there are already several instructions properly instructing the jury on conspiracy law. Defendants further object to this instruction because, despite being pattern, it is not based on *any* Seventh Circuit law, nor does the Government cite any law to support it. Should the Court nonetheless provide this instruction, Defendants at a minimum would suggest the clarifying addition, "However, you must give separate consideration to each individual defendant and to each separate charge against him or her. Each defendant is entitled to have his or her case determined from his or her own conduct and from the evidence which may be applicable to him or her." *See United States v. Bailey*, 763 F.2d 862, 864 (7th Cir. 1985) (quoting the existing Seventh Circuit Criminal Pattern Jury Instructions on joint ventures) ("However, you must give separate consideration to each individual defendant and to each separate charge against him or her. Each defendant is entitled to have his case determined from his own conduct and from the evidence which may be applicable to him or to her.").

[GOVERNMENT INSTRUCTION NO. 37 – Defendants propose that this instruction be moved in line with its place in the pattern, so Government Instruction No. 37 and Defendants' version, Defendant's Instruction No. 20.3, appear together on page 43.]

## GOVERNMENT'S PROPOSAL

A conspirator is responsible for offenses committed by other conspirators if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance, and as a reasonably foreseeable consequence, of the conspiracy.

Therefore, if you find a defendant guilty of the conspiracy charged in Count One, you should find that defendant guilty as charged in Counts Two through Nine if you find the government has proved the following beyond a reasonable doubt with respect to the offense charged in the count under consideration:

1. That offense was committed by a fellow conspirator or conspirators in furtherance, and as a reasonably foreseeable consequence of the conspiracy charged in Count One; and

2. That offense was committed while the defendant was a member of the conspiracy charged in Count One.

The government is not required to prove that the defendant actually knew about the crime or that the defendant actually realized that this type of crime would be committed as part of the conspiracy.

## DEFENDANTS' PROPOSAL

[NO INSTRUCTION]

GOVERNMENT INSTRUCTION NO. 38 (DISPUTED)
Bauer Pattern Instructions 5.11 (modified)

Defendants object to the Government's *Pinkerton* instruction—which strays heavily from the pattern—as not only unnecessary but directly misleading. Even when an indictment charges a conspiracy, a *Pinkerton* charge is generally discouraged. *United States v. Manzella*, 791 F.2d

80

1263, 1267 (7th Cir. 1986) (questioning whether a *Pinkerton* instruction "really adds anything besides complication" and refusing to uphold a conviction on the basis of a *Pinkerton* theory because the jury was given a "compressed" instruction that did not intelligibly guide it on a "complicated" subject); *see also United States v. McClain*, 934 F.2d 822, 828–29 (7th Cir. 1991); *United States v. Salameh*, 152 F.3d 88, 149 (2d Cir. 1998) ("We have cautioned that 'the *Pinkerton* charge should not be given as a matter of course.'").

Because the Indictment charges multiple different conspiracy objects and substantive offenses that involve different combinations of Defendants, a *Pinkerton* charge will inject unfathomable confusion and complexity into the jury deliberations. The confusion and complexity will also be gratuitous, since it is difficult to imagine a scenario in which a defendant in this case could be convicted of a charged offense on a *Pinkerton* theory when he or she would not be convicted as a principal or on an aiding and abetting theory.

If the Court were to nonetheless give a *Pinkerton* instruction, Defendants also object to the Government's extensive rewriting of the Pattern Instruction as unnecessary and misleading. First, the Government removes the following defense-oriented language from the pattern, "If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you should find the defendant not guilty as to that charge" without explanation or justification; yet it keeps in pro-prosecution language that the jury should find a defendant guilty of Counts Two through Nine if the Government has proven the elements beyond a reasonable doubt. Second, the Government cuts the number of elements from four to two by combining in one element the concepts that: (i) other members of the conspiracy committed the offense during the time when the defendant was a member of the conspiracy, (ii) the offense was a reasonably foreseeable consequence of the conspiracy, and (iii) that the offense had to advance the goals of the conspiracy. Consolidating the concepts behind three pattern elements into one introduces confusion and risks the jury not actually finding each of the pattern elements independently satisfied, as is required for *Pinkerton* liability to attach.

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury, and you should identify yourself only by your juror number. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

AGREED INSTRUCTION NO. 39
Bauer Pattern Instructions 7.01 Jury Deliberations

## GOVERNMENT'S PROPOSAL

In deciding your verdict, you should not consider the possible punishment for the defendants who are on trial.  If you decide that the government has proved a defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

## DEFENDANTS' PROPOSAL

[NO INSTRUCTION]

GOVERNMENT INSTRUCTION NO. 40 (DISPUTED)
Bauer Pattern Instructions 4.08

Defendants object to Government Instruction No. 40 as unnecessary because Defendants will not be arguing their possible punishments to the jury.  *See United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997), *overturned on other grounds*, 526 U.S. 813 (1999); *see also United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997) ("[T]he practice of informing juries about the sentencing consequences of their verdicts is strongly disfavored.").  At a minimum, the Court should defer ruling on this instruction unless and until such evidence or argument is raised at trial.

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

[Read the verdict forms.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict forms. Each of you will sign them with your name and juror number. The verdict forms will be redacted and placed under seal.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.


AGREED INSTRUCTION NO. 41
Bauer Pattern Instructions 7.02 Verdict Form

Defendants propose their own verdict form, see pp. 86–97.

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

AGREED INSTRUCTION NO. 42
Bauer Pattern Instructions 7.03 Unanimity/Disagreement Among Jurors

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

         v.

MICHAEL McCLAIN, ANNE
PRAMAGGIORE, JOHN HOOKER, and
JAY DOHERTY

No. 20 CR 812

Hon. Harry D. Leinenweber

**<u>DEFENDANTS' PROPOSED VERDICT FORM</u>**
**Michael McClain**

**<u>Count One:</u>**

Count One charged the defendants with a conspiracy to: (i) corruptly solicit things of value; (ii) corruptly give or offer to give things of value with intent to influence or reward Michael Madigan in connection with legislation; and (iii) commit the offense of falsifying certain ComEd and Exelon books, records, or accounts in violation of Sections 78m(b)(5) and 78ff of Title 15 of the United States Code.

      On **Count One** of the indictment, we, the jury, find Michael McClain:

    ☐ Not Guilty      ☐ Guilty

For any defendant to be convicted of Count One, the jury must be unanimous as to the object of the conspiracy and on an overt act committed in furtherance of the conspiracy. If, and only if, you have found Mr. McClain guilty of this Count, please unanimously identify:

    1.  the object of the conspiracy here: _____

    2.  the overt act committed by a conspirator in furtherance of the conspiracy: _____

Otherwise, leave these spaces blank.

**<u>Count Two:</u>**

      On **Count Two** of the indictment, we, the jury, find Michael McClain:

    ☐ Not Guilty      ☐ Guilty

**<u>Count Three:</u>**

On **Count Three** of the indictment, we, the jury, find Michael McClain:

☐ Not Guilty          ☐ Guilty

For any defendant to be convicted of Count Three, the jury must be unanimous as to the document(s) falsified. If, and only if, you have found Mr. McClain guilty of this Count, please identify:

the document(s) falsified here: _____

Otherwise, leave this space blank.

**<u>Count Four:</u>**

On **Count Four** of the indictment, we, the jury, find Michael McClain:

☐ Not Guilty          ☐ Guilty

For any defendant to be convicted of Count Four, the jury must be unanimous as to the document(s) falsified. If, and only if, you have found Mr. McClain guilty of this Count, please identify:

the document(s) falsified here: _____

Otherwise, leave this space blank.

**<u>Count Five:</u>**

On **Count Five** of the indictment, we, the jury, find Michael McClain:

☐ Not Guilty          ☐ Guilty

**<u>Count Six:</u>**

On **Count Six** of the indictment, we, the jury, find Michael McClain:

☐ Not Guilty          ☐ Guilty

**<u>Count Seven:</u>**

On **Count Seven** of the indictment, we, the jury, find Michael McClain:

☐ Not Guilty          ☐ Guilty

For any defendant to be convicted of Count Seven, the jury must be unanimous as to the document(s) falsified. If, and only if, you have found Mr. McClain guilty of this Count, please identify:

the document(s) falsified here: _____

Otherwise, leave this space blank.

## Count Eight:

On **Count Eight** of the indictment, we, the jury, find Michael McClain:

☐ Not Guilty          ☐ Guilty

## Count Nine:

On **Count Nine** of the indictment, we, the jury, find Michael McClain:

☐ Not Guilty          ☐ Guilty

For any defendant to be convicted of Count Nine, the jury must be unanimous as to the document(s) falsified. If, and only if, you have found Mr. McClain guilty of this Count, please identify:

the document(s) falsified here: _____

Otherwise, leave this space blank.

_____

FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

                                  _____
                                              Date

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

v.

MICHAEL McCLAIN, ANNE
PRAMAGGIORE, JOHN HOOKER, and
JAY DOHERTY

No. 20 CR 812

Hon. Harry D. Leinenweber

**DEFENDANTS PROPOSED VERDICT FORM**
**Anne Pramaggiore**

**Count One:**

Count One charged the defendants with a conspiracy to: (i) corruptly solicit things of value; (ii) corruptly give or offer to give things of value with intent to influence or reward Michael Madigan in connection with legislation; and (iii) commit the offense of falsifying certain ComEd and Exelon books, records, or accounts in violation of Sections 78m(b)(5) and 78ff of Title 15 of the United States Code.

On **Count One** of the indictment, we, the jury, find Anne Pramaggiore:

☐ Not Guilty          ☐ Guilty

For any defendant to be convicted of Count One, the jury must be unanimous as to the object of the conspiracy and on an overt act committed in furtherance of the conspiracy. If, and only if, you have found Ms. Pramaggiore guilty of this Count, please unanimously identify:

1. the object of the conspiracy here: _____

2. the overt act committed by a conspirator in furtherance of the conspiracy: _____

Otherwise, leave these spaces blank.

**Count Two:**

On **Count Two** of the indictment, we, the jury, find Anne Pramaggiore:

☐ Not Guilty          ☐ Guilty

**Count Three:**

On **Count Three** of the indictment, we, the jury, find Anne Pramaggiore:

☐ Not Guilty          ☐ Guilty

For any defendant to be convicted of Count Three, the jury must be unanimous as to the document(s) falsified. If, and only if, you have found Ms. Pramaggiore guilty of this Count, please identify:

the document(s) falsified here: _____

Otherwise, leave this space blank.

**Count Four:**

On **Count Four** of the indictment, we, the jury, find Anne Pramaggiore:

☐ Not Guilty          ☐ Guilty

For any defendant to be convicted of Count Four, the jury must be unanimous as to the document(s) falsified. If, and only if, you have found Ms. Pramaggiore guilty of this Count, please identify:

the document(s) falsified here: _____

Otherwise, leave this space blank.

**Count Five:**

On **Count Five** of the indictment, we, the jury, find Anne Pramaggiore:

☐ Not Guilty          ☐ Guilty

**Count Six:**

On **Count Six** of the indictment, we, the jury, find Anne Pramaggiore:

☐ Not Guilty          ☐ Guilty

**Count Seven:**

On **Count Seven** of the indictment, we, the jury, find Anne Pramaggiore:

☐ Not Guilty          ☐ Guilty

For any defendant to be convicted of Count Seven, the jury must be unanimous as to the document(s) falsified. If, and only if, you have found Ms. Pramaggiore guilty of this Count, please identify:

the document(s) falsified here: _____

Otherwise, leave this space blank.

## **Count Eight:**

On **Count Eight** of the indictment, we, the jury, find Anne Pramaggiore:

☐ Not Guilty          ☐ Guilty

## **Count Nine:**

On **Count Nine** of the indictment, we, the jury, find Anne Pramaggiore:

☐ Not Guilty          ☐ Guilty

For any defendant to be convicted of Count Nine, the jury must be unanimous as to the document(s) falsified.  If, and only if, you have found Ms. Pramaggiore guilty of this Count, please identify:

the document(s) falsified here: _____

Otherwise, leave this space blank.


_____          _____
FOREPERSON


_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

                                         _____
                                                  Date

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

       v.

MICHAEL McCLAIN, ANNE
PRAMAGGIORE, JOHN HOOKER, and
JAY DOHERTY

No. 20 CR 812

Hon. Harry D. Leinenweber

**<u>DEFENDANTS' PROPOSED VERDICT FORM</u>**
**John Hooker**

**<u>Count One:</u>**

Count One charged the defendants with a conspiracy to: (i) corruptly solicit things of value; (ii) corruptly give or offer to give things of value with intent to influence or reward Michael Madigan in connection with legislation; and (iii) commit the offense of falsifying certain ComEd and Exelon books, records, or accounts in violation of Sections 78m(b)(5) and 78ff of Title 15 of the United States Code.

On **Count One** of the indictment, we, the jury, find John Hooker:

☐ Not Guilty      ☐ Guilty

For any defendant to be convicted of Count One, the jury must be unanimous as to the object of the conspiracy and on an overt act committed in furtherance of the conspiracy. If, and only if, you have found Mr. Hooker guilty of this Count, please unanimously identify:

1. the object of the conspiracy here: _____

2. the overt act committed by a conspirator in furtherance of the conspiracy: _____

Otherwise, leave these spaces blank.

**<u>Count Three:</u>**

On **Count Three** of the indictment, we, the jury, find John Hooker:

☐ Not Guilty      ☐ Guilty

For any defendant to be convicted of Count Three, the jury must be unanimous as to the document(s) falsified. If, and only if, you have found Mr. Hooker guilty of this Count, please identify:

the document(s) falsified here: _____

Otherwise, leave this space blank.

## Count Four:

On **Count Four** of the indictment, we, the jury, find John Hooker:

☐ Not Guilty ☐ Guilty

For any defendant to be convicted of Count Four, the jury must be unanimous as to the document(s) falsified. If, and only if, you have found Mr. Hooker guilty of this Count, please identify:

the document(s) falsified here: _____

Otherwise, leave this space blank.

## Count Seven:

On **Count Seven** of the indictment, we, the jury, find John Hooker:

☐ Not Guilty ☐ Guilty

For any defendant to be convicted of Count Seven, the jury must be unanimous as to the document(s) falsified. If, and only if, you have found Mr. Hooker guilty of this Count, please identify:

the document(s) falsified here: _____

Otherwise, leave this space blank.

## Count Eight:

On **Count Eight** of the indictment, we, the jury, find John Hooker:

☐ Not Guilty ☐ Guilty

## Count Nine:

On **Count Nine** of the indictment, we, the jury, find John Hooker:

☐ Not Guilty ☐ Guilty

For any defendant to be convicted of Count Nine, the jury must be unanimous as to the document(s) falsified.  If, and only if, you have found Mr. Hooker guilty of this Count, please identify:

the document(s) falsified here:  _____

Otherwise, leave this space blank.


_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


_____
Date

94

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

v.

MICHAEL McCLAIN, ANNE
PRAMAGGIORE, JOHN HOOKER, and
JAY DOHERTY

No. 20 CR 812

Hon. Harry D. Leinenweber

## <u>DEFENDANTS' PROPOSED VERDICT FORM</u>
**Jay Doherty**

### <u>Count One:</u>

Count One charged the defendants with a conspiracy to: (i) corruptly solicit things of value; (ii) corruptly give or offer to give things of value with intent to influence or reward Michael Madigan in connection with legislation; and (iii) commit the offense of falsifying certain ComEd and Exelon books, records, or accounts in violation of Sections 78m(b)(5) and 78ff of Title 15 of the United States Code.

On **Count One** of the indictment, we, the jury, find Jay Doherty:

☐ Not Guilty      ☐ Guilty

For any defendant to be convicted of Count One, the jury must be unanimous as to the object of the conspiracy and on an overt act committed in furtherance of the conspiracy. If, and only if, you have found Mr. Doherty guilty of this Count, please unanimously identify:

1. the object of the conspiracy here: _____

2. the overt act committed by a conspirator in furtherance of the conspiracy: _____

Otherwise, leave these spaces blank.

### <u>Count Three:</u>

On **Count Three** of the indictment, we, the jury, find Jay Doherty:

☐ Not Guilty      ☐ Guilty

95

For any defendant to be convicted of Count Three, the jury must be unanimous as to the document(s) falsified.  If, and only if, you have found Mr. Doherty guilty of this Count, please identify:

> the document(s) falsified here:  _____

Otherwise, leave this space blank.

### Count Four:

On **Count Four** of the indictment, we, the jury, find Jay Doherty:

☐ Not Guilty          ☐ Guilty

For any defendant to be convicted of Count Four, the jury must be unanimous as to the document(s) falsified.  If, and only if, you have found Mr. Doherty guilty of this Count, please identify:

> the document(s) falsified here:  _____

Otherwise, leave this space blank.

### Count Seven:

On **Count Seven** of the indictment, we, the jury, find Jay Doherty:

☐ Not Guilty          ☐ Guilty

For any defendant to be convicted of Count Seven, the jury must be unanimous as to the document(s) falsified.  If, and only if, you have found Mr. Doherty guilty of this Count, please identify:

> the document(s) falsified here:  _____

Otherwise, leave this space blank.

### Count Eight:

On **Count Eight** of the indictment, we, the jury, find Jay Doherty:

☐ Not Guilty          ☐ Guilty

### Count Nine:

On **Count Nine** of the indictment, we, the jury, find Jay Doherty:

☐ Not Guilty          ☐ Guilty

For any defendant to be convicted of Count Nine, the jury must be unanimous as to the document(s) falsified.  If, and only if, you have found Mr. Doherty guilty of this Count, please identify:

the document(s) falsified here: _____

Otherwise, leave this space blank.

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____
Date

97

# APPENDIX

Defendants submit the following explanation in support of Defendants' Instructions Nos. 26, 28, 30 and 30.2. Defendants additionally incorporate all objections and argument from their previously filed Memorandum in Support of Defendants' Proposed Jury Instructions for the Elements of 18 U.S.C. § 666(a)(1)(B), (a)(2), and (C) and Defendants' Objections to the Government's Proposed Jury Instructions for the Elements of 18 U.S.C. § 666(a)(1)(B), (a)(2), and (c). (*See* Dkt. 94, 97.)

### DEFENDANTS' INSTRUCTIONS NOS. 26 AND 28

Defendants provide the following additional explanations for their proposed Defendants' Instructions Nos. 26 and 28 concerning conspiracy to violate 18 U.S.C. **§§** 666(a)(1)(B) and (a)(2), and the elements of a violation of 18 U.S.C. **§** 666(a)(2). Although the parties previously submitted proposed jury instructions related to the elements of 18 U.S.C. § 666 (Dkt. 92–93), the legal landscape concerning the interpretation and application of 18 U.S.C. § 666 continues to evolve. *See, e.g., United States v. Hamilton*, 46 F.4th 389 (5th Cir. 2022) (vacating § 666 conviction due to district court's failure to instruct jury that it had to find a *quid pro quo* in order to convict defendant). And in January 2023, the Seventh Circuit Pattern Jury Instructions Committee revised the 18 U.S.C. § 666 pattern instructions and associated commentary. *See* Pattern Criminal Jury Instructions (2022) Updated, https://www.ca7.uscourts.gov/pattern-jury-instructions/pattern-jury.htm (hereinafter, "Revised Pattern Instructions."). Defendants accordingly reserved the right to revisit the 18 U.S.C. § 666 instructions and do so here. (*See* Dkt. 102.)

### I. The Instructions Must Include the Indictment Terms "Michael Madigan" or "Mr. Madigan," "Illinois," and "Legislation."

Incorporating the terms "Michael Madigan" or "Mr. Madigan," "Illinois," and "legislation" into the jury instructions is essential to appropriately tailor the instructions to the

Indictment. Instructions that are insufficiently tailored to an indictment—such that a jury is able to convict for an offense outside the indictment's scope—violate the Fifth Amendment. *Stirone v. United States*, 361 U.S. 212, 217–18 (1960); *United States v. Remsza*, 77 F.3d 1039, 1043 (7th Cir. 1996). Such error is "reversible per se." *United States v. Leichtnam*, 948 F.2d 370, 377–79 (7th Cir. 1991) (finding that details from the indictment are "essential element[s] of the charge" and must be included to ensure defendants can only be convicted of the actual conduct charged).

The Indictment identifies "Public Official A, an agent of Illinois" as the recipient of the alleged benefits, and the Government has confirmed that "Public Official A" is the Government's pseudonym for Michael Madigan. (*See* Email from Sarah Streicker, Assist. U.S. Att'y, to Counsel for Defs. (Jan. 13, 2021, 9:01 AM CST); see also Indictment at 9 ¶ 1(u), 11–12 ¶ 2(a) (identifying "Public Official A, an agent of Illinois" as the recipient of the alleged benefits).) Therefore the terms "Michael Madigan" or "Mr. Madigan" and "Illinois" must be included in the instructions in place of the Government's proposed language of "agent" or "person" and "State" or "government" to prevent the jury from being able to convict defendants for seeking to corruptly "influence or reward" persons who are *not* Mr. Madigan or are an agent of a state or entity *other than* the State of Illinois. (*See* Indictment at 9 ¶ 1(u), 11–12 ¶ 2(a).) This issue is especially important in a case where, as here, Defendants anticipate that the Government may be calling other public officials as witnesses or presenting evidence related to Defendants' interactions with other public officials.

Likewise, the Indictment identifies the "business, transaction, and series of transactions of the State of Illinois involving things of value of $5,000 or more" at issue as specifically "namely, legislation affecting ComEd and its business." (*See* Indictment at 12 ¶ 2(b), 43 ¶ 2, 46 ¶ 2, 49 ¶ 2 (alleging conspiracy to solicit or bribe and bribery "in connection with any business,

transaction, and series of transactions of the State of Illinois involving a thing of value of $5,000 or more, namely, legislation affecting ComEd and its business").)  Therefore the term "legislation" must be used in place of existing references to the "business, transaction, and series of transactions" at issue in order to prevent the jury from being capable of convicting on the basis of conduct not charged, *i.e.* unconstitutional constructive amendment of the indictment. *Stirone*, 361 U.S. at 217–18; *Remsza*, 77 F.3d at 1043; *Leichtnam*, 948 F.2d at 377–79.

## II.   "Corruptly" Should Be Its Own Element, In Keeping With The Seventh Circuit Pattern Jury Committee's Proposed Revisions to Instructions on 18 U.S.C. § 666.

Defendants agree with the Seventh Circuit Pattern Jury Instructions Committee's decision to make acting "corruptly" an additional, stand-alone element in the Revised Pattern Instructions for 18 U.S.C. § 666(a)(1)(B) and see no reason not to likewise apply this revision to the corresponding portion of the 18 U.S.C. § 666(a)(2) instructions.  *See* Revised Pattern Instructions for 18 U.S.C. § 666(a)(1)(B) ACCEPTING A BRIBE.

This revision is essential because the Government's proposal combines multiple elements within the same element instruction in a manner that may confuse and mislead the jury. Specifically, with respect to 18 U.S.C. § 666(a)(1)(B), the Government's proposed Element 3, "That the person does so corruptly with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government" combines both the requirement that a defendant act "corruptly" *and* the requirement that he act "with intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government" in a way that misleadingly implies that such elements are synonymous, *not* distinct elements that actually each must be proved.  (*See* Government Instruction No. 26.)  The Seventh Circuit Pattern Jury Instructions Committee's solution of creating an additional, stand-

alone "corruptly" element addresses this problem.  *See* Revised Pattern Instructions for 18 U.S.C. § 666(a)(1)(B) ACCEPTING A BRIBE.

Similarly with respect to 18 U.S.C. § 666(a)(2), the Government's proposed Element 2 combines the requirement that a defendant act "corruptly" with the requirement that he act "with intent to influence or reward an agent of State government in connection with some business, transaction, or series of transactions of the government."  (*See* Government Instruction No. 26 ("That person does so corruptly with the intent to influence or reward an agent of State government in connection with some business, transaction, or series of transactions of the government.") and No. 28 ("That the defendant did so corruptly with the intent to influence or reward an agent of State government in connection with some business, transaction, or series of transactions of State government.").)  This structure again risks misleading the jury to the incorrect conclusion that these two elements are synonymous and therefore proving one is sufficient to prove the other.  Accordingly, the Seventh Circuit Pattern Jury Instructions Committee's solution of making the requirement to act "corruptly" an additional, independent element is warranted.

### III.    The Government's Proposed Definition for "Corruptly" Fails to Convey The Necessary *Mens Rea.*

Defendants object to the definition the Government proposes for "corruptly" because it rids the word of any meaning, criminalizes innocent behavior, and fails to incorporate a *quid pro quo*.[1]

Any jury instructions for charges brought under 18 U.S.C. §§ 666(a)(1)(B) or (a)(2) "must define the term 'corruptly.'"  *See* Bauer Pattern Instructions (ed. 2022), comm. cmt. at

---

[1] Defendants incorporate by reference their reasoning and argument from the motion to dismiss briefing on the need for a *quid pro quo* for 18 U.S.C. § 666 offenses.  (*See* Dkt. 46, Def's' Memo. in Support of Joint Mot. Dismiss at 6–22, 24–29.)

277, 280 (citing *United States v. Medley*, 913 F.2d 1248 (7th Cir. 1990)) (language not included in Committee Comments to the 2023 Revised Pattern Instructions, which make the definition of "corruptly" an element of 18 U.S.C. § 666(a)(1)(B)); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 707–08 (2005) (reversing and remanding where jury instructions failed to give meaning to "corruptly" that would distinguish between criminal and innocent acts under 18 U.S.C. § 1512. Under the rules of statutory construction, a statute must be construed "so that effect is given to *all* its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (emphasis added). And the Supreme Court cautions that this duty not to render words surplusage is heightened in the criminal context. *Ratzlaf v. United States*, 510 U.S. 135, 140–41 (1994). Yet the Government's proposed definitions for corruptly, although based on the Pattern Instructions, have the effect of eliminating "corruptly" from the charge.

Specifically, for 18 U.S.C. § 666(a)(2) the Government proposes that a person acts "corruptly" when he "acts with the intent that something of value is given or offered to reward or influence an agent of State government in connection with the agent's official duties." (Government Instruction Nos. 26 and 28.) But this instruction simply restates *other* elements of the crime, namely that a violation occurs when a defendant "gives, offers or agrees to give things of value to another person . . . with the intent to influence or reward an agent of State government in connection with some business, transaction, or series of transactions of the government." *Id*. The definition thus renders "corruptly" superfluous because it adds *nothing* to modify the instructions. *See* Revised Pattern Jury Instructions, comm. cmt. on 18 U.S.C. § 666(a)(2) PAYING A BRIBE ("The Committee notes that the definition [of corruptly] does not

appear to add any requirement beyond the intent requirement in the second element of the Pattern Instruction . . . .").

And for 18 U.S.C. § 666(a)(1)(B), the Government proposes that a person acts "corruptly" when "that person acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties." (Government Instruction No. 26.) But again, the remainder of the Government's § 666(a)(1)(B) instructions *already* describe "solicit[ing], demand[ing], accept[ing] or agree[ing] to accept something of value . . . with the intent to be influenced or rewarded in connection with some business, transaction or series of transactions of the government" as elements of the offense. (*Id.*) So, the government's proposal again would render "corruptly" meaningless.

The Government's proposed "corruptly" definitions also fail to distinguish between criminal and innocent acts. As this Court correctly understood, "§ 666(a)(2) appears to rely on the word 'corruptly' to differentiate between legal and illegal" conduct. (*See* Dkt. 83, Mem. Order on Mot. Dismiss at 8; *see also id.* at 15 (finding that "'corruptly' cabins the scope of the law to illegal conduct").) But the Government's proposed definitions are so overbroad as to reach not just illegal conduct but also *legal* lobbying. Under the Government's proposed "corruptly" definition for 18 U.S.C. § 666(a)(2), "a person acts corruptly when that person acts with the intent that something of value is given or offered to reward or influence an agent of State government in connection with the agent's official duties." (*See* Government Instructions Nos. 26 and 28.) In other words, the Government's position is that giving something of value to a public official with the goal of influencing that official in his duties *by itself* is sufficient to violate 18 U.S.C. § 666. But, this is precisely what legal lobbying entails. *See, e.g.*, Illinois Lobbyist Registration Act (25 ILCS 170/2) (describing the various expenditures for or on behalf

of State officials that lobbyists should report using in the course of registered, legal lobbying "for the ultimate purpose of influencing any executive, legislative, or administrative action at the State, municipal, county, or township government level"); *Federal Election Comm'n v. Cruz*, 142 S. Ct. 1638, 1653 (2022) ("[I]nfluence and access embody a central feature of democracy.") (internal quotation marks omitted).[2]  In other words, in Illinois lobbying can entail giving things of value to public officials for the ultimate purpose of influencing executive, legislative, or administrative action by the government.  The Government's proposed instructions would criminalize this innocent conduct.

Similarly the Government's "corruptly" definition for 18 U.S.C. § 666(a)(1)(B)—which proposes that a person acts "corruptly" when he "acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties"—would capture public officials on the receiving end of influence attempts via legal fundraising and lobbying.  (*See* Government Instruction No. 26.)  *See also McCormick v. United States*, 500 U.S. 257, 272–73 (1991) (cautioning against criminalizing the solicitation of campaign contributions); *Am. Civil Liberties Union of Ill. v. White*, 692 F. Supp. 3d 986, 992 (N.D. Ill. 2020) ("[L]egislative lobbying is an activity protected by the First Amendment"); *see also United States v. North*, 910 F.2d 843, 942 (D.C. Cir.) (Silberman, J., concurring in part) ("If attempting to influence a congressional committee by itself is a crime, we might as well convert all of Washington's office buildings into prisons. Some might not think that such a bad idea, but

---

[2] At the Court's June 21, 2022 hearing on instructions, the Court had stated that legal and corrupt lobbying are distinguishable because only the latter intends to provide 'something of value," either offered or given, in order to influence officials, (*see* June 21, 2022 Hr'g Tr. at 4:17–5:06), but respectfully, the Illinois lobbying statute details various expenditures, all of which are things of value legally offered or given in the course of lobbying, *i.e.* "influencing any executive, legislative, or administrative action at the State, municipal, county, or township government level" under Illinois law. 25 ILCS 170/2(e).

I doubt that Congress so intended."), *opinion withdrawn and superseded in part on reh'g*, 920

F.2d 940 (D.C. Cir. 1990).  Indeed, last November, several justices of the Supreme Court

expressed concern about broadly interpreting bribery laws to include protected lobbying

activities.  (*See* Ex. F, Excerpts of Transcript of Oral Argument at 24, *Percoco v. United States*,

No. 21-1158 (Nov. 22, 2022) ("But, if the Court were to go beyond that, is there a stopping

point?  Does this statute cover all lobbying potentially?") (Gorsuch, J.); *id.* at 49 ("There's a

concern about having this -- interpreting this statute to sweep in lobbying.") (Alito, J.).)  And

nothing about the Government's "corruptly" definition prevents conviction for these legal

activities.

Most importantly, the Government's "corruptly" definition is missing the essential

element of a *quid pro quo*.  As Defendants have argued[3] and the Fifth Circuit became the latest

Circuit to hold just months ago in *United States v. Hamilton*, 18 U.S.C. § 666's text, context, and

fundamental principles of federalism all establish that convictions under the statute require a

showing of *quid-pro-quo* bribery, not a mere gratuity.  *Hamilton*, 46 F.4th 389, 394 (5th Cir.

2022) (vacating conviction for district court's failure to instruct jury of the need for a *quid pro*

*quo* and holding "that § 666 does, in fact, require a *quo*; a *quid* alone will not suffice.").

Section 666's statutory text, focusing on "corrupt" actions undertaken with "an intent to

influence or reward" covered agents "in connection with any business, transaction, or series of

transactions" calls for a *quid pro quo*.  *See* 18 U.S.C. § 666(a)(2).  The "thing of value" (*i.e.*, the

*quid*) must be provided "*in connection with*" some "business, transaction, or series of

transactions" (*i.e.*, the *quo*), and it is the presence of this *quid pro quo* that makes the

---

[3] For the fullest discussion of Defendants' argument on this point, Defendants direct the Court's attention
to their Memorandum of Law in Support of Defendants' Joint Motion to Dismiss Counts Two, Five, Six,
and Eight and to Partially Dismiss Count One of the Indictment, Dkt. 46, which Defendants incorporate
here.

arrangement corrupt and not a legal activity such as a campaign contribution. The statutory reference to "reward" makes the timing of the *quid pro quo* payment immaterial, as it can precede (influence) or follow (reward) the *quo*, but in either case, a *quid pro quo* must be proven.

The legislative history behind 18 U.S.C. § 666 also supports the conclusion that it requires a *quid pro quo*. *Hamilton*, 346 F.4th at 398. Section 666 was enacted to extend the federal-officer corruption statute 18 U.S.C. § 201 to agents of state, local, tribal, and private organization receiving federal benefits. *See Salinas v. United States*, 522 U.S. 52, 58 (1997) (discussing Section 201 and Section 666's intertwined history). Section 201 has two distinct subsections: Section 201(b) covering bribery, which "requires a showing that something of value was corruptly given, offered, or promised to a public official" with the intent "to influence any official act," and Section 201(c) covering illegal gratuity, which "requires a showing that something of value was given, offered, or promised to a public official" "for or because of any official act performed or to be performed by such public official." *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404 (1999). When 18 U.S.C. § 666 was first enacted, it resembled the illegal-gratuity provisions with its "for or because of language." *See* Comprehensive Crime Control Act, Pub. L. No. 98-473, § 1104(a), 98 Stat. 1837, 2143–44 (1984). But two years later, Congress modified the language to instead resemble federal-bribery under Section 201(b), replacing "for or because of" with "intent to influence" and adding the requirement that conduct be done "corruptly." *See* Criminal Law and Procedure Technical Amendments Act of 1986, Pub. L. No. 99-646, § 59, 100 Stat. 3592, 3612–13. When the Supreme Court in *Sun-Diamond* later weighed in on the interpretation of Section 201(b), it was this language—requiring that something of value be *corruptly* given to a public official with *intent to influence an official act*—which persuaded the Court that Section 201(b) bribery

required a *quid pro quo*. *See Sun-Diamond*, 526 U.S. at 404–05. "These similarities compel a similar result: both § 201(b) and § 666(a) cover only *quid pro quo* bribery." *Hamilton*, 346 F.4th at 397 (citing *Sun Diamond*, 526 U.S. at 404).

That 18 U.S.C. § 666 targets bribery and requires a *quid pro quo* additionally squares with the context surrounding the statute. First, the evolution of the language of 18 U.S.C. § 666—in which it was modified away from the original language resembling Section 201's gratuity provision and toward Section 201's bribery provision—aligns with the explanation that 18 U.S.C. § 666 targets only bribery not gratuity. Second, the relative statutory penalties make most sense that way, whereby bribery of a federal official is a fifteen years' imprisonment offense, bribery of a local official is a ten-year offense, and federal gratuities yields two years' imprisonment, as compared with the scenario created by the Government's position which yields the absurd result that a gratuity given to a local official would yield a ten-year sentence when a gratuity given to a federal official yields two years. *Hamilton*, 346 F. 4th at 398. The rational explanation, then, is that § 666, like Section 201(b) that it was ultimately modeled after, applies only to *quid pro quo* bribery. *Id.* Accordingly, the Government's proposed "corruptly" definition also falls short for failing to include a *quid pro quo*.

## IV. Defendants' Proposed Definitions for "Corruptly" Address These Deficiencies.

Defendants' proposed "corruptly" definitions address the shortcomings of the Government's proposals by giving meaning to the term, differentiating between legal and illegal conduct, and incorporating the need for a *quid pro quo*. In Defendants' proposal, "corruptly" is defined based on a combination of Pattern Instruction and *Sun-Diamond*, as follows: for 18 U.S.C. § 666(a)(2), "That the defendant acted corruptly, that is with the specific intent to give something of value in exchange for an exercise of an official duty," and for conspiracy to violate 18 U.S.C. § 666(a)(1)(b), "Public Official A acts corruptly, that is with the knowledge that

something of value is to be offered or given in exchange for an exercise of an official duty."

(Defendants' Instructions Nos. 26 and 28.)  *See also Sun-Diamond*, 526 U.S. at 404–05 ("for

bribery there must be a quid pro quo—a specific intent to give or receive something of value *in*

*exchange for* an official act") (interpreting 18 U.S.C. § 201); Seventh Circuit Criminal Pattern

Jury Instructions, 18 U.S.C. § 666(a)(2) PAYING A BRIBE (referring to an agent's "official

duties").[4]  Unlike the Government's proposals, Defendants' definitions preserve "corruptly" as

an operative word that does not merely reiterate the other elements in the instructions.  Rather,

Defendants' definitions incorporate requisite, unique element of the *quid pro quo*, whereby what

makes giving a thing of value corrupt is the fact it is done "in exchange for" an official act.  *See*

*Sun-Diamond*, 526 U.S. at 404–05.  And it is precisely the presence of this *quid pro quo* that

enables the statute to effectively distinguish between legal and illegal conduct, between lobbying

through gifts seeking influence and bribery with the expectation of an illegal exchange.

## V.    The Government's Selective Excerpt From The Statute Should Be Completed So As Not to Be Misleading.

Defendants object to the Government's proposal to replace the Seventh Circuit Pattern

Jury Instruction's reference to "bribery" in the 18 U.S.C. § 666(a)(2) instructions with "corruptly

giving and offering to give things of value."  (*Compare* Government Instruction No. 28 ("Counts

Two, Five, Six, and Eight of the indictment charge defendants with corruptly offering and

agreeing to give things of value.") *with* Seventh Circuit Pattern Jury Instructions, 18 U.S.C.

§ 666(a)(2) PAYING A BRIBE ("The indictment charges the defendant with paying or offering

to pay a bribe.") (cleaned up).)  Although the Court suggested this substitution more closely

---

[4] For the solicitation instruction, 18 U.S.C. § 666(a)(1)(B), Defendants' corruptly definition refers to the public official's "knowledge," rather than "understanding" as in the Pattern Instruction, consistent with Seventh Circuit precedent.  *See United States v. Hawkins*, 777 F.3d 880, 882 (7th Cir. 2015) (An agent "act[s] corruptly if they *know* that the payor is trying to get them to do the acts forbidden by the statute, and they take the money anyway.").

aligned the instructions with the language of the statute (*see* June 21, 2022 Hr'g Tr. 5:7–12), it is not a full substitution for the word "bribery," for the reasons described *supra*.[5]

    This abbreviated text also risks misleading the jury with the false impression that "corruptly giving things of value"—*without more*—is sufficient to violate 18 U.S.C. § 666(a)(2) when, in fact, the statute criminalizes corruptly offering or agreeing to give things of value *only if* done "*with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more.*" 18 U.S.C. § 666(a). Even were the jury to distill such additional requirements impressionistically from the remaining instructions, that is no substitution for appearing in the government's thesis of this section: "defendants [were charged] with corruptly offering and agreeing to give things of value." Accordingly, if the Court adopts the Government's addition, it should include the remaining clarifying—and *limiting*—language from the statute "to another person, with intent to influence or reward an agent of the State of Illinois, in connection with any business, transaction, or series of transactions of the Illinois government involving anything of value of $5,000 or more" to accurately capture the charge. (*See* Defendants' Instructions Nos. 26 and 28.)

---

[5] Defendants also note for the record that the Government also has already conceded that the Indictment concerns bribery. (*See* Dkt. 54, Gov't's Consol. Resp. to Def's' Pretrial Mot at 12 ("The indictment alleges that the defendants engaged in *bribery* and conspired to do so . . . .") (emphasis added).)

**DEFENDANTS' INSTRUCTION NO. 30**

**I.      The Government's Non-Pattern Language is Unnecessary and Misstates the Law.**

Defendants have proposed the Seventh Circuit Pattern Jury Instructions for 18 U.S.C. § 666(c), Defendants' Instruction No. 30, and object to the Government's additional, non-pattern language that has no basis in law and no place in the Court's jury instructions.  The extraneous language reads: "Salary, wages, fees, or other compensation given, offered or agreed to be given for the purpose of corruptly influencing or rewarding a public official are not bona fide and not given, offered or agreed to be given in the usual course of business."  (*See* Government Instruction No. 30.)  But the only authority the Government has cited for this proposition is a portion of this Court's order on Defendants' Motion to Dismiss which *at most* states the Court's position that not *all* wages or salaries fit within 18 U.S.C. § 666(c)'s exemption.  (*See* Dkt. 92, Gov't Proposed Jury Instructions at 10 (citing Dkt. 83, Mem. Order Mot. Dismiss at 6 ("The fact that these incentives were laundered partially through jobs does not invalidate the indictment. A company cannot use its payroll line on its accounting ledger to circumvent all Government oversight of public corruption.")).)  And, this position is already captured by the Pattern Instruction, which instructs that, "*Bona fide* salary, wages, fees, or other compensation paid *in the usual course of business* do not qualify as a thing of value given, offered or agreed to be given by a defendant."  *See* Seventh Circuit Criminal Pattern Jury Instructions, 18 U.S.C. § 666(c) BONA FIDE COMPENSATION, p. 306 (cleaned up) (emphasis added).  The Government's addition, then, adds nothing and should not be given.  *See United States v. Hill*, 252 F.3d 919, 923 (7th Cir. 2001) ("Unless it is necessary to give an instruction, it is necessary not to give it, so that the important instructions stand out and are remembered.").

Moreover, the Government's proposal merits exclusion as a misstatement of law.  The rules of statutory construction provide that a statute must be construed "so that effect is given to

all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004). And this duty not to treat statutory words as mere surplusage is heightened in the criminal context. *Ratzlaf*, 510 U.S. at 140–41.

Yet here, the Government's extra language would render 18 U.S.C. § 666(c) meaningless. For 18 U.S.C. § 666(c) to be operative, there must exist *some* category of conduct that would violate 18 U.S.C. § 666 *but for* the fact such conduct falls within 18 U.S.C. § 666(c)'s safe harbor; otherwise, there is no reason for § 666(c) to exist. But the Government's proposed language would prevent 18 U.S.C. § 666(c)'s safe harbor from applying to any conduct done "corruptly," even though conduct *must* be done corruptly to violate the statute in the first place. (*See* Dkt. 92, Gov't Proposed Jury Instructions at 10 (suggesting salary, wages, fees or other compensation are *not* "bona fide" or "in the usual course of business" if given "*for the purpose of corruptly influencing or rewarding a public official.*") (emphasis added).) *See also* 18 U.S.C. §§ 666(a)(1)(B), 666(a)(2). In other words, a defendant could *only* take advantage of 18 U.S.C. § 666's safe harbor provision by *not violating the statute in the first place*.

Not only is the Government's proposed instruction inconsistent with the statute and counter to the rules of statutory interpretation, it also directly contradicts Seventh Circuit precedent. In *United States v. Blagojevich*, the Seventh Circuit held that under 18 U.S.C. § 666, "[c]ompensation for a job by someone other than a ghost worker is a 'bona fide salary.'" *See* 794 F.3d 729, 736 (7th Cir. 2015).[6] The Government has no prerogative to declare any compensation that the Seventh Circuit has held bona fide to be *not* bona fide, so the Court should reject the Government's attempt to rewrite the statute.

---

[6] To the extent the Court perceives a conflict between *Blagojevich* and *United States v. Whiteagle*, *Blagojevich* controls as the more recent Seventh Circuit precedent. *Compare Blagojevich*, 794 F.3d 729 (7th Cir. 2015) with *Whiteagle*, 759 F.3d 734 (7th Cir. 2014). Moreover, *Whiteagle* does not even discuss the Section 666(c) safe harbor, so it provides no guidance on how that provision should be interpreted.

## II.     The Bona Fide Compensation Instruction Should Be Given to the Jury, Whether as Part of the Elements, as Defendants Maintain, or as a Theory of Defense.

Defendants respectfully disagree with the Court's position that 18 U.S.C. § 666(c) is an affirmative defense. In *United States v. Petty*, the Seventh Circuit defined an affirmative defense as one that "goes beyond the elements of the offense to prove facts which somehow remove the defendant from the statutory threat of criminal liability." 132 F.3d 373, 378 (7th Cir. 1998). Here, the 18 U.S.C. § 666(c) exemption does not "go[] beyond the elements of the offense"—it circumscribes the reach of the statute by expressly providing that the payment of bona fide compensation cannot violate the statute. *See* 18 U.S.C. § 666(c) ("This section *does not apply* to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.") (emphasis added); *United States v. Robinson*, 663 F.3d 265, 272 (7th Cir. 2011) (finding that under this provision "legitimate salary, wages, and other compensation may not be considered a bribe"); *id.* ("The natural reading of the exception is that § 666 *does not target* bona fide salary, wages, and compensation; that is, compensation paid in the ordinary course shall not be construed as a bribe.") (emphasis added); *United States v. Mills*, 140 F.3d 630, 633–34 (6th Cir. 1998) ("Congress also saw fit to *exclude from the reach* of the federal statute those individuals and those transactions that involved only the payment of bona fide salaries, wages, fees, and other compensation.") (emphasis added).

The statement from *McKelvey v. United States* that a statute "need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere" is not to the contrary because 18 U.S.C. § 666(c)'s safe harbor is not a mere exception providing that conduct meeting all of the elements of the offense is excused from punishment if certain other conditions are met; rather, it prevents the statute from reaching a whole class of conduct *in the first place*. *McKelvey*, 260 U.S. 353, 357 (1922); *see also*

APPENDIX – 15

*Robinson*, 663 F.3d at 272. Section 666(c)'s exemption is therefore an essential element of the offense that must be included in the jury instructions.

Even if 18 U.S.C. § 666(c) were an affirmative defense, Defendants have already satisfied the burden for it to be given as a theory of defense instruction. A defendant is entitled to a theory of defense instruction if: "(1) the instruction is a correct statement of the law; (2) the evidence supports the theory of defense; (3) the defense is not part of the government's charge; and (4) the failure to give the instruction would deprive the defendant of a fair trial." *United States v. Dickey*, 52 F.4th 680, 686 (7th Cir. 2022).

*First*, it is undisputed that that Seventh Circuit Criminal Pattern Jury Instruction for 18 U.S.C. § 666(c) that Defendants have proposed is a correct statement of law. (*See* Government Instruction No. 30 (proposing the same sentence); Dkt, 92, Gov't Proposed Jury Instructions at 10 (proposing the same sentence).) The language of the Pattern Instruction directly parallels the text of the statute. *Compare* Seventh Circuit Criminal Pattern Jury Instruction, 18 U.S.C. § 666(c) BONA FIDE COMPENSATION, p. 306 ("Bona fide [salary, wages, fees or other compensation paid; expenses paid or reimbursed] in the usual course of business, [does; do] not qualify as a thing of value [solicited or demanded; given, offered, or agreed to be given] by the defendant.") *with* 18 U.S.C. § 666(c) ("This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business.")

*Second*, not only will the evidence at trial more than support this instruction, but the Government already has alleged undisputed facts sufficient for a reasonable jury to find that certain conduct in the Indictment falls within 18 U.S.C. § 666(c)'s exemption. Although the Indictment alleges that some of the individuals hired by ComEd performed "little or no work,"

(Indictment at 13–14, ¶¶ 4–9),[7] the undisputed facts illustrate that Law Firm A and Individual BM-1—the subjects of Counts Two and Five, respectively—actually performed the work that they were hired to do.

In the case of Law Firm A, the Indictment details negotiations between Law Firm A and ComEd, in which ComEd sought to reduce the number of hours worked by Law Firm A. (Indictment at 15–16 ¶¶ 11–15; *see also id.* at 35–36 ¶ 28(h)–(k), (m)–(q).) "[P]ersonnel within ComEd sought to reduce the number of hours of legal work provided to Law Firm A" in 2016 because there was "not enough appropriate legal work to provide to Law Firm A." (*Id.* at 15 ¶ 13.) That is—Law Firm A had been engaged in and was expected to perform "appropriate legal work" for ComEd. And, as the Statement of Facts accompanying the Deferred Prosecution Agreement entered between the Government and ComEd makes clear, "ComEd paid only for hours worked" by Law Firm A. Deferred Prosecution Agreement Statement of Facts ("DPA Statement of Facts") at A-11, *United States v. Commonwealth Edison Co.*, No. 20-CR-368 (N.D. Ill. July 17, 2020), Dkt. 3. Ultimately, ComEd entered into a new contract with Law Firm A. (Indictment at 15 ¶ 15.) As provided in the DPA Statement of Facts, the renewed contract promised Law Firm A "substantially reduced annual hours." *See* DPA Statement of Facts at A-11.

With respect to Individual BM-1, the Indictment alleges that he was actually appointed to the board of directors, (*id.* at 17 ¶ 22), and that ComEd represented that he served as a director starting in April 2019. (*Id.* at 42 ¶ 28(mm)). There are no allegations that the Board position was an unnecessary one. *See Mills*, 140 F.3d at 633. Nor is there any dispute that Individual BM-1

---

[7] Defendants also do not concede that compensation paid to contract lobbyists who, in the Government's view, performed "little or no work" is not bona fide or in the usual course of business.

was qualified and eligible to serve in that position. Indeed, the DPA Statement of Facts states explicitly that ComEd and Exelon "conducted due diligence on [Individual BM-1] and ultimately determined he was qualified for a Board position." DPA Statement of Facts at A-10. In other words, there is sufficient undisputed evidence to support Defendants' theory of the defense that these persons and entities were engaged in "bona fide" employment "in the usual course of business" for a reasonable jury to find the conduct falls within the 18 U.S.C. § 666(c) exemption.

*Third*, if the 18 U.S.C. § 666(c) Pattern Instruction is not given to the jury, then no other language in the Government's proposed instructions would capture the idea that, according to both the statutory text and the Seventh Circuit, bona fide salary, wages, fees, or other compensation paid in the usual course of business do not violate 18 U.S.C. § 666. *See* 18 U.S.C. § 666(c) ("This section does not apply to bona fide salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the usual course of business."); *Robinson*, 663 F.3d at 272 (finding that under this provision "legitimate salary, wages, and other compensation may not be considered a bribe").

*Fourth*, "it is essential for purposes of the Fifth Amendment's requirement of a fair trial that the jury be able to evaluate . . . following appropriate instructions, the adequacy of defendants' theory of defense." *United States v. Douglas*, 818 F.2d 1317, 1322 (7th Cir. 1987) (cleaned up). Thus, not providing Defendants' theory-of-defense § 666(c) instruction would deny Defendants a fair trial.

## DEFENDANTS' INSTRUCTION NO. 30.2

**I.  Defendants' Proposed Goodwill Instruction is Necessary as a Theory of Defense.**

"A defendant is entitled to have a jury consider a proffered defense so long as that defense has a foundation in the evidence, 'however tenuous' that foundation may be." *United States v. Sawyer*, 558 F.3d 705, 710 (7th Cir. 2009) (citing *United States v. Given*, 164 F.3d 389, 394 (7th Cir. 1999). A theory-of-defense instruction must be given if: "(1) the instruction is a correct statement of the law; (2) the evidence supports the theory of defense; (3) the defense is not part of the government's charge; and (4) the failure to give the instruction would deprive the defendant of a fair trial." *Dickey*, 52 F.4th at 686. Because Defendants argue that they could not have violated 18 U.S.C. § 666 because they did not seek anything more than goodwill from Public Official A in return for any alleged things of value offered, given, or agreed to be given, Defendants request a "18 U.S.C. § 666 – GOODWILL" instruction. That theory-of-defense instruction provides that, "It is not a crime to give a thing of value to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future." *See* Defendants' Instruction No. 30.2. Under the standard set forth in *Dickey*, Defendants' Instruction No. 30.2 should be given.

*First*, it is the clear and unanimous directive of the Supreme Court that it is not a crime to give something to a public official to "build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future." *Sun-Diamond Growers*, 526 U.S. at 405–06 (refusing to criminalize gifts given by reason of the donee's office); *see also Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 360–61 (2010) ("Ingratiation and access . . . are not corruption"); *United States v. Allen*, 10 F.3d 405, 411 (7th Cir. 1993) ("Vague expectations of some future benefit should not be sufficient to make a payment a bribe."); *United*

*States v. Jennings*, 160 F.3d 1006, 1013 (4th Cir. 1998) ("[A] good will gift to an official to foster a favorable business climate, given simply with the 'generalized hope or expectation of ultimate benefit on the part of the donor,' does not constitute a bribe.") (quoting *United States v. Johnson*, 621 F.2d 1073, 1076 (10th Cir. 1980)); *United States v. Arthur*, 544 F.2d 730, 734 (4th Cir. 1976) (criminal intent required to commit bribery "is not supplied merely by the fact that the gift was motivated by some generalized hope or expectation of ultimate benefit on the part of the donor").

Rather, corrupt conduct in violation of 18 U.S.C. §§ 666(a)(1)(B) or (a)(2) must be motivated by an expectation of *something* in return. Under the statute, in order for a benefit corruptly given to a public official to violate 18 U.S.C. § 666(a)(2)—or corruptly received to violate 18 U.S.C. § 666(a)(1)(B)—it must be made "in connection with any business, transaction, or series of transactions . . . involving anything of value of $5,000 or more." *See* 18 U.S.C. §§ 666(a)(1)(B), (a)(2); *see also United States v. Thompson*, 484 F.3d 877, 878–84 (7th Cir. 2007) (declining to uphold an 18 U.S.C. § 666 conviction in a case where no evident return benefit existed). Otherwise, legal efforts to curry favor would become wrongfully criminalized. *See United States v. Silver*, 948 F.3d 538, 558, 566–67 (2d Cir. 2020) (citation omitted) (finding that if a connection with something in return were not required, it would effectively eliminate the distinction between lobbying (lawful attempts to buy favor) and bribery (unlawful attempts to buy particular kinds of influence)); *see also Sun-Diamond Growers*, 526 U.S. at 406–07 (finding "peculiar" the implication of the Government's position that "token gifts to the President based on his official position and not linked to any identifiable act" could be criminal).[8]

---

[8] It is a question for the jury whether any thing of value that was given in this case was given to engender goodwill or given with corrupt intent. By not giving the "Goodwill" defense instruction, the Court would be only charging the jury on the Government's theory of conviction and not on this theory of Defendants' defense.

*Second*, as the Court will learn at trial, there is no evidence that any of the Defendants asked for or sought anything in return from Public Official A in exchange for any alleged things of value offered, given, or agreed to be given other than goodwill.

*Third*, the Government's proposed 18 U.S.C. § 666 instructions do not adequately convey that it is not illegal to "give a thing of value to a public official to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future." *Sun-Diamond*, 526 U.S. at 405–06. To the contrary, they blur the line between illegal and legal lobbying. Not only does the Government proposal eliminate all references to "bribe" or "bribery" from the 18 U.S.C. § 666 Pattern Instructions, replacing them with the more ambiguous language "corruptly giving and offering to give things of value," but also the Government's definition of "corruptly" could easily be read as a definition of legal lobbying: "when that person acts with the intent that something of value is given or offered to reward or influence an agent of State government in connection with the agent's official duties." (*See* Government Instructions Nos. 26 and 28.) Moreover, the requirement that a defendant's intent to influence or reward be "in connection with some business, transaction, or series of transactions of the government . . ." ". . . involv[ing] a thing of value of $5,000 or more" does not prevent jurors from mistakenly believing it to be illegal to cultivate a public official's goodwill, as it would be easy to assume that cultivating the goodwill of a politician inherently involves a connection to "some business . . . of the government . . . involv[ing] a thing of value of $5,000 or more" by virtue of their office.

*Fourth*, "it is essential for purposes of the Fifth Amendment's requirement of a fair trial that the jury be able to evaluate . . . following appropriate instructions, the adequacy of

defendants' theory of defense." *Douglas*, 818 F.2d at 1322 (cleaned up). Thus, not giving Defendants' theory-of-defense instruction on goodwill would deny Defendants a fair trial.

The Court should therefore adopt the theory-of-defense instruction, Defendants' Instruction No. 30.2, that Defendants are entitled to under *Dickey*.