UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL McCLAIN,<br>ANNE PRAMAGGIORE,<br>JOHN HOOKER, and<br>JAY DOHERTY | No. 20 CR 812<br><br>Judge Harry D. Leinenweber |

**GOVERNMENT'S OBJECTIONS TO DEFENDANTS' PROPOSED
PRELIMINARY INSTRUCTIONS AND STATEMENT OF THE CASE**

The UNITED STATES OF AMERICA, through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully objects to Defendants' Proposed Preliminary Instructions Numbers 2, 5, and 6, which are set forth in the Defendants' Proposed Jury Instructions, as well as Defendants' Proposed Statement of the Case. Dkt. 140, 153.[1] Defendants' substantial modifications to the William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit are not justified by the law or the facts of this case. The government respectfully requests that the Court reject defendants' modifications and follow the Pattern Jury Instructions.

**ARGUMENT**

**I.  Defendants' Proposed Preliminary Instruction No. 2**

Defendants' Proposed Preliminary Instruction No. 2 strays from the Pattern Instruction concerning "The Charge." Notably, defendants have removed all mention

---

[1] The government preserves its objections to the defendants' other proposed instructions.

of the indictment, including its definition. *See* William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2022) at 8. Specifically, the defendants have removed the portions of the Pattern Instruction that read:

> The charges against the defendants are in a document called an indictment. You will have a copy of the indictment during your deliberations.
>
> The indictment in this case charges that the defendants committed the crimes of . . .
>
> The indictment is simply the formal way of telling the defendants what crimes they are accused of committing. It is not evidence that the defendants are guilty. It does not even raise a suspicion of guilt.

*Id.*

As a result of this substantial modification, the jurors may not hear the term "indictment" until the government's opening statement, nor receive any instruction on the indictment's purpose or import, if Defendants' Proposed Preliminary Instruction No. 2 is given. Omitting these critical sections of the Pattern Instruction risks unnecessarily confusing the jury.

The government also disagrees with defendants' description of the charges, which risks misleading the jury about the elements the government must prove at trial. To sustain a conviction under 18 U.S.C. § 666(a)(2), the government need only prove Defendants "corruptly g[ave], offer[ed], *or* agree[d] to give anything of value." 18 U.S.C. § 666(a)(2) (emphasis added). *See United States v. Whiteagle*, 759 F.3d 734, 753 (7th Cir. 2014) ("Because it is phrased in the disjunctive, section 666(a)(2) separately proscribes giving, offering, or agreeing to give a thing of value to someone

2

with the corrupt intent to influence a transaction covered by the statute."). Without a reference to the indictment that contains the allegations to which Defendants cite, Defendants' Proposed Instruction frames the charge under § 666(a)(2) as if the government must prove more than one act: "corruptly giving *and* offering to give things of value to another person." Dkt. 140 at 2 (emphasis added). Defendants' proposed instruction threatens to confuse the jury as to the elements of the §666 counts.

Finally, the government objects to defendants' proposed statement of the case. The government requests that the government's proposed statement of the case be read to the jury, which states:

> The indictment in this case charges that defendants Michael McClain, Anne Pramaggiore, John Hooker, and Jay Doherty committed three crimes. First, the indictment charges that defendants McClain, Pramaggiore, Hooker, and Doherty conspired to commit the offenses of corruptly soliciting things of value, corruptly giving and offering to give things of value, and circumventing internal accounting controls and falsifying books, records, or accounts of ComEd and Exelon. Second, the indictment charges that defendants McClain, Pramaggiore, Hooker and Doherty corruptly offered and agreed to give things of value. Third, the indictment charges that defendants McClain, Pramaggiore, Hooker and Doherty falsified the books and records of ComEd and Exelon. The defendants have pled not guilty to all charges.

Dkt. 152.

Defendants' proposed statement of the case improperly includes defense theories (Dkt. 153), which is inappropriate in the context of preliminary instructions. "The defense is entitled to instructions on its case theory only if (1) the proffered instruction is a correct statement of the law; (2) the defense theory is supported by evidence; (3) the defense theory is not part of the charge; and (4) failure to give the

3

instruction would deny defendants a fair trial." *United States v. Brown*, 250 F.3d 580, 587 (7th Cir. 2001). When the preliminary instructions are read, no evidence will have been presented at all, let alone evidence supporting the defendants' theories. Moreover, defendants' added language denying that they harbored corrupt intent is redundant of the "corruptly" language in the government's proposed statement of the case. *United States v. Fadden*, 874 F.3d 979, 982 (7th Cir. 2017) (court need not give theory-of-defense instruction that simply "restates the district court's charge"). The preliminary instructions should simply state that the defendants have pleaded not guilty to all charges.

Moreover, insofar as the defense statement of the case only contains the defense theory of the case, it is lop-sided in that it omits reference to the government's theories of prosecution. Including either side's theories in a summary statement of the case is totally unnecessary.

## II. Defendants' Proposed Preliminary Instructions Nos. 5 and 6

Defendants make several changes to the Pattern Instructions in their proposed Preliminary Instructions Numbers 5 and 6. Their revisions to these instructions improperly downplay the role of circumstantial evidence and should be rejected.

First, in their Proposed Preliminary Instruction Number 5, Defendants delete the following sentence from the Bauer Pattern Instruction regarding "Direct and Circumstantial Evidence": "The law does not say that one is better than the other." Bauer Pattern Instructions at 12. Defendants also add the following sentence: "However, any inferences that you make must be reasonable and logically connected to the evidence—you must not speculate or guess." Further, in their Proposed

4

Preliminary Instruction Number 6, Defendants add to Bauer Pattern Instruction on "Considering the Evidence," "However, you may not rely on speculation, gut feelings, or a strong suspicion. Circumstantial evidence that leads only to a strong suspicion that someone is involved in criminal activity is not a substitute for proof of guilt beyond a reasonable doubt." Bauer Pattern Instructions at 13.

Defendants' edits to the Pattern Instructions attempt to downplay the weight that the jury may give to circumstantial evidence. It is well established that "[c]ircumstantial evidence is not less probative than direct evidence and, in some cases is even more reliable." *United States v. Rodriguez*, 53 F.3d 1439, 1445 (7th Cir. 1995). Indeed, circumstantial evidence standing alone may be sufficient to support a conviction for conspiracy. *See United States v. Conley*, 875 F.3d 391, 399 (7th Cir. 2017). Defendants' Proposed Preliminary Instructions would mislead the jury by improperly conflating circumstantial evidence and mere "speculation," "gut feelings" and "suspicion." They likewise would encourage the jury to minimize the import of circumstantial evidence in their deliberations.

Moreover, Defendants' proposed addition in their Preliminary Instruction Number 6 interjects a definition of "proof beyond a reasonable doubt," by suggesting to the jurors what it is not. The Seventh Circuit has clearly and consistently held that "reasonable doubt" is a term that should not be defined by the trial court or counsel. *See, e.g., United States v. Hatfield*, 591 F.3d 945, 949 (7th Cir. 2010); *United States v. Blackburn*, 992 F.2d 666, 668 (7th Cir. 1993) (noting that definitions of reasonable doubt have a likelihood of "confus[ing] juries more than the simple words

5

themselves"); *United States v. Bardsley*, 884 F.2d 1024, 1029 (7th Cir. 1989); *United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) (explaining that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury") (citations omitted); *United States v. Hall*, 854 F.2d 1036, 1039 (7th Cir. 1988) ("An attempt to define reasonable doubt presents a risk without any real benefit."); William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2022) at 26 (collecting cases). Defendants' Proposed Preliminary Instruction Number 6 should be rejected on this basis, as well.

## CONCLUSION

For the foregoing reasons, Defendants' Proposed Preliminary Instructions Numbers 2, 5, and 6 should not be given.

Respectfully submitted.

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ *Julia K. Schwartz*
AMARJEET S. BHACHU
DIANE MacARTHUR
SARAH STREICKER
JULIA K. SCHWARTZ
Assistant United States Attorneys
219 South Dearborn Street
Fifth Floor
Chicago, Illinois 60604
(312) 353-5300

6