IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>MICHAEL McCLAIN, ANNE PRAMAGGIORE, JOHN HOOKER, AND JAY DOHERTY,<br><br>           Defendants. | Case No. 20 CR 812<br><br>Judge Harry D. Leinenweber |

# ORDER

The Court accepts the Government's *Santiago* Proffer (Dkt. No. 112) and conditionally admits some of the alleged co-conspirator statements set forth therein, pending the Government establishing by a preponderance of the evidence at trial the requirements of Federal Rule of Evidence 801(d)(2)(E), namely: (1) there was a conspiracy; (2) involving the out-of-court declarant and a defendant; and (3) that the statement was made during the course and in furtherance of the conspiracy. Defendants may raise objections at trial.

### STATEMENT

The United States indicted Defendants Michael McClain, Anne Pramaggiore, John Hooker, and Jay Doherty on multiple counts of bribery and conspiracy to commit bribery of a public official and falsifying the books and records of the Commonwealth Edison and Exelon companies. The Government has set forth its intention to introduce out-of-court

statements made by alleged co-conspirators during the course of the alleged scheme at trial.

Federal Rule of Evidence 801(d)(2)(E) provides that a "statement" is not hearsay if it "is offered against an opposing party" and "was made by the party's coconspirator during and in furtherance of the conspiracy." A court may conditionally admit statements offered under Rule 801(d)(2)(E) if the Government proffers that "it can and will meet the requirements for admissibility during trial." *United States v. Cardena,* 842 F.3d 959, 994 (7th Cir. 2016); *see also* FED. R. EVID. 104(a). For statements to be admitted, the Government must establish "by a preponderance of the evidence that (1) a conspiracy existed, (2) the defendant and the declarant were involved in the conspiracy, and (3) the statements were made during and in furtherance of the conspiracy." *United States v. Davis,* 845 F.3d 282, 286 (7th Cir. 2016); *see also Bourjaily v. United States,* 483 U.S. 171, 175 (1987). In making a preliminary ruling on the admissibility of coconspirator statements, courts may consider the proffered hearsay statements themselves with "such weight as . . . judgment and experience counsel." *Bourjaily,* 483 U.S. 179 (1987) (citing FED. R. EVID. 104(a)); *see also United States v. Davis*, 845 F.3d 282, 286 (7th Cir. 2016). The proffered statements alone, however, are insufficient. The Government's proffer "must also contain independent evidence corroborating the existence of the conspiracy and the participation of defendant and declarant." *Id.* This independent evidence "can be satisfied by the testimony of non-conspirators or by

corroboration of facts contained in the statements of the conspirators." *United States v. Petty,* 132 F.3d 373, 380 (7th Cir. 1997).

The Defendants contend that the Government failed to meet its burden.

## **DISCUSSION**

The Court first considers the first two requirements: the existence of a conspiracy and the declarant's involvement therein. The existence of a conspiracy for purposes of Rule 801(d)(2)(E) requires the existence of "a joint venture for an illegal purpose, or for a legal purpose using illegal means." *United States v. Stephenson,* 53 F.3d 836, 843 (7th Cir. 1995); *United States v. Gil,* 604 F.2d 546, 549 (7th Cir. 1979). A defendant is a member of the conspiracy if she or he knew of the conspiracy and intended to associate her/himself with it. *Stephenson,* 53 F.3d at 843 (citation omitted). "Coconspirators do not have to have contact with, or even know, all of the other conspirators." *United States v. Frazier,* 213 F.3d 409, 415 (7th Cir. 2000). Further, "coconspirators need not participate in every aspect of the scheme." *United States v. Haynes,* 582 F.3d 686, 701 (7th Cir. 2009). The evidence showing the existence of a conspiracy and a defendant's membership in it may be either direct or circumstantial. *See United States v. Johnson,* 592 F.3d 749, 754-55 (7th Cir. 2010); *United States v. Irorere,* 228 F.3d 816, 823 (7th Cir. 2000).

To establish the existence of, and Defendants' membership in, the conspiracy, the Government intends to introduce at trial a combination

of witness testimony, documentary evidence, and recorded conversations. The Government claims:

> [The] evidence will establish that each defendant joined a conspiracy that had among its objects corruptly influencing and rewarding Michael Madigan in connection with his official duties as the Speaker of the Illinois House of Representatives, in order to assist ComEd with respect to the passage of legislation favorable to ComEd and its business and to defeat of legislation unfavorable to ComEd and its business, as well as the creation of false contracts, invoices, and other books and records to disguise the true nature of benefits paid to Madigan's associates and to circumvent internal controls.

(Gov. Mem., Dkt. No. 112 at 13.) Although the Government's initial proffer failed to articulate whom it deemed members of the conspiracy, the Government clarified as much in its reply: "At a minimum, the members of the conspiracy include the defendants, former Speaker Michael Madigan, [Fidel] Marquez (before he began cooperating), and the intermediaries who made payments, on behalf of ComEd, to 'subcontractors' who were Madigan associates." (Dkt. No. 147 at 3.)

The Defendants argue that the Government failed to establish a concerted effort to falsify documents. Based on the evidence presented, the Court finds it more likely than not that the act of falsifying records was "part and parcel" of the charged conspiracy to curry favor with Madigan. *See Nye & Nissen v. United States,* 336 U.S. 613, 617 (1949).

The Court finds that the record establishes by a preponderance of the evidence the membership of each of the four Defendants in this alleged overall conspiracy. *See* the Indictment (Dkt. No. 1); Santiago Proffer (Dkt. No. 112). Upon reviewing the evidence presented, for

example, 13W-3's testimony of Madigan assuaging their concerns about doing no work for ComEd, the Court finds it more likely than not that former Speaker Madigan knew of the conspiracy and intended to associate himself with it, qualifying as a co-conspirator for evidentiary purposes. Furthermore, the Court finds that the evidence of, among other things, the efforts of Marquez and the intermediaries to pay money from ComEd to Madigan associates who did very little or no work for ComEd, the Government establishes that Fidel Marquez was a co-conspirator prior to his cooperation with law enforcement and that the intermediaries qualify as co-conspirators for these purposes.

The third element the Government must establish is that the statements it seeks to admit were made in furtherance of the conspiracy. A statement made "in furtherance" of a conspiracy need not be made exclusively to further the conspiracy; what is required is "some reasonable basis exists for concluding that the statement furthered the conspiracy." *United States v. Cruz-Rea,* 626 F.3d 929, 937 (7th Cir. 2010) (citation and internal quotation omitted). "Statements that are part of the information flow between conspirators intended to help each perform his role satisfy the "in furtherance" requirement of Rule 801(d)(2)(e)." *United States v. Alviar,* 573 F.3d 526, 545 (7th Cir. 2009).

The Government proposes four general categories of statements it intends to introduce as made in furtherance of the alleged conspiracy: "(1) statements regarding other members of the conspiracy . . .; (2) statements to conduct or help conduct the conspiracy's activities . . .;

(3) statements concerning the means used to conceal the conspiracy's illegal activities; and (4) statements to others outside the conspiracy to reassure those individuals, seek their cooperation, and to encourage them not to reveal incriminating information." (Dkt. No. 147 at 120-21.)

The Court finds appropriate and sufficiently detailed the Government's proffered categories two through four for statements made in furtherance of a conspiracy. Its category one, "statements regarding other members of the conspiracy," remains insufficient, however, statements likely designed to elicit assurances suffice. Accordingly, the examples detailed in the Government's reply (Dkt. No. 147 at 3-5) constitute reminders, requests, praise, coordination, and strategizing, and are thus admissible.

## CONCLUSION

The Court GRANTS IN PART the Government's Motion to admit proffered evidence pursuant to Rule 801(D)(2)(E). (Dkt. No. 112.) The Court accepts the Government's Santiago proffer and conditionally admits the evidence of the four defendants, Madigan, Marquez, and three intermediaries for the purposes described above, subject to a later determination that the Government proved the foundational elements of Federal Rule of Evidence 801(d)(2)(E) at trial. **IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 3/8/2023