IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**MICHAEL MCCLAIN, ANNE PRAMAGGIORE, JOHN HOOKER, AND JAY DOHERTY,** | **Case No. 20 CR 812**<br><br>**Judge Harry D. Leinenweber** |

## MOTIONS *IN LIMINE* RULINGS

The Court issues the following preliminary rulings on the parties' motions *in limine*. Parties may raise objections during trial outside the presence of the jury.

### Compensation and Financials

The Court rules concurrently on motions to exclude evidence or argument concerning salary, compensation, and financial circumstances. **McClain Unsealed Motion 1** (Dkt. No. 125), **Hooker's Motion 1** (Dkt. No. 128), and **Pramaggiore's Motion 4** (Dkt. 131), **are DENIED IN PART.** Financial circumstances wholly separate from ComEd are barred. However, because what Defendants had to gain from ComEd's success remains highly relevant, compensation plans, contracts, and payments from ComEd and Exelon are allowed. When financial information can be communicated through percentages rather than dollar figures without adding confusion, the parties should omit the dollar figures. (For example, "Revenue from ComEd to McClain's firm 'doubled.'")

### Resignations and ComEd's Allegedly Remedial Actions

The Court rules concurrently on motions to exclude evidence concerning the ComEd Deferred Prosecution Agreement, cancellation of Defendants' contracts, and a defendant's departure from Exelon. **McClain Sealed Motion 3** (Dkt. No. 127), **Hooker Motion 3** (Dkt. No. 128), **and Pramaggiore's Motions 1, 2, and 3** (Dkt. 131), **are GRANTED.** The Court will consider evidence of allegedly remedial actions by ComEd on a more particularized basis when the record is more complete. At this time, the Court does not believe it has enough information to rule on these.

1

### Proposed Rule 404(b) Evidence

The Court rules concurrently on motions regarding evidence of prior acts of Defendant McClain. **McClain's Sealed Motion 4** (Dkt. 127) and **Hooker's Motion 4** (Dkt. 128), as supplemented by McClain's filing of Objections to the Government's Rule 404(b) Notice (Dkt. 142), **are GRANTED** pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b). The Government may not introduce its proposed Rule 404(b) evidence against Defendants absent permission from the Court. Rule 404(b) requires the Court to weigh the relevance of the evidence compared to its prejudicial effects. The status of the current record does not permit the Court to decide to admit at this time.

### DEFENDANT McCLAIN's Motions *in Limine* (Dkt Nos. 124, 125, 127)

**(Dkt. No. 124)**

**McClain's Agreed Motion**
by all defendants jointly to bar evidence or argument concerning an alleged rape in Champaign and the ATT Illinois DPA

**is GRANTED.**

**(Dkt. No. 125)**

**McClain's Unsealed Motion 2**
in which Defendants McClain and Hooker seek to exclude evidence and arguments concerning appointments and service on public boards

**is DENIED.** Because 13W-1 and 13W-2 were alleged recipients of ComEd payments at issue, this evidence is relevant to show their value to Madigan.

**McClain's Unsealed Motion 3**
to prohibit the government from commenting directly or adversely on a defendant's decision not to testify at trial

**is GRANTED.**


**(Dkt. No. 127)**

**McClain's Sealed Motion 1**
in which Defendants McClain and Hooker seek to prohibit the Government from arguing that, as part of the conspiracy and to conceal the nature and purpose of their conduct, the Defendants often referred to Madigan as "our friend" or "a friend of ours," rather than using Madigan's true name

**is DENIED.** While this evidence has less relevance in light of Defendant McClain's prior cooperation with law enforcement, is still relevant as a desire of secrecy.

**McClain's Sealed Motion 2**
in which Defendants McClain and Hooker seek to exclude evidence and argument concerning the Madigan indictment

**is GRANTED.**


**DEFENDANT HOOKER's Motions *in Limine***
**(Dkt. No. 128)**

**Hooker's Motion 2**
to bar cooperator Marquez's speculative testimony, specifically,

- 2-A: Marquez's grand jury testimony
- 2-B: Reasons for renewal of Hooker's lobbying contract
- 2-C: Fair Maps Initiative & Litigation

**is GRANTED.** Mr. Marquez can testify to his perceptions that formed his beliefs but not his conclusory speculation. The subject of redistricting is complex and its prejudicial effect far ourweighs its possible relevance to the issues in this case. *See* Rule 404(b).

3

## DEFENDANT PRAMAGGIORE's Motions *in Limine*
## (Dkt. No. 131)

**Pramaggiore's Motion 5**
in which Defendants Pramaggiore & Hooker jointly move to exclude any evidence, testimony, or argument concerning the draft introductory remarks written by Keisha Parker about Madigan for Pramaggiore to present at a fundraiser

**is DENIED.** It is allowed for limited purpose of context regarding Madigan's perceived value to ComEd.

**Pramaggiore's Motion 6**
in which Defendants Pramaggiore & Hooker jointly move to bar certain excerpts from recordings

**is DENIED IN PART. The first and second part of Motion 6, referencing the January 29, 2019 and the February 13, 2019 recordings, respectively, is DENIED.** The Court finds that because Hooker in part 1 and Doherty in part 2 adopt the statements, Pramaggiore's name is admissible for truth as to each defendant respectively, and then to the rest as coconspirators. **The third part of Motion 6, referencing the March 5, 2019 recording, is GRANTED.** During the conversation, McClain speaks frequently, and six people are mentioned before Marquez brings up Jay Doherty. Once Marquez mentions Doherty, McClain remains silent. Thus, although he may have orchestrated this meeting, the evidence is too feeble at this time to suggest that he adopted the statements about Doherty. At the time of the conversation, Marquez was already a cooperator.

**Pramaggiore's Motion 7**
in which Defendants Pramaggiore, McClain, & Hooker jointly move to exclude evidence or argument concerning campaign contributions from ComEd, Exelon, or personnel of ComEd or Exelon to Michael J. Madigan, Friends of Michael J. Madigan, or the Democratic Party of Illinois

**is DENIED.** While campaign contributions may be protected by the First Amendment, they may constitute illegal conduct under certain circumstances. It is illegal, for example, to tie a campaign contribution to a promise to vote in a certain way.

**Pramaggiore's Motion 8**

4

in which Defendants jointly seek to bar evidence or arguent concerning the Burke Fundraiser

**is GRANTED.**

## DEFENDANT DOHERTY's Motions *in Limine* (Dkt. No. 133)

**Doherty's Motion 2-(C through F)**
to exclude "speculative & unhelpful lay opinion testimony" regarding other's (namely Marquez and 13W-3's) interpretations of Doherty's statements and understanding of the purpose of payments

**is GRANTED.** The jury can interpret on their own what Doherty meant in his statements "in Springfield with Madigan" and "knocking on doors." Understanding of why he was paid can be shown through actions he took, direction he received and didn't receive, and other perceptions and observations. Mere conclusory remarks are inappropriate and unnecessary.

**Doherty's Motion 2-G**
to bar Marquez's statement during the recordings regarding rate legislation as inadmissible hearsay

**is DENIED.** These statements can be admitted, not for truth, but to show the effect on the listener.

**Doherty's Motion 3-A**
to bar arguments conflating common sense with proof beyond a reasonable doubt

**is GRANTED.**

**Doherty's Motion 3-B**
to bar references or parallels between this case and gang cases or organized crime cases that use coded language to accomplish its criminal objectives and avoid detection by law enforcement

**is GRANTED.**

**Doherty's Motion 3-C**

to bar argument that the JDDA contract was paid from the CEO budget as suspicious or a means to conceal the alleged crime

**is DENIED.** The evidence is relevant for intent.

**Doherty's Motion 3-D**
to bar argument that Doherty's use of his four fingers is evidence of a guilty conscience

**is GRANTED IN PART.** Marquez is permitted to testify as to his perceptions (what he saw and did not hear) but not his conclusion of why Doherty held up four fingers. The evidence is relevant for intent to conceal.

## The Government's Motions *in Limine* (Dkt. Nos. 122, 139)

**(Dkt. No. 122)**

**The Government's Motion 1**
to preclude questions and comments that invite jury speculation on contents of unplayed or unrecorded conversations and portions of such conversations

**is GRANTED.** Defendants have right to have other relevant portions played in the interest of completeness.

**The Government's Motion 2**
to preclude evidence or argument inviting the jury to speculate about uncharged individuals and government motivations for prosecuting the case

**is GRANTED.** However, this does not prevent the Defendants from cross-examining cooperating witnesses concerning their conduct and whether they have been charged or threatened with criminal charges.

**The Government's Motion 3**
to exclude argument or evidence designed to elicit jury nullification

**is GRANTED IN PART.**

6

- **3-A: "Politics as Usual" is DENIED.** Defendants may argue that their actions were lawful, constitutionally-protected activity.

- **3-B: Penalties Faced by the Defendants if Convicted is GRANTED.**

- **3-C: Allegations of Outrageous Government Conduct is GRANTED.**

- **3-D: "Golden Rule" Arguments is GRANTED.**

**The Government's Motion 4**
to exclude opinion evidence regarding legality

**is GRANTED** There may be instances on cross-examination where such opinions may be relevant, but permission should be sought from the Court.

**The Government's Motion 5**
to preclude evidence of, or making reference to, lawfulness, non-corrupt conduct, and prior good acts, except reputation or opinion evidence offered by character witnesses strictly in accord with Rule 405(a)

**is DENIED IN PART.** Defendants may argue that their specific acts were lawful, but the motion is GRANTED as to conduct not alleged as corrupt (e.g., contributions to charitable organizations).

**The Government's Motion 6**
to bar witnesses' "bad acts" not involving dishonesty and to require notice by parties

**is DENIED.**

**The Government's Motion 7**
to preclude requests or comments relating to discovery in the presence of the jury

**is GRANTED.**

**The Government's Motion 8**
to preclude commentary regarding the court's evidentiary rulings

**is GRANTED.**

7

**The Government's Motion 9**
to exclude missing witness arguments

**is DENIED** at this time. The Court will consider this argument for jury instructions.

**The Government's Motion 10**
to preclude counsel from attempting to define reasonable doubt during any argument presented to the jury

**is GRANTED.**

**The Government's Motion 11**
to preclude use of agent reports during cross-examination

**is DENIED IN PART.** The Court declines categorically to bar agent reports, which may be used to impeach a witness in certain circumstances. Agency reports would not necessarily be independintly admissible, but they can be used under certain circumstances for cross-examination such as to refresh recollection. The Court will consider situation-by-situation.

**The Government's Motion 12**
to recall witnesses & limit cross-examination

**is DENIED** without specific context. However, the Court will not make a blanket ruling that the Government cannot recall witnesses.

**(Dkt. No. 139)**

**The Government's uncontested Sealed Motion**
to preclude questioning of a witness concerning a sealed 1991 conviction, etc.

**is GRANTED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 3/9/2023