IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAR 14 2023
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 20 CR 812 |
| ) | |
| MICHAEL MCCLAIN, ANNE ) | Hon. Judge Harry D. Leinenweber |
| PRAMAGGIORE, JOHN HOOKER, ) | |
| and JAY DOHERTY ) | |

### CHICAGO PUBLIC MEDIA, INC.'S AND CHICAGO SUN-TIMES MEDIA, INC.'S EMERGENCY MOTION FOR LEAVE TO INTERVENE AND FOR IMMEDIATE ACCESS TO EXAMINE AND COPY AUDIO RECORDINGS AS THEY ARE OFFERED INTO EVIDENCE

Proposed intervenors, Chicago Public Media, Inc., d/b/a WBEZ ("WBEZ") and Chicago Sun-Times Media, Inc. d/b/a Chicago Sun-Times ("Sun-Times"), by their counsel, move for leave to intervene in this matter for the limited purpose of objecting to the denial of access and copying of recordings introduced into evidence in this case. In support of their motion, WBEZ and Sun-Times state as follows:

On March 9, 2023, during a telephonic pretrial conference, this Court ruled that it would not permit the media to access and make copies of recordings admitted into evidence in this case. At the time it made that determination, the Court did not have the benefit of briefing or argument by the media or the public on this issue.

Permitting members of the media to intervene on matters affecting a right of access to trial materials is commonplace. Moreover, courts in the Seventh Circuit hold that there is a strong presumption of access to court materials that are public record and have explicitly recognized right of access to recordings that the court admits into evidence in criminal trials. This right of access is grounded both in the First Amendment and in the common law. The defendants in this case have failed to meet their burden of establishing an interest sufficient to

overcome either the constitutional right or the common law right of access and have improperly relied upon speculation to support the denial of access.

Proposed intervenors respectfully maintain that the Court should consider the motion on an emergency basis because jury selection is scheduled to start tomorrow and the Court could ascertain during *voir dire* each juror's commitment to disregard any information disseminated outside of the courtroom, thus eliminating the concern that the release of recordings may threaten the defendants' right to a fair trial.

In further support of their arguments, WBEZ and the Sun-Times are filing a memorandum of law contemporaneously with this Motion.

|  |  |
|---|---|
| March 13, 2023 | Respectfully submitted,<br><br>CHICAGO PUBLIC MEDIA, INC. and<br>CHICAGO SUN-TIMES MEDIA, INC.<br><br>By: /s/ Brian D. Saucier<br>One of their attorneys |

Steven P. Mandell
smandell@mandellmenkes.com
Brian D. Saucier
bsaucier@mandellmenkes.com
Lyndsey M. Wajert
lwajert@mandellmenkes.com
MANDELL MENKES LLC
333 W. Wacker Dr.
Suite 450
Chicago, IL 60606
(312) 251-1000
*Counsel for proposed intervenors*
*Chicago Public Media, Inc. and*
*Chicago Sun-Times Media, Inc.*