UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL McCLAIN,<br>ANNE PRAMAGGIORE,<br>JOHN HOOKER, and<br>JAY DOHERTY | No. 20 CR 812<br>Hon. Harry D. Leinenweber |

### GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO RESET SENTENCING DATES

The UNITED STATES OF AMERICA, by and through its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully submits this response in opposition to defendants' request to double the sentencing briefing and continue the sentencing dates. R. 332.

The defendants were convicted in this case on May 2, 2023—more than six months ago. The current schedule, set forth below, requires the defendants to file their sentencing memoranda before the due date of the presentence investigation reports:

| Defendant | PSR Due | Defs.' Sent. Memo. Due | Gov. Sent. Memo. Due | Sent. Hearing |
|---|---|---|---|---|
| McClain | 12/7/23 | 12/4/23 | 12/18/23 | 1/11/24 |
| Pramaggiore | 12/12/23 | 12/5/23 | 12/19/23 | 1/16/24 |
| Hooker | 12/21/23 | 12/6/23 | 12/20/23 | 1/25/24 |
| Doherty | 12/26/23 | 12/7/23 | 12/21/23 | 1/30/24 |

CURRENT SCHEDULE

Therefore, the government proposes the Court adjust the sentencing memoranda deadlines while keeping the current sentencing dates, as set forth in red below:

| GOVERNMENT'S PROPOSED REVISED SCHEDULE | | | | |
|---|---|---|---|---|
| Defendant | PSR Due to Court | Defendant Sentencing Memo Due | Government Sentencing Memo Due | Current Sentencing Hearing |
| McClain | 12/05/23 | 12/19/23 | 12/29/23 | 01/11/24 |
| Pramaggiore | 12/8/23 | 12/22/23 | 01/02/24 | 01/16/24 |
| Hooker | 12/19/23 | 01/09/24 | 01/16/24 | 01/25/24 |
| Doherty | 12/23/23 | 01/12/24 | 01/19/24 | 01/30/24 |

Defendants instead propose a schedule that would double the amount of sentencing briefing and delay the sentencings by an additional month. R. 332.

| DEFENDANTS' PROPOSED REVISED SCHEDULE | | | | |
|---|---|---|---|---|
| Defendant | PSR Due (same as current) | Simult. Memo. Submission | Simult. Memo. Response | Sent. Hearing |
| McClain | 12/7/23 | 1/15/24 | 1/29/24 | 2/8/24 |
| Pramaggiore | 12/12/23 | 1/15/24 | 1/29/24 | 2/13/24 |
| Hooker | 12/21/23 | 1/15/24 | 1/29/24 | 2/22/24 |
| Doherty | 12/26/23 | 1/15/24 | 1/29/24 | 2/27/24 |

First, the government objects to the defendants' proposal to double the sentencing briefing in this case. The Court's original sentencing order directed each party to submit *one* sentencing brief. Defendants' proposed proliferation of sentencing briefing is unnecessary and will result in repetitive and redundant filings, as well as a waste of the Court's time.

Second, there is no good reason to further delay sentencing. Defendants do not need additional time to prepare for sentencing. The trial concluded more than six months ago. The Government's Version of the Offense, which sets forth the government's

2

position with regard to the advisory Sentencing Guidelines, was submitted on June 22, 2023. Both defendant Pramaggiore and Hooker submitted their own versions of the offense, which were 26 and 29 pages, respectively (defendants McClain and Doherty, to the government's knowledge, opted not to submit versions of the offense). Defendants have thus been well aware of the issues in dispute for months, and the current sentencing dates are still two months away. Defendants are well aware of the government's advisory Guidelines calculations; they have all of the information they need to prepare their sentencing memoranda before the presentence investigation reports are submitted and can finalize these filings in the two weeks after the presentence investigation reports are submitted, as the government has proposed.

The government and the public has a strong interest in finality and bringing this criminal case to a close. Granting unnecessary requests for delay like this one contribute to a general sense that the wheels of justice do not move swiftly enough. Indeed, the Northern District of Illinois ranks almost dead last in the entire country in terms of the time it takes to resolve federal criminal cases; this district is in 92nd place out of 94 United States district courts when it comes to the median time from criminal felony case filing to disposition.[1] This case in particular was indicted in 2020, and the defendants were convicted on May 2, 2023; it should not take an additional nine to ten months (as the defendants would have it) for them to be sentenced. This Court should therefore reject defense efforts to interpose further delay in this case.

---

[1] United States Courts, "Federal Court Management Statistics—Profiles," p.47, available at www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf (last visited Nov. 6, 2023).

WHEREFORE, the government respectfully requests that the Court enter an order (i) adjusting the due dates of the parties' sentencing memoranda as recommended by the government (see red highlighted dates above); (ii) denying the defendants' request for double briefing; (iii) denying the defendants' request to move the sentencing dates; and (iv) granting the government such other and further relief as is just and proper.

        Respectfully submitted.

        MORRIS PASQUAL
        Acting United States Attorney

By:   /s/ *Amarjeet S. Bhachu*
        AMARJEET S. BHACHU
        Assistant United States Attorney
        219 South Dearborn Street
        Fifth Floor
        Chicago, Illinois 60604
        (312) 353-5300