UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 20 CR 812 |
| | ) | |
| MICHAEL McCLAIN, et al. | ) | Honorable Harry D. Leinenweber |
| | ) | |

## **DEFENDANTS' JOINT MOTION TO STAY ALL PROCEEDINGS**

From the outset of this case, the Government and Defendants have repeatedly clashed over two critical questions: *first*, whether the central statute in this case—18 U.S.C. § 666—criminalizes only bribery (as Defendants contend) or also reaches gratuities (as the Government contends and the Seventh Circuit has held); and *second*, whether a conviction for *bribery* under this statute requires a *quid pro quo* (Defendants contend it does; the Government contends this position is frivolous). Yesterday, the Supreme Court agreed to hear a case arising out of the Seventh Circuit that squarely and precisely addresses the first of these critical questions: "Whether section 666 criminalizes gratuities, *i.e.*, payments in recognition of actions the official has already taken or committed to take, without any *quid pro quo* agreement to take those actions." *James E. Snyder v. U.S.*, Case No. 23-108, Pet'n for Certiorari at I (Aug. 1, 2023) (Petition attached as Ex. A, order granting certiorari attached as Ex. B). And its decision is very likely to impact the second question as well. The Supreme Court's decision is expected to issue by June 2024.

The Court's decision in *Snyder* has the potential to upend this case in at least two ways. First, the Court may well rule that 18 U.S.C. § 666 criminalizes only bribery, not gratuities, as the First and Fifth Circuits have done. *See United States v. Hamilton*, 46 F.4th 389, 399 (5th Cir. 2022); *United States v. Fernandez*, 722 F.3d 1, 26–27 (1st Cir. 2013). Second, even if the Court

finds that the statute reaches gratuities, it may confirm that a *quid pro quo* is required to prove bribery. Indeed, this result is likely, as both the petitioner and the Solicitor General in *Snyder* agree with that proposition.[1] (*See* Dkt. 342 (describing the inconsistency between the Government's position in this case and the Solicitor General's brief in *Snyder*).) *See also United States v. Snyder*, 71 F.4th 555, 579 (7th Cir. 2023) ("A bribe requires a *quid pro quo*—an agreement to exchange this for that, to exchange money or something else of value for influence *in the future*.").

Either result would be fatal to the verdict in this case. If the Court finds that the statute does not include gratuities and criminalizes only *quid pro quo* bribery, then Defendants are entitled to acquittal because the Government failed to allege or prove a *quid pro quo*, or at a minimum, a new trial because the jury could have found the Defendants guilty based on provision of legal gratuities. If the Supreme Court holds that the statute reaches gratuities but that bribery under the statute requires a *quid pro quo* (as the Seventh Circuit itself held in *Snyder*), acquittal is required because the Government offered no allegation or proof of a *quid pro quo* or proof that anything done by ComEd was intended to reward Speaker Madigan for anything he had done. Moreover, the jury instructions given in this case directed the jury that they could convict on the basis of a gratuity theory and did not direct them that they needed to find a *quid pro quo* to convict Defendant of bribery, so a new trial (at a minimum) will be required if the Supreme Court rules contrary to these directions. Without proof of an underlying offense under 18 U.S.C. § 666, there could be no criminal conspiracy or reason to falsify documents. The Supreme Court's decision in *Snyder* is certain to impact this case, and it has a substantial chance of requiring dismissal of the charges, acquittal, or, at a minimum, a new trial.

---

[1] The Solicitor General's position in *Snyder* contradicts the Government's position in this case that it is frivolous to contend that bribery requires a *quid pro quo*. (Dkt. 342)

This Court should stay all proceedings in this matter, including any decision on the pending post-trial motions and any sentencing proceedings, until the Supreme Court issues its ruling in *Snyder*. Such a stay would serve judicial economy by avoiding proceedings that may need to be redone following the Supreme Court's decision. A stay would also be the just result under the unusual circumstances of this case. In approximately six months, the Supreme Court will rule definitively on the question of whether the Government or the Defendants were correct from the start of this case about what conduct is criminal, and thus whether their convictions are valid. If Defendants' long-expressed and strenuously argued-for position becomes the law of the land, then the Government will have done a terrible injustice to them by prosecuting them for conduct *that is not criminal*, irreparably and forever damaging their lives, careers, reputations, and relationships. Rather than adding to that damage prematurely, the Court should stay the case for a short time to allow the Supreme Court to decide whether what Defendants are charged with doing is a crime at all.

## LEGAL STANDARD

The Supreme Court has recognized "the power inherent in every court to control the disposition of the causes on its docket," which includes a "power to stay proceedings." *Landis v. North Amer. Co.*, 299 U.S. 248, 254 (1936). Exercising this power requires considering the "economy of time and effort for [the court], for counsel, and for litigants" and balancing the relative benefits and hardships resulting from a stay. *See id.* at 254, 259. Federal courts routinely stay proceedings or hold them in abeyance while the Supreme Court addresses an issue central to the case. *See Chowdhury v. Worldtel Bangladesh Holding, Ltd.*, 746 F.3d 42, 47–48 (2d Cir. 2014) (holding resolution of appeal in abeyance pending the Supreme Court's ruling on another case involving the same statute); *Golinski v. U.S. Off. of Pers. Mgmt.*, 724 F.3d 1048, 1050 (9th Cir.

2013) (holding resolution of appeal in abeyance pending a Supreme Court decision about a central issue to the case and later dismissing the consolidated appeals in light of the Supreme Court's ruling); *United States v. Garcia-Gomez*, 2019 WL 331279 (N.D. Cal. Jan. 25, 2019) (staying resolution of a habeas petition pending resolution of a question of law by the Supreme Court and Ninth Circuit). District courts demonstrate "prudence, judicial restraint, and respect for the role of a district court that must scrupulously adhere to the instructions of appellate authorities" by staying proceedings when the Supreme Court is "poised to act" and potentially change the legal landscape underpinning a case. *Benisek v. Lamone*, 266 F. Supp. 3d 799, 808 (D. Md. 2017).

## **ARGUMENT**

It is in the interest of judicial economy to stay all proceedings before this Court while the United States Supreme Court decides whether 18 U.S.C. § 666 criminalizes gratuities at all and whether, consistent with the Seventh Circuit's statement in *Snyder*, bribery requires a *quid pro quo*. Either of these findings would necessarily require Defendants' convictions to be overturned for numerous reasons, including because the jury was instructed that they could convict on a gratuity theory and not instructed that proof of a *quid pro quo* was required to convict on a bribery theory. Moving forward with the post-trial motions and sentencing before the Supreme Court issues the last word on this question risks wasting significant judicial resources. It would require this Court to review hundreds of pages of post-trial briefing and additional sentencing submissions that could all become moot. Staying proceedings would also conserve the parties' resources in preparing sentencing submissions and preparing for sentencing hearings, all of which will occur before the Supreme Court will rule in *Snyder* under this Court's current schedule.

The balance of relative hardships and benefits between the parties here weighs heavily in favor of granting a stay. Defendants will be severely harmed if they are forced to expend resources

to prepare for sentencing and go through sentencing proceedings for conduct that the Supreme Court may find was not a crime at all. The prejudice to Defendant McClain is particularly acute—if he is sentenced as scheduled on January 11, that will likely generate a wave of negative and prejudicial press that may taint the jury for his subsequent trial, which is scheduled to begin just weeks later. The Government, by contrast, will suffer no hardship if a stay is imposed. Proceeding to sentencing and judgment while a dispositive Supreme Court case remains under active consideration would do nothing to serve any interest in finality, as the Supreme Court's decision is likely to require revisiting any decisions this Court makes. And there can be no public interest in punishing people who have engaged in conduct that is *not a crime*, which is a result that may well occur if proceedings in this case continue in advance of the Supreme Court's decision.

\*       \*       \*

For the foregoing reasons, Defendants respectfully request a stay of all proceedings in this matter, including resolution of the pending post-trial motions and any sentencing proceedings, until the Supreme Court issues its decision in *Snyder*.

DATED: December 14, 2023                    Respectfully submitted,


/s/ *Patrick J. Cotter*                     /s/ *Scott R. Lassar*
Patrick J. Cotter                           Scott R. Lassar
GREENSFELDER, HEMKER & GALE, P.C.           Daniel C. Craig
200 West Madison Street, Suite 3300         Jennifer M. Wheeler
Chicago, IL 60606                           Emily R. Woodring
Telephone: (312) 345-5088                   Joan E. Jacobson
pcotter@greensfelder.com                    SIDLEY AUSTIN LLP
                                            One South Dearborn
David P. Niemeier                           Chicago, IL 60603
GREENSFELDER, HEMKER & GALE, P.C.           Telephone: (312) 853-7000
10 South Broadway, Suite 2000              Facsimile: (312) 853-7036
St. Louis, MO 63102                         slassar@sidley.com
Telephone: (314) 241-9090                   dcraig@sidley.com
dpn@greensfelder.com                        jwheeler@sidley.com
                                            ewoodring@sidley.com
*Attorneys for Defendant Michael McClain*   joan.jacobson@sidley.com

                                            *Attorneys for Defendant Anne Pramaggiore*


/s/ *Jacqueline S. Jacobson*                /s/ *Michael P. Gillespie*
Michael D. Monico                           Michael P. Gillespie
Barry A. Spevack                            GILLESPIE AND GILLESPIE
Jacqueline S. Jacobson                      53 West Jackson Blvd., Suite 1062
MONICO & SPEVACK                            Chicago, IL 60604
53 West Jackson Blvd., Suite 1315           Telephone: (312) 588-1281
Chicago, IL 60604                           michael@gillespieandgillespielaw.com
Telephone: (312) 782-8500
mm@monicolaw.com                            *Attorney for Defendant Jay Doherty*
bspevack@monicolaw.com
jjacobson@monicolaw.com

Susan M. Pavlow
LAW OFFICES OF SUSAN M. PAVLOW
53 West Jackson Boulevard
Suite 1215
Chicago, IL 60604
Telephone: (312) 322-0094

*Attorneys for Defendant John Hooker*